EFCOA.ELC

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :   Chapter 13
    Lyndel Toppin
    Debtor                                       :

    Lyndel Toppin                                :Bankruptcy No. 18-13098-MDC
    Plaintiff
                            :Adversary No. 18-00137-MDC
    Jewell Williams
    Sheriff of the City of Philadelphia;
    Abdeldayem Hassan
    aka Abdeldyem Hassan                         :Civil No. 21-5144
    Defendants

## CERTIFICATE OF APPEAL FROM ORDER OF
## THE BANKRUPTCY JUDGE DATED  NOVEMBER 8, 2021
## ENTERED ON THE DOCKET NOVEMBER 9, 2021

        I, Timothy B. McGrath, Clerk of the U.S. Bankruptcy Court, Eastern District of Pennsylvania, herewith electronically transmit the record on appeal filed  November 18, 2021 and certify that the above proceeding was properly before the Honorable Chief Judge Magdeline D. Coleman, Bankruptcy Judge.

        For the Court

        Timothy B. McGrath
        Clerk

        By: Virginia S. DeBuvitz
        Deputy Clerk

**Counsel of Record**

Stephen Matthew Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
Counsel for Plaintiff/Appellant

PREDRAG FILIPOVIC
I Fight 4 Justice
1735 Market Street
Ste. 3750
Philadelphia, PA 19103
Counsel for Plaintiff/Appellant

MEGHAN ANNETTE BYRNES
City of Philadelphia
1515 Arch Street
Ste 17-151
Philadelphia, PA 19102
Counsel for Defendant
Jewell Williams

JOSHUA DOMER
City of Philadelphia Law Department
1401 JFK Blvd
5th Floor
Philadelphia, PA 19102
Counsel for Defendant
Jewell Williams

MEGAN N. HARPER
City of Philadelphia - Law/Revenue Dept.
1401 JFK Blvd.
Room 580
Philadelphia, PA 19102
Counsel for Defendant
Jewell Williams

DAVID M. OFFEN
The Curtis Center
601 Walnut Street
Suite 160 West
Philadelphia, PA 19106
Counsel for Defendant
Abdeldayem Hassan
aka Abdeldyem Hassan

DAVE P. ADAMS, ESQ.
United States Trustee
200 Chestnut Street
Suite 502
Philadelphia PA   19106

KENNETH E. WEST, ESQ.
Chapter 13 Standing Trustee
1234 Market Street
Suite 1813
Philadelphia, PA  19107

& PREDRAG FILIPOVIC, ESQ.
1635 Market Street, Suite 1600
Philadelphia, PA  19103
Attorney for Plaintiff/Appellant

**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Adversary Proceeding #: 18−00137−mdc

*Assigned to:* Chief Judge Magdeline D. Coleman            *Date Filed:* 06/11/18
*Lead BK Case:* 18−13098
*Lead BK Title:* Lyndel Toppin
*Lead BK Chapter:* 13
*Demand:*
  *Nature[s] of Suit:*  91 Declaratory judgment
                72 Injunctive relief −
                    other

*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−−−−

**Lyndel Toppin**                    represented by **STEPHEN MATTHEW DUNNE**
146 S. 62nd Street                   Dunne Law Offices, P.C.
Philadelphia, PA 19145               1515 Market Street
SSN / ITIN: xxx−xx−2550              Suite 1200
                                     Philadelphia, PA 19102
                                     U.S.A.
                                     215−551−7109
                                     Fax : 215−525−9721
                                     Email: bestcasestephen@gmail.com

                                     **PREDRAG FILIPOVIC**
                                     I Fight 4 Justice
                                     1735 Market Street
                                     Ste. 3750
                                     Philadelphia, PA 19103
                                     267 265 0520
                                     Email: pfesq@ifight4justice.com
                                     *TERMINATED: 06/18/2019*

                                     **MEGAN N. HARPER**
                                     City of Philadelphia − Law/Revenue Dept.
                                     1401 JFK Blvd.
                                     Room 580
                                     Philadelphia, PA 19102
                                     215 686 0503
                                     Email: megan.harper@phila.gov
                                     *TERMINATED: 02/14/2019*

                                     **DAVID M. OFFEN**
                                     The Curtis Center
                                     601 Walnut Street
                                     Suite 160 West
                                     Philadelphia, PA 19106
                                     (215) 625−9600
                                     Email: dmo160west@gmail.com
                                     *TERMINATED: 02/14/2019*

1

V.

*Defendant*
————————————————
**Jewell Williams**                          represented by   **MEGHAN ANNETTE BYRNES**
Sheriff of the City of Philadelphia                            City of Philadelphia
Land Title Building                                            1515 Arch Street
Fifth Floor                                                    Ste 17−151
100 South Broad Street                                         Philadelphia, PA 19102
Philadelphia, PA 19110                                         215−683−5011
                                                               Email: meghan.byrnes@phila.gov

                                                               **JOSHUA DOMER**
                                                               City of Philadelphia Law Department
                                                               1401 JFK Blvd
                                                               5th Floor
                                                               Philadelphia, PA 19102
                                                               215 686 0519
                                                               Email: joshua.domer@phila.gov

                                                               **MEGAN N. HARPER**
                                                               (See above for address)


*Defendant*
————————————————
**Abdeldayem Hassan**                        represented by   **STEPHEN MATTHEW DUNNE**
309 Barker Avenue                                              (See above for address)
Lansdowne, PA 19050                                            *TERMINATED: 02/14/2019*
*aka* **Abdeldyem Hassan**
                                                               **DAVID M. OFFEN**
                                                               (See above for address)

| Filing Date | # |  | Docket Text |
|---|---|---|---|
| 06/11/2018 |  | 1 | Adversary case 18−00137. Complaint by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin against Jewell Williams. Fee Amount $0 . (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N) (91 (Declaratory judgment)),(72 (Injunctive relief − other)) (DUNNE, STEPHEN) (Entered: 06/11/2018) |
| 06/12/2018 |  | 2 | 1 Summons Issued to Plaintiff(s) to be served upon Defendant(s) Jewell Williams Date Issued 6/12/2018, Answer Due 7/12/2018. (D., Virginia) (Entered: 06/12/2018) |
| 06/15/2018 |  | 3 | Amended Complaint by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin against all defendants. (related document(s)1). (Attachments: # 1 Exhibit O # 2 Exhibit P) (DUNNE, STEPHEN) (Entered: 06/15/2018) |
| 06/18/2018 |  | 4 | Alias Summons Issued to Plaintiff(s) to be served upon Defendant(s) Abdeldayem Hassan Date Issued 6/18/2018, Answer Due 7/18/2018. (D., Virginia) (Entered: 06/18/2018) |
| 07/18/2018 |  | 5 | Answer to Complaint Filed by Abdeldayem Hassan. (Attachments: # 1 Verification)(OFFEN, DAVID) (Entered: 07/18/2018) |

| | | | |
|---|---|---|---|
| 07/19/2018 | | 6 | Notice of Appearance and Request for Notice by MEGAN N. HARPER Filed by MEGAN N. HARPER on behalf of Jewell Williams. (HARPER, MEGAN) (Entered: 07/19/2018) |
| 07/19/2018 | | 7 | Answer to Complaint Filed by Jewell Williams. (HARPER, MEGAN) (Entered: 07/19/2018) |
| 07/19/2018 | | 8 | Certificate of Service Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)7). (HARPER, MEGAN) (Entered: 07/19/2018) |
| 08/15/2018 | | 9 | Motion *for Judgment on the Pleadings* Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). (Attachments: # 1 Proposed Order) (HARPER, MEGAN) (Entered: 08/15/2018) |
| 08/15/2018 | | 10 | Memorandum in Support of *Motion for Judgment on the Pleadings* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)9). (HARPER, MEGAN) (Entered: 08/15/2018) |
| 08/15/2018 | | 11 | Notice of (related document(s): 9 Motion *for Judgment on the Pleadings*) Filed by Jewell Williams. Hearing scheduled 9/25/2018 at 10:30 AM at nix2 − Courtroom #2. (Attachments: # 1 Service List)(HARPER, MEGAN) (Entered: 08/15/2018) |
| 08/20/2018 | | 12 | Order entered that the parties shall file simultaneous briefs addressing plaintff's right to jury trial on or before 9/19/2018. Re:Complaint filed by Plaintiff Lyndel Toppin (related document(s)1). (D., Virginia) (Entered: 08/20/2018) |
| 08/22/2018 | | 13 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 12)). No. of Notices: 4. Notice Date 08/22/2018. (Admin.) (Entered: 08/23/2018) |
| 09/06/2018 | | 14 | Motion to Extend time to Time Filed by Abdeldayem Hassan Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order) (DUNNE, STEPHEN) (Entered: 09/06/2018) |
| 09/06/2018 | | 15 | Order entered Granting Motion to Extend Time to respond to defendant's Motion for Judgment on the pleadings (Related Doc # 14). Deadline to respond is 9/19/2018. (D., Virginia) (Entered: 09/06/2018) |
| 09/08/2018 | | 16 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 15)). No. of Notices: 4. Notice Date 09/08/2018. (Admin.) (Entered: 09/09/2018) |
| 09/19/2018 | | 17 | Reply to Generic Motion filed by Defendant Jewell Williams Filed by Lyndel Toppin (related document(s)9). (Attachments: # 1 Proposed Order) (DUNNE, STEPHEN) (Entered: 09/19/2018) |
| 09/19/2018 | | 18 | Memorandum in Opposition to *Plaintiff's Demand for Jury Trial* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)12). (Attachments: # 1 Service List) (HARPER, MEGAN) (Entered: 09/19/2018) |
| 09/20/2018 | | 19 | Motion to Dismiss/Withdraw Document (related document(s): Amended Complaint, Order (Generic), Memorandum in Opposition) *PLAINTIFFS MOTION TO WITHDRAW JURY DEMAND* Filed by Lyndel Toppin |

| | | | |
|---|---|---|---|
| | | | Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)3, 12, 18). (DUNNE, STEPHEN) (Entered: 09/20/2018) |
| 09/20/2018 | | 20 | Memorandum in Support of Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)12). (DUNNE, STEPHEN) (Entered: 09/20/2018) |
| 09/25/2018 | | 21 | Hearing Held on 9 Motion *for Judgment on the Pleadings* Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). (related document(s),9). HELD UNDER ADVISEMENT (G., Eileen) (Entered: 09/25/2018) |
| 09/26/2018 | | 22 | Support Document *regarding supplemental authority − In Re Dencklau, 158 B.R. 796 (Bankr. ND Iowa 1993)* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)9). (Attachments: # 1 Exhibit) (DUNNE, STEPHEN) (Entered: 09/26/2018) |
| 09/26/2018 | | 23 | Motion *FOR LEAVE TO AMEND ADVERSARY COMPLAINT* Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Exhibit A # 2 Proposed Order B) (DUNNE, STEPHEN) (Entered: 09/26/2018) |
| 09/27/2018 | | 24 | Notice of (related document(s): 23 Motion *FOR LEAVE TO AMEND ADVERSARY COMPLAINT*) Filed by Lyndel Toppin. Hearing scheduled 10/23/2018 at 10:30 AM at nix2 − Courtroom #2. (DUNNE, STEPHEN) (Entered: 09/27/2018) |
| 10/10/2018 | | 25 | Objection to Generic Motion filed by Plaintiff Lyndel Toppin *Objection to Motion for Leave to Amend Adversary Complaint* Filed by Jewell Williams (related document(s)23). (Attachments: # 1 Service List) (HARPER, MEGAN) (Entered: 10/10/2018) |
| 10/22/2018 | | 26 | Supplemental Statement Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)23, 25). (DUNNE, STEPHEN) (Entered: 10/22/2018) |
| 10/23/2018 | | 27 | Hearing Held on 23 Motion *FOR LEAVE TO AMEND ADVERSARY COMPLAINT* Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). UNDER ADVISEMENT IS MOOT. Order entered. (D., Virginia) (Entered: 10/23/2018) |
| 10/23/2018 | | 28 | Order entered Granting Motion for Leave to File Second Amended Complaint(Related Doc # 23) . The Plaintiff shall file and serve the Second Amended Complaint substantially in the form attached as exhibit A to the Motion excluding Paragraphs 11 and 13. (D., Virginia) (Entered: 10/23/2018) |
| 10/24/2018 | | 29 | Amended Complaint *Second Amended Complaint* by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin against Abdeldayem Hassan, Jewell Williams. (related document(s)1). (DUNNE, STEPHEN) (Entered: 10/24/2018) |
| 10/24/2018 | | 30 | Exhibit *A thru K* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)29). (Attachments: # 1 Exhibit A # 2 Exhibit B1 # 3 Exhibit B2 # 4 Exhibit B3 # 5 Exhibit B4 # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K) (DUNNE, STEPHEN) (Entered: 10/24/2018) |

4

| | | | |
|---|---|---|---|
| 10/24/2018 | | 31 | Exhibit *L thru Z* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)29). (Attachments: # 1 Exhibit L # 2 Exhibit M # 3 Exhibit N # 4 Exhibit O # 5 Exhibit P # 6 Exhibit Q # 7 Exhibit R # 8 Exhibit S # 9 Exhibit T # 10 Exhibit U # 11 Exhibit V # 12 Exhibit X # 13 Exhibit Y # 14 Exhibit Z) (DUNNE, STEPHEN) (Entered: 10/24/2018) |
| 10/24/2018 | | 32 | Praecipe to Re−Issue Summons Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin. (DUNNE, STEPHEN) (Entered: 10/24/2018) |
| 10/25/2018 | | 33 | 1 Alias Summons Issued to Plaintiff(s) to be served upon Defendant(s) Abdeldayem Hassan Date Issued 10/25/2018, Answer Due 11/24/2018; Jewell Williams Date Issued 10/25/2018, Answer Due 11/24/2018. (D., Virginia) (Entered: 10/25/2018) |
| 10/25/2018 | | 34 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 28)). No. of Notices: 1. Notice Date 10/25/2018. (Admin.) (Entered: 10/26/2018) |
| 10/26/2018 | | 35 | Summons Service Executed on Jewell Williams 10/26/2018 . (DUNNE, STEPHEN) (Entered: 10/26/2018) |
| 10/26/2018 | | 36 | Summons Service Executed on Abdeldayem Hassan 10/26/2018 . (DUNNE, STEPHEN) (Entered: 10/26/2018) |
| 11/21/2018 | | 37 | Answer to Complaint *Answer to Second Amended Complaint* Filed by Jewell Williams. (Attachments: # 1 Service List)(HARPER, MEGAN) (Entered: 11/21/2018) |
| 12/13/2018 | | 38 | Order entered that the plaintiff shall take appropriate action to prosecute this proceeding (e.g. a Motion under Fed. R. Bankr. P. 7055 (a) on or before 12/28/2018. Upon failure to comply with Paragraph 1 of this Order, the claims against Hassan may be dismissed for lack of prosecution without further notice or opportunity for a hearing Re:Complaint filed by Plaintiff Lyndel Toppin (related document(s)1). (D., Virginia) (Entered: 12/13/2018) |
| 12/15/2018 | | 39 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 38)). No. of Notices: 2. Notice Date 12/15/2018. (Admin.) (Entered: 12/16/2018) |
| 12/21/2018 | | 40 | Answer to Complaint Filed by Abdeldayem Hassan. (OFFEN, DAVID) (Entered: 12/21/2018) |
| 12/21/2018 | | 41 | Certificate of Service Filed by DAVID M. OFFEN on behalf of Abdeldayem Hassan (related document(s)40). (OFFEN, DAVID) (Entered: 12/21/2018) |
| 01/03/2019 | | 42 | Pre−Trial Order. Pre−Trial Conference scheduled 7/17/2019 at 11:00 AM at nix2 − Courtroom #2. Joint Pre−Trial Statement due by 6/30/2019. Motions Due by 6/30/2019. All motions to amend the pleadings or for summary judgment shall be filed on or before May 3, 2019. Discovery due by 4/3/2019. Joint Statement due by 1/24/2019. (J., Christina) (Entered: 01/03/2019) |
| 01/05/2019 | | 43 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 42)). No. of Notices: 1. Notice Date 01/05/2019. |

| | | | |
|---|---|---|---|
| | | | (Admin.) (Entered: 01/06/2019) |
| 02/09/2019 | | 44 | Proposed Order Re: *Pretrial Scheduling Order* Filed by MEGAN N. HARPER, DAVID M. OFFEN, STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)42). (DUNNE, STEPHEN) (Entered: 02/09/2019) |
| 02/09/2019 | | 45 | Mediation declined Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin. (DUNNE, STEPHEN) (Entered: 02/09/2019) |
| 02/14/2019 | | 46 | Pre−Trial Scheduling Order. Pre−Trial Hearing scheduled 9/18/2019 at 11:00 AM at nix2 − Courtroom #2. Motions Due by 8/29/2019. Discovery due by 6/2/2019. Joint Statement due by 8/29/2019. (D., Virginia) (Entered: 02/14/2019) |
| 02/16/2019 | | 47 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 46)). No. of Notices: 1. Notice Date 02/16/2019. (Admin.) (Entered: 02/17/2019) |
| 05/24/2019 | | 48 | Motion *for Judgment on the Pleadings* Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Exhibit Opening Brief # 2 Proposed Order Exhibit A # 3 Exhibit Declaration) (DUNNE, STEPHEN) (Entered: 05/24/2019) |
| 05/24/2019 | | 49 | Notice of (related document(s): 48 Motion *for Judgment on the Pleadings*) Filed by Lyndel Toppin. Hearing scheduled 6/18/2019 at 10:30 AM at nix2 − Courtroom #2. (DUNNE, STEPHEN) (Entered: 05/24/2019) |
| 06/12/2019 | | 50 | Objection to Generic Motion filed by Plaintiff Lyndel Toppin Filed by Jewell Williams (related document(s)48). (Attachments: # 1 Exhibit A # 2 Service List) (HARPER, MEGAN) (Entered: 06/12/2019) |
| 06/17/2019 | | 51 | Response to Generic Motion filed by Plaintiff Lyndel Toppin *and Certificate of Service* Filed by Abdeldayem Hassan (related document(s)48). (Attachments: # 1 Proposed Order # 2 Certificate of Service) (OFFEN, DAVID) (Entered: 06/17/2019) |
| 06/18/2019 | | 52 | Notice of Appearance and Request for Notice by STEPHEN MATTHEW DUNNE, PREDRAG FILIPOVIC Filed by STEPHEN MATTHEW DUNNE, PREDRAG FILIPOVIC on behalf of Lyndel Toppin. (FILIPOVIC, PREDRAG) (Entered: 06/18/2019) |
| 06/18/2019 | | 53 | Hearing Held on 48 Motion *for Judgment on the Pleadings* Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (related document(s),48)Scheduling Order to be submitted by 6/25/19. (G., Eileen) (Entered: 06/18/2019) |
| 06/18/2019 | | 54 | Agreed Withdrawal of Appearance of Predrag Filipovic and entry of appearance of Filed by STEPHEN MATTHEW DUNNE, PREDRAG FILIPOVIC on behalf of Lyndel Toppin. (FILIPOVIC, PREDRAG) (Entered: 06/18/2019) |
| 07/16/2019 | | 55 | Proposed Order Re: *Pretrial Scheduling Order* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)46). (DUNNE, STEPHEN) (Entered: 07/16/2019) |
| 07/18/2019 | | 56 | |

| | | | |
|---|---|---|---|
| | | | Pre−Trial Scheduling Order. Pre−Trial Conference scheduled 3/25/2020 at 11:00 AM at nix2 − Courtroom #2. Joint Pre−Trial Statement due by 2/28/2020. Motions to amend the pleadings or for summary judgment due by 12/26/19. Motions in limine. Due by 2/28/2020. Discovery due by 11/26/2019. (J., Randi) (Entered: 07/18/2019) |
| 07/20/2019 | | 57 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 56)). No. of Notices: 2. Notice Date 07/20/2019. (Admin.) (Entered: 07/21/2019) |
| 10/30/2019 | | 58 | Notice of Appearance and Request for Notice by JOSHUA DOMER Filed by JOSHUA DOMER on behalf of Jewell Williams. (DOMER, JOSHUA) (Entered: 10/30/2019) |
| 11/26/2019 | | 59 | Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Service List) (DUNNE, STEPHEN) (Entered: 11/26/2019) |
| 11/26/2019 | | 60 | Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (DUNNE, STEPHEN) (Entered: 11/26/2019) |
| 11/26/2019 | | 61 | Notice of (related document(s): 60 Motion to Compel ) Filed by Lyndel Toppin. Hearing scheduled 1/7/2020 at 10:30 AM at nix2 − Courtroom #2. (DUNNE, STEPHEN) (Entered: 11/26/2019) |
| 11/26/2019 | | 62 | Notice of (related document(s): 59 Motion to Compel ) Filed by Lyndel Toppin. Hearing scheduled 1/7/2020 at 10:30 AM at nix2 − Courtroom #2. (DUNNE, STEPHEN) (Entered: 11/26/2019) |
| 12/03/2019 | | 63 | Emergency Motion to Expedite Hearing (related documents Motion to Compel, Motion to Compel) Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)59, 60). (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E) (DUNNE, STEPHEN) (Entered: 12/03/2019) |
| 12/03/2019 | | 64 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)63). (DUNNE, STEPHEN) (Entered: 12/03/2019) |
| 12/05/2019 | | 65 | Order entered Denying Motion Expedite Hearing (Related Doc # 63) In Re: (63 Motion to Expedite Hearing) . The movant may schedule a hearing on the Motion pursuant to L.B.R. 5070−1 and 9014−3. (D., Virginia) (Entered: 12/05/2019) |
| 12/05/2019 | | 66 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)60). (DUNNE, STEPHEN) (Entered: 12/05/2019) |
| 12/07/2019 | | 67 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 65)). No. of Notices: 4. Notice Date 12/07/2019. (Admin.) (Entered: 12/08/2019) |
| 12/16/2019 | | 68 | Response to Motion to Compel filed by Plaintiff Lyndel Toppin Filed by Jewell Williams (related document(s)59). (Attachments: # 1 Proposed |

| | | | |
|---|---|---|---|
| | | | Order # 2 Certificate of Service) (DOMER, JOSHUA) (Entered: 12/16/2019) |
| 12/16/2019 | | 69 | Response to Motion to Compel filed by Plaintiff Lyndel Toppin Filed by Jewell Williams (related document(s)60). (Attachments: # 1 Exhibit A − Notice of Deposition with Certificate of Service # 2 Exhibit B − May 15 Letter # 3 Proposed Order # 4 Certificate of Service) (DOMER, JOSHUA) (Entered: 12/16/2019) |
| 12/17/2019 | | 70 | Returned Mail, addressed to Lyndel Toppin re: *Order on Motion to Expedite Hearing*, has been returned from the BNC (related document(s)65). (W., Belinda) (Entered: 12/26/2019) |
| 12/26/2019 | | 71 | Motion For Summary Judgment Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). (Attachments: # 1 Proposed Order # 2 Service List) (HARPER, MEGAN) (Entered: 12/26/2019) |
| 12/26/2019 | | 72 | Memorandum in Support of *Motion for Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)71). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N) (HARPER, MEGAN) (Entered: 12/26/2019) |
| 12/30/2019 | | 73 | Notice of (related document(s): 71 Motion For Summary Judgment ) Filed by Jewell Williams. A hearing on the motion is scheduled to be held on February 6, 2020 at 11:00AM in Courtroom #2(Attachments: # 1 Service List)(DOMER, JOSHUA) Modified on 12/30/2019 (D., Virginia). **Inserted the hearing information (Entered: 12/30/2019) |
| 12/30/2019 | | 74 | Hearing Set 71 Motion For Summary Judgment Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). Hearing scheduled 2/6/2020 at 11:00 AM at nix2 − Courtroom #2. (D., Virginia) (Entered: 12/30/2019) |
| 01/07/2020 | | 75 | Hearing Continued on 59 Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel).. Hearing scheduled 1/28/2020 at 10:30 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 01/07/2020) |
| 01/07/2020 | | 76 | Hearing Continued on 60 Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). . Hearing scheduled 1/28/2020 at 10:30 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 01/07/2020) |
| 01/15/2020 | | 77 | Motion For Sanctions Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Exhibit G) (DUNNE, STEPHEN) (Entered: 01/15/2020) |
| 01/15/2020 | | 78 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)77). (DUNNE, STEPHEN) (Entered: 01/15/2020) |
| 01/16/2020 | | 79 | Motion to Expedite Hearing (related documents Motion for Sanctions) Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)77). (Attachments: # 1 Proposed |

| | | | |
|---|---|---|---|
| | | | Order) (DUNNE, STEPHEN) (Entered: 01/16/2020) |
| 01/16/2020 | | 80 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)79). (DUNNE, STEPHEN) (Entered: 01/16/2020) |
| 01/16/2020 | | 81 | Amended Notice of (related document(s): 71 Motion For Summary Judgment ) Filed by Jewell Williams. (Attachments: # 1 Service List)(DOMER, JOSHUA) (Entered: 01/16/2020) |
| 01/16/2020 | | 82 | Order entered Granting Motion Expedite Hearing (Related Doc # 79) . Hearing scheduled 1/28/2020 at 10:30 AM at nix2 − Courtroom #2. (D., Virginia) (Entered: 01/16/2020) |
| 01/16/2020 | | 83 | **INCORRECT MOTION**Joint Motion *to Extend Time to File Response to Defendant's Summary Judgment Motion* Filed by Lyndel Toppin Represented by MEGAN N. HARPER, STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order) (DUNNE, STEPHEN) Modified on 1/17/2020 (J., Randi). (Entered: 01/16/2020) |
| 01/16/2020 | | 84 | Document in re: *Exhibit A* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)83). (DUNNE, STEPHEN) (Entered: 01/16/2020) |
| 01/16/2020 | | 85 | Document in re: *Exhibit B* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)83). (DUNNE, STEPHEN) (Entered: 01/16/2020) |
| 01/16/2020 | | 86 | Document in re: *Pretrial Disclosures* Filed by JOSHUA DOMER on behalf of Jewell Williams. (Attachments: # 1 Service List) (DOMER, JOSHUA) (Entered: 01/16/2020) |
| 01/16/2020 | | 87 | **CORRECT ENTRY**Plaintiff's Consent Motion to extend time to file response to Defendant's Summary Judgment motion Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order) (J., Randi) (Entered: 01/17/2020) |
| 01/17/2020 | | 88 | Document in re: *Pretrial Disclosures* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin. (DUNNE, STEPHEN) (Entered: 01/17/2020) |
| 01/18/2020 | | 89 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 82)). No. of Notices: 4. Notice Date 01/18/2020. (Admin.) (Entered: 01/19/2020) |
| 01/23/2020 | | 90 | Conference Call re: Consent Motion to extend time to file response to Defendant's Summary Judgment motion Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE − Hearing scheduled 1/23/2020 at 03:45 PM at nix2 − Courtroom #2. (G., Eileen) (Entered: 01/23/2020) |
| 01/23/2020 | | 91 | Conference Call Held re: Consent Motion to extend time to file response to Defendant's Summary Judgment motion Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (related document(s)87). Counsel to file amended motion (G., Eileen) (Entered: 01/23/2020) |
| 01/23/2020 | | 92 | |

| | | | |
|---|---|---|---|
| | | | Response to Motion for Sanctions filed by Plaintiff Lyndel Toppin Filed by Jewell Williams (related document(s)77). (Attachments: # 1 Proposed Order # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Exhibit E # 7 Exhibit F # 8 Service List) (DOMER, JOSHUA) (Entered: 01/23/2020) |
| 01/24/2020 | | 93 | Motion to EXTEND time to TO EXTEND TIME TO FILE RESPONSE TO DEFENDANTS SUMMARY JUDGMENT MOTION Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order # 2 Exhibit A) (DUNNE, STEPHEN) (Entered: 01/24/2020) |
| 01/28/2020 | | 94 | Hearing RESCHEDULED 71 Motion For Summary Judgment Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel).. Hearing scheduled 2/18/2020 at 11:30 AM at nix2 − Courtroom #2. (re−scheduled in open court on 1/28/20) (G., Eileen) (Entered: 01/28/2020) |
| 01/28/2020 | | 98 | Hearing Held on 77−Motion for Sanctions. Order entered. (D., Virginia) (Entered: 02/04/2020) |
| 01/28/2020 | | 100 | Hearing Held on 59 Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). Order entered. (D., Virginia) (Entered: 02/04/2020) |
| 01/28/2020 | | 102 | Hearing Held on 60 Motion to Compel Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). Order entered. (D., Virginia) (Entered: 02/04/2020) |
| 01/29/2020 | | 95 | Stipulation By Lyndel Toppin and Between Jewell Williams, Sheriff of the City of Philadelphia . Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)93, 87). (Attachments: # 1 Proposed Order) (DUNNE, STEPHEN) (Entered: 01/29/2020) |
| 01/30/2020 | | 96 | BNC Certificate of Mailing − Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 94)). No. of Notices: 3. Notice Date 01/30/2020. (Admin.) (Entered: 01/31/2020) |
| 01/31/2020 | | 97 | Order. Having reviewed the Stipulation to Extend Time for Plaintiff to File Opposition to Defendant's Motion for Summary Judgment (related document(s)95, 93), and good cause appearing therefor, it is hereby Ordered that the Plaintiff's response to the Motion for Summary Judgment shall be filed and served no later than Wednesday, February 5, 2020. Sheriff's reply brief in support of the Motion for Summary Judgment shall be filed and served no later than Friday, February 14, 2020. (B., John) (Entered: 02/03/2020) |
| 02/03/2020 | | 99 | Order entered Denying Motion For Sanctions (Related Doc # 77) for the reasons stated on the record. (D., Virginia) (Entered: 02/04/2020) |
| 02/03/2020 | | 101 | Order ENTERED Denying Motion To Compel (Related Doc # 59) for the reasons stated on the record. (D., Virginia) (Entered: 02/04/2020) |
| 02/03/2020 | | 103 | Order entered Granting in part, Denying in part Motion To Compel (Related Doc # 60). Defendant, Jewell Williams shall produce 30 (b)(6) witnesses identified by the Plaintiff in connection with the alleged receipt of notice from defendant Abdeldayem Hassan on June 22, 2018.(D., Virginia) (Entered: 02/04/2020) |

| | | | |
|---|---|---|---|
| 02/05/2020 | | [104](#) | Motion *for Clarification of Order* Filed by Jewell Williams Represented by JOSHUA DOMER (Counsel). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (DOMER, JOSHUA) (Entered: 02/05/2020) |
| 02/05/2020 | | [105](#) | Response to Motion for Summary Judgment filed by Defendant Jewell Williams Filed by Lyndel Toppin (related document(s)71). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N # 15 Exhibit O) (DUNNE, STEPHEN) (Entered: 02/05/2020) |
| 02/05/2020 | | [106](#) | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 97)). No. of Notices: 4. Notice Date 02/05/2020. (Admin.) (Entered: 02/06/2020) |
| 02/06/2020 | | [107](#) | Motion to Expedite Hearing (related documents Generic Motion) *Motion for Clarification of Order* Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel) (related document(s)104). (Attachments: # 1 Exhibit A − Motion for Clarification of Order # 2 Exhibit B − Proposed Form of Order # 3 Service List) (HARPER, MEGAN) (Entered: 02/06/2020) |
| 02/06/2020 | | [108](#) | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 99)). No. of Notices: 4. Notice Date 02/06/2020. (Admin.) (Entered: 02/07/2020) |
| 02/06/2020 | | [109](#) | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 101)). No. of Notices: 4. Notice Date 02/06/2020. (Admin.) (Entered: 02/07/2020) |
| 02/06/2020 | | [110](#) | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 103)). No. of Notices: 4. Notice Date 02/06/2020. (Admin.) (Entered: 02/07/2020) |
| 02/11/2020 | | [111](#) | Amended Order Denying Motion To Compel (Related Doc # 60) . The Motion is DENIED. Defendant Jewell Williams complied with his obligations under Federal Rule of Bankruptcy Procedure 7030(b)(6). Notwithstanding the Court's determination in Paragraph 1 above, the Plaintiff's request (the "Request") that Jewell Williams produce for deposition the female employee (the "Employee") of the Philadelphia Sheriff's Office to whom Defendant Abdeldayem Hassan alleges he delivered a notice of the Debtor's bankruptcy on June 22, 2018 is GRANTED. Defendant Jewell Williams shall, within 30 days of the entry of this Order, either (a) Produce the Employee for deposition, or (b) file, under penalty of perjury, a sworn affidavit setting forth the specific measures that were taken in an attempt to identity and produce the Employee and attesting that despite undertaking such measures, Defendant Jewell Williams is unable to identify the Employee responsive to the Request. (D., Virginia) (Entered: 02/12/2020) |
| 02/14/2020 | | [112](#) | Brief *Reply Brief in Support of Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)71). (Attachments: # 1 Exhibit A − Hassan Dep. # 2 Service List) (HARPER, MEGAN) (Entered: 02/14/2020) |
| 02/14/2020 | | [113](#) | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 111)). No. of Notices: 4. Notice Date 02/14/2020. (Admin.) (Entered: 02/15/2020) |

| | | | |
|---|---|---|---|
| 02/19/2020 | | 114 | Hearing Held on 71 Motion For Summary Judgment Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). (related document(s),71). Motion granted in part − Order to be entered (G., Eileen) (Entered: 02/19/2020) |
| 02/20/2020 | | 115 | Order entered Granting in part the Motion For Summary Judgment (Related Doc 71) . Summary Judgment is granted to Williams on the limited issue of punitive damages. The Plaintiff is not entitled to recover punitive damages from Williams. (D., Virginia) **Additional attachment(s) added on 2/26/2020 . Modified on 2/26/2020 see corrective entry entered on 2/26/2020**(D., Virginia). (Entered: 02/20/2020) |
| 02/20/2020 | | 116 | Court's Certificate of Mailing. Number of notices: 1 copy mailed to Predrag Filipovic, Esq.(related document(s)115). (D., Virginia) (Entered: 02/20/2020) |
| 02/20/2020 | | 119 | Corrective entry −attached correct PDF which is a Copy of Order entered Granting in part the Motion For Summary Judgment (Related Doc # 71) . Summary Judgment is granted to Williams on the limited issue of punitive damages. The Plaintiff is not entitled to recover punitive damages from Williams.(related document(s)115). (D., Virginia) Modified on 2/26/2020 (D., Virginia). (Entered: 02/26/2020) |
| 02/22/2020 | | 117 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 115)). No. of Notices: 4. Notice Date 02/22/2020. (Admin.) (Entered: 02/23/2020) |
| 02/25/2020 | | 118 | Mediation declined Filed by MEGAN N. HARPER on behalf of Jewell Williams. (HARPER, MEGAN) (Entered: 02/25/2020) |
| 02/26/2020 | | 120 | Court's Certificate of Mailing. Number of notices: 1 copy mailed to Predrag Filipovic, Esq.(related document(s)115). (D., Virginia) (Entered: 02/26/2020) |
| 02/28/2020 | | 121 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 119)). No. of Notices: 4. Notice Date 02/28/2020. (Admin.) (Entered: 02/29/2020) |
| 03/12/2020 | | 122 | Affidavit Re: *Sheriffs Efforts to Produce Employee Responsive to the Courts Order* Filed by JOSHUA DOMER on behalf of Jewell Williams (related document(s)111). (DOMER, JOSHUA) (Entered: 03/12/2020) |
| 03/25/2020 | | 123 | Pre−Trial Hearing Held on Adversary − Trial to be scheduled for 7/17/20 @ 10:30 a.m (G., Eileen) (Entered: 03/25/2020) |
| 03/25/2020 | | 124 | Trial (related document(s)1) scheduled 7/17/2020 at 10:30 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 03/25/2020) |
| 03/27/2020 | | 125 | BNC Certificate of Mailing − Trial. Number of Notices Mailed: (related document(s) (Related Doc # 124)). No. of Notices: 3. Notice Date 03/27/2020. (Admin.) (Entered: 03/28/2020) |
| 04/06/2020 | | 126 | Supplemental Memorandum in Support of *Motion for Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)71). (Attachments: # 1 Exhibit A # 2 Service List) (HARPER, MEGAN) (Entered: 04/06/2020) |
| 04/06/2020 | | 127 | |

| | | | |
|---|---|---|---|
| | | | Supplemental Memorandum in Opposition to *Motion for Summary Judgment* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)71). (DUNNE, STEPHEN) (Entered: 04/06/2020) |
| 06/30/2020 | | 128 | Order Governing Procedures At Trial Conducted Remotely By Videoconference on July 17,2020 2 10:30 A.M. (J., Christina) (Entered: 06/30/2020) |
| 07/02/2020 | | 129 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 128)). No. of Notices. 4. Notice Date 07/02/2020. (Admin.) (Entered: 07/03/2020) |
| 07/10/2020 | | 130 | **INCORRECT ENTRY**Document in re: *Motion for Continuance of July 17, 2020 Trial Date* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (DUNNE, STEPHEN) Modified on 7/13/2020 (J., Randi). (Entered: 07/10/2020) |
| 07/10/2020 | | 131 | Motion to Expedite Hearing (related documents Document) Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)134). (Attachments: # 1 Proposed Order) (DUNNE, STEPHEN). Related document(s) 134 Motion to Continue Hearing On Motion to Expedite Hearing filed by Plaintiff Lyndel Toppin. **Modified on 7/13/2020−relinked to docket #134** (J., Randi). (Entered: 07/10/2020) |
| 07/10/2020 | | 132 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)131). (DUNNE, STEPHEN) (Entered: 07/10/2020) |
| 07/10/2020 | | 133 | Certificate of Service Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)130). (DUNNE, STEPHEN) (Entered: 07/10/2020) |
| 07/10/2020 | | 134 | **CORRECT ENTRY** Motion to Continue 7/17/20 Trial date On Motion to Expedite Hearing Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)124) . (Attachments: # 1 Exhibit A # 2 Exhibit b # 3 Exhibit c # 4 Exhibit d) (J., Randi). Related document(s) 124 Trial. (Entered: 07/13/2020) |
| 07/13/2020 | | 135 | Hearing Scheduled 131Expedited Motion to Continue 7/17/20 Trial date On Motion to Expedite Hearing Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)124) . (Attachments: # 1 Exhibit A # 2 Exhibit b # 3 Exhibit c # 4 Exhibit d) (J., Randi). Related document(s) 124 Trial. filed by Plaintiff Lyndel Toppin. Hearing scheduled 7/14/2020 at 11:30 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 07/13/2020) |
| 07/14/2020 | | 136 | Hearing Held on 131 Motion to Continue 7/17/20 Trial date On Motion to Expedite Hearing Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)124) .(related document(s),134,131). Motion granted − Scheduling Order to be entered −Trial scheduled for 8/21/20 (G., Eileen) (Entered: 07/14/2020) |
| 07/14/2020 | | 137 | Trial (related document(s)1)re−scheduled for 8/21/20 at 10:30 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 07/14/2020) |

| | | | |
|---|---|---|---|
| 07/15/2020 | | <u>138</u> | BNC Certificate of Mailing − Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # <u>135</u>)). No. of Notices: 3. Notice Date 07/15/2020. (Admin.) (Entered: 07/16/2020) |
| 07/16/2020 | | <u>139</u> | BNC Certificate of Mailing − Trial. Number of Notices Mailed: (related document(s) (Related Doc # <u>137</u>)). No. of Notices: 3. Notice Date 07/16/2020. (Admin.) (Entered: 07/17/2020) |
| 07/29/2020 | | <u>140</u> | Order Governing Procedures at Trial Conducted Remotely by Video Conference . (D., Virginia) (Entered: 07/29/2020) |
| 07/31/2020 | | <u>141</u> | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # <u>140</u>)). No. of Notices: 2. Notice Date 07/31/2020. (Admin.) (Entered: 08/01/2020) |
| 08/06/2020 | | <u>142</u> | Plaintiff's Motion to Dismiss All Claims for Relief Against Defendant Abdeldayem Hassan aka Abdeldyem Hassan (Attachments: # <u>1</u> Exhibit A # <u>2</u> Proposed Order B # <u>3</u> Service List) (DUNNE, STEPHEN) **Modified on 8/7/2020 to add the words "Plaintiff's Motion to Dismiss All Claims for Relief Against Defendant Abdeldayem Hassan aka Abdeldyem Hassan " and remove the words Motion to Dismiss Party Filed by Abdeldayem Hassan to reflect the PDF** (D., Virginia). (Entered: 08/06/2020) |
| 08/10/2020 | | <u>143</u> | Limited Objection to Motion to Dismiss Party filed by Plaintiff Lyndel Toppin, Defendant Abdeldayem Hassan Filed by Jewell Williams (related document(s)<u>142</u>). (Attachments: # <u>1</u> Service List) (HARPER, MEGAN) (Entered: 08/10/2020) |
| 08/11/2020 | | <u>144</u> | Hearing scheduled <u>142</u> Plaintiff's Motion to Dismiss All Claims for Relief Against Defendant Abdeldayem Hassan aka Abdeldyem Hassan (Attachments: # 1 Exhibit A # 2 Proposed Order B # 3 Service List) (DUNNE, STEPHEN) Hearing scheduled 9/8/2020 at 11:00 AM at nix2 − Courtroom #2. (G., Eileen) (Entered: 08/11/2020) |
| 08/13/2020 | | <u>145</u> | BNC Certificate of Mailing − Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # <u>144</u>)). No. of Notices: 2. Notice Date 08/13/2020. (Admin.) (Entered: 08/14/2020) |
| 08/17/2020 | | <u>146</u> | Reply Memorandum of Law in Support of plaintiff's Motion to Dismiss and in Opposition to defendant, City of Philadelphia's Limited Objection filed by Plaintiff Lyndel Toppin, Defendant Abdeldayem Hassan, Objection filed by Defendant Jewell Williams, Hearing (Bk) Set Filed by Lyndel Toppin (related document(s)<u>144</u>, <u>143</u>, <u>142</u>). (Attachments: # <u>1</u> Proposed Order) (DUNNE, STEPHEN) **Modified on 8/17/2020 to add words " Reply Memorandum of Law in Support of plaintiff's Motion to Dismiss and in Opposition to defendant, City of Philadelphia's Limited Objection" and remove the words "Reply to Motion to Dismiss Party" to reflect the PDF**(D., Virginia). Modified on 8/17/2020 (Entered: 08/17/2020) |
| 08/17/2020 | | <u>147</u> | Sheriff of the City of Philadelphia's Remote Witness and Exhibit List in re: Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)<u>140</u>). (HARPER, MEGAN) **Modified on 8/18/2020 to add the words "Sheriff of the City of Philadelphia's Remote Witness and Exhibit List" to reflect the PDF**(D., Virginia). (Entered: 08/17/2020) |
| 08/17/2020 | | <u>148</u> | Plaintiff's Remote Witness List Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)<u>140</u>). (DUNNE, |

| | | | |
|---|---|---|---|
| | | | STEPHEN) Modified on 8/18/2020 (D., Virginia). (Entered: 08/17/2020) |
| 08/19/2020 | | 149 | Motion to Expedite Hearing (related documents Motion to Dismiss Party, Reply) Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)142, 146). (Attachments: # 1 Exhibit # 2 Proposed Order # 3 Service List) (DUNNE, STEPHEN) (Entered: 08/19/2020) |
| 08/19/2020 | | 150 | Order Scheduling Hearing re:149 Motion to Expedite Hearing Motion to Dismiss Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel) (related document(s)142, 146). Hearing scheduled 8/21/2020 at 10:30 AM at Philadelphia Telephone Hearing. (J., Christina) (Entered: 08/19/2020) |
| 08/21/2020 | | 151 | Motion *IN LIMINE TO EXCLUDE TESTIMONY OF ABDELDAYAM HASSAN* Filed by Lyndel Toppin Represented by STEPHEN MATTHEW DUNNE (Counsel). (Attachments: # 1 Proposed Order # 2 Service List) (DUNNE, STEPHEN) (Entered: 08/21/2020) |
| 08/21/2020 | | 152 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 150)). No. of Notices: 3. Notice Date 08/21/2020. (Admin.) (Entered: 08/22/2020) |
| 08/21/2020 | | 153 | Evidentiary Trial Held and Concluded (related document(s),137). Defendents's counsel shall order the Transcript within 30 days weeks; 2 weeks after response to be filed; 2 weeks after Plaintiff shall respond; to be held Under Advisement (G., Eileen) (Entered: 08/24/2020) |
| 08/24/2020 | | 154 | Hearing on Plaintiff's Motion to Dismiss All Claims for Relief Against Defendant Abdeldayem Hassan aka Abdeldyem Hassan (Attachments: # 1 Exhibit A # 2 Proposed Order B # 3 Service List) (DUNNE, STEPHEN) Hassan Cancelled. Reason for Cancellation: hearing held on 8/21/20 (related document(s)142). (G., Eileen) (Entered: 08/24/2020) |
| 09/24/2020 | | 155 | Transcript regarding Hearing Held on 8/21/2020 EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS MOTION TO DISMISS ALL CLAIMS FOR RELIEF AGAINSTDEFENDANT ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN FILED BY LYNDEL TOPPIN REPRESENTED BY STEPHEN MATTHEW DUNNE. Transcribed by Writer's cramp, Inc 268 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For information about how to contact the transcriber, call the Clerk's Office] (related document(s) 153 ). Notice of Intent to Request Redaction Deadline Due By 10/1/2020. Redaction Request Due By 10/15/2020. Redacted Transcript Submission Due By 10/25/2020. Transcript access will be restricted through 12/23/2020. (D., Tasha) (Entered: 09/24/2020) |
| 09/26/2020 | | 156 | BNC Certificate of Mailing − Notice of Filing of Transcript. Number of Notices Mailed: (related document(s) (Related Doc # 155)). No. of Notices: 3. Notice Date 09/26/2020. (Admin.) (Entered: 09/27/2020) |
| 10/08/2020 | | 157 | Motion *for Directed Verdict* Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER (Counsel). (Attachments: # 1 Proposed Order) (HARPER, MEGAN) (Entered: 10/08/2020) |
| 10/08/2020 | | 158 | Memorandum in Support of *Motion for Directed Verdict* Filed by MEGAN N. HARPER on behalf of Sheriff of the City of Philadelphia (related document(s)157). (HARPER, MEGAN) (Entered: 10/08/2020) |

| | | | |
|---|---|---|---|
| 10/08/2020 | | 159 | Notice of (related document(s): 157 Motion *for Directed Verdict*) Filed by Sheriff of the City of Philadelphia. (Attachments: # 1 Service List)(HARPER, MEGAN) (Entered: 10/08/2020) |
| 10/15/2020 | | 160 | Amended Notice of (related document(s): 157 Motion *for Directed Verdict*) Filed by Sheriff of the City of Philadelphia. (Attachments: # 1 Service List)(HARPER, MEGAN).11/10/2020 at 11:00 AM in Courtroom #2 US Bankruptcy Court, 900 Market Street, Philadelphia PA 19107... **Modified on 10/16/2020 to add the hearing date of 11/10/2020 at 11:00 AM in Courtroom #2** to reflect the PDF(D., Virginia). Modified on 10/30/2020 to show correct hearing date of 11−10−2020**(K., Marie). (Entered: 10/15/2020) |
| 10/29/2020 | | 161 | Response to Generic Motion filed by Defendant Sheriff of the City of Philadelphia Filed by Lyndel Toppin (related document(s)157). (DUNNE, STEPHEN) (Entered: 10/29/2020) |
| 11/06/2020 | | 162 | Supplemental Statement *Notice of Supplemental Authority* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)72, 71, 112, 157, 126). (DUNNE, STEPHEN) (Entered: 11/06/2020) |
| 11/10/2020 | | 163 | Hearing Held on Motion for Directed Verdict Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER − HELD UNDER ADVISEMENT (G., Eileen) (Entered: 11/10/2020) |
| 11/08/2021 | | 164 | Order entered Granting in part, Denying in part Summary Judgment Motion (Related Doc # 157) . It is GRANTED with respect to the Debtor's request for damages for emotional distress and DENIED on all other grounds asserted. 3. The Directed Verdict Motion is GRANTED. 3. The Debtor's requested relief for sanctions against the Sheriff's Office pursuant to Section 362 (k) of the Bankruptcy Code is DENIED. (D., Virginia) (Entered: 11/09/2021) |
| 11/08/2021 | | 165 | Memorandum Order Re: 157 . An Order consistent with this Memorandum will be entered. (D., Virginia) (Entered: 11/09/2021) |
| 11/11/2021 | | 166 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 164)). No. of Notices: 3. Notice Date 11/11/2021. (Admin.) (Entered: 11/12/2021) |
| 11/11/2021 | | 167 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 165)). No. of Notices: 3. Notice Date 11/11/2021. (Admin.) (Entered: 11/12/2021) |
| 11/18/2021 | | 168 | Notice of Appeal to District Court. . Fee Amount $298.00 Filed by Lyndel Toppin (related document(s)164, 165. Appellant Designation due by 12/2/2021. Transmission of record on appeal to District Court Due Date:12/16/2021. (Attachments: # 1 Service List # 2 Proposed Order)(DUNNE, STEPHEN) (Entered: 11/18/2021) |
| 11/18/2021 | | | Receipt of Notice of Appeal( 18−00137−mdc) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A23738082. Fee Amount $ 298.00. (re: Doc# 168) (U.S. Treasury) (Entered: 11/18/2021) |
| 11/19/2021 | | 169 | Court's Certificate of Mailing of Notice of Appeal. Number of notices: 10. Sent to Judge Magdeline D. Coleman (via Courtroom Deputy). District Court. Lyndel Toppin mailed through BNC. Stephen Matthew Dunne, |

| | | | |
|---|---|---|---|
| | | | Esq.;Predrag Filipovic, Esq.; Megan N. Harper, Esq.; David M. Offen, Esq. ; Joshua Domer, Esq.; Kenneth E. West, Esq. United States Trustee−mailed electronically (related document(s)168). (D., Virginia) (Entered: 11/19/2021) |
| 11/19/2021 | | 170 | Court's Certificate of Mailing. Number of notices: 1 copy mailed to Lyndel Toppin(related document(s)168). (D., Virginia) (Entered: 11/19/2021) |
| 11/19/2021 | | 171 | Electronic Transmission of Notice of Appeal to District Court (related document(s)168). (D., Virginia) (Entered: 11/19/2021) |
| 11/23/2021 | | 172 | Notice of Docketing Record on Appeal to District Court. Case Number: Civil Action Number 21−5144; re Judge Wendy Beetlestone (related document(s)168−Notice of Appeal). (D., Virginia) (Entered: 11/23/2021) |
| 11/30/2021 | | 173 | Notice of Appearance and Request for Notice by MEGHAN ANNETTE BYRNES Filed by MEGHAN ANNETTE BYRNES on behalf of Sheriff of the City of Philadelphia, Jewell Williams. (BYRNES, MEGHAN) (Entered: 11/30/2021) |
| 12/01/2021 | | 174 | Cross Appeal . Fee Amount $298.00 Filed by Sheriff of the City of Philadelphia, Jewell Williams (related document(s)168). Appellant Designation due by 12/15/2021. Transmission of record on appeal to District Court Due Date:12/29/2021. (BYRNES, MEGHAN) (Entered: 12/01/2021) |
| 12/01/2021 | | | Receipt of Cross Appeal( 18−00137−mdc) [appeal,crssapl] ( 298.00) Filing Fee. Receipt number A23761661. Fee Amount $ 298.00. (re: Doc# 174) (U.S. Treasury) (Entered: 12/01/2021) |
| 12/01/2021 | | | ***DUPLICATE ENTRY*** Receipt of Cross Appeal( 18−00137−mdc) [appeal,crssapl] ( 298.00) Filing Fee. Receipt number A23761661. Fee Amount $ 298.00. (re: Doc174) (U.S. Treasury) Modified on 12/2/2021 (C., Jacqueline). (Entered: 12/01/2021) |
| 12/02/2021 | | 175 | Courts Certificate of Mailing of Cross Appeal to : Judge Magdeline D. Coleman, via Courtroom Deputy. District Court, Stephen M. Dunne, Esq., Predrag Filipovic, Esq., U.S. Trustee, Meghan Brynes, Esq. electronically mailed. Lyndel Toppin, mailed through BNC (related document(s)174). (D., Virginia) (Entered: 12/02/2021) |
| 12/02/2021 | | 176 | Electronic Transmission of Cross Appeal to District Court (related document(s)174). (D., Virginia) (Entered: 12/02/2021) |
| 12/02/2021 | | 177 | Court's cert of mailing to Predag Filipovic, Esq. of cross appeal (related document(s)174). (K., Marie) (Entered: 12/02/2021) |
| 12/02/2021 | | 178 | Transcript Ordered Filed by Lyndel Toppin (related document(s)168). (DUNNE, STEPHEN) (Entered: 12/02/2021) |
| 12/02/2021 | | 179 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Lyndel Toppin. Appellee designation due by 12/16/2021. Transmission of Designation Due by 01/1/2022. (Attachments: # 1 Exhibit Deposition of Barrington Whyte # 2 Exhibit Sheriffs Responses to Requests for Admission # 3 Exhibit Revised Trial Stipulations # 4 Exhibit Plaintiffs Remote Witness List # 5 Exhibit Plaintiffs Exhibit List: P1 to P60 # 6 Exhibit Plaintiff's Bates Stamped Trial Exhibit Binder with |

| | | | |
|---|---|---|---|
| | | | Exhibits labeled P1 through P60 # 7 Exhibit Defendant's Exhibits: D1 to D30 # 8 Exhibit Trial Transcript − 268 Pages)(DUNNE, STEPHEN) (Entered: 12/02/2021) |
| 12/02/2021 | | 182 | Notice of Docketing Record on Cross Appeal to District Court. Civil Action Number 21−5144. Assigned to Judge Wendy Beetlestone. (related document(s)174). (S., Antoinette) (Entered: 12/08/2021) |
| 12/04/2021 | | 180 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 175)). No. of Notices: 1. Notice Date 12/04/2021. (Admin.) (Entered: 12/05/2021) |
| 12/04/2021 | | 181 | BNC Certificate of Mailing − PDF Document. (related document(s) (Related Doc # 177)). No. of Notices: 1. Notice Date 12/04/2021. (Admin.) (Entered: 12/05/2021) |

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:   LYNDEL TOPPIN, | : | Chapter 13 |
| *Debtor.* | : | |
| | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| | : | |
| LYNDEL TOPPIN, | : | |
| *Movant* | : | |
| v. | : | Adv. Proc. No. 18-00137-MDC |
| | : | |
| JEWELL WILLIAMS, SHERIFF | : | |
| OF THE CITY OF PHILADELPHIA and | : | |
| ABDELDAYEM HASSAN a/k/a | : | |
| ABDELDYEM HASSAN, | : | |
| *Respondents* | : | |
| | : | |

DESIGNATION OF RECORD ON APPEAL AND
STATEMENT OF ISSUES TO BE PRESENTED PURSUANT TO FRBP 8009(a)

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a),  Appellant, Lyndel Toppin hereby submits this designation of the record on appeal and statement of issues to be presented in connection with the appeal from the Order of the Bankruptcy Court granting Sheriff's Office Motion for Summary Judgment with respect to the Debtor's request for damages for emotional distress and granting Sheriff's Offices Motion for Directed Verdict (Adv. Docket No. 164), as follows:

**DESIGNATION OF RECORD ON APPEAL**

| Description of Document | Filing Date | Document No. |
|---|---|---|
| Voluntary Petition, Schedules and Statements | 5/8/18 | Bk # 1 |
| BNC Certificate of Mailing - Voluntary Petition | 5/12/18 | Bk # 6 |
| Complaint | 6/11/18 | Bk # 14 |
| Motion to Approve Debtors Motion for Appointment of Next Friend | 7/2/18 | Bk # 15 |
| Order entered Granting Motion to Approve Next Friend. Barrington Whyte shall serve as Next Friend to permit him to testify on behalf of debtor, Lyndel Toppin. | 7/10/18 | Bk # 22 |
| Order entered Granting Application to Employ PREDRAG FILIPOVIC, Esq. as Special Counsel. | 7/26/2019 | Bk # 88 |

| **Description of Document** | **Filing Date** | **Document No.** |
|---|---|---|
| Transcript regarding Hearing Held on 8/21/2020 EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS MOTION TO DISMISS ALL CLAIMS FOR RELIEF AGAINSTDEFENDANT ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN FILED BY LYNDEL TOPPIN REPRESENTED BY STEPHEN MATTHEW DUNNE. Transcribed by Writer's Cramp,Inc. 268 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. | 9/24/2020 | BK # 125 |
| Complaint | 6/11/2018 | Adv Pro # 1 |
| Amended Complaint | 6/15/18 | Adv Pro # 3 |
| Answer | 7/19/18 | Adv Pro # 7 |
| Supplemental Authority | 9/26/2018 | Adv Pro # 22 |
| Second Amended Complaint | 10/24/18 | Adv Pro # 29 |
| Exhibit *A thru K* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 10/24/2018 | Adv Pro # 30 |
| Answer to Second Amended Complaint Filed by Jewell Williams. | 11/21/2018 | Adv Pro # 37 |
| Pre-Trial Order. Pre-Trial Conference scheduled 7/17/2019 at 11:00 AM at nix2 - Courtroom #2. | 1/3/2019 | Adv Pro # 42 |
| Pre-Trial Scheduling Order. Pre-Trial Hearing scheduled 9/18/2019 at 11:00 AM at nix2 - Courtroom #2 | 2/14/2019 | Adv Pro # 46 |
| Pre-Trial Scheduling Order. Pre-Trial Conference scheduled 3/25/2020 at 11:00 AM at nix2 - Courtroom #2 | 7/18/2019 | Adv Pro # 56 |
| Motion For Summary Judgment Filed by Sheriff, Jewell Williams | 12/26/19 | Adv Pro # 71 |
| Memorandum in Support of Motion For Summary Judgment Filed by Sheriff, Jewell Williams | 12/26/19 | Adv Pro # 72 |
| Document in re: *Pretrial Disclosures* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 1/17/2020 | Adv Pro # 88 |
| Response to Motion for Summary Judgment filed by Defendant Jewell Williams Filed by Lyndel Toppin | 2/5/2020 | Adv Pro # 105 |
| Brief *Reply Brief in Support of Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 2/14/2020 | Adv Pro # 112 |

| Description of Document | Filing Date | Document No. |
|---|---|---|
| Affidavit Re: Sheriffs Efforts to Produce Employee Responsive to the Courts Order Filed by JOSHUA DOMER on behalf of Jewell Williams | 3/12/2020 | Adv Pro # 122 |
| Supplemental Memorandum in Support of *Motion for Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 4/6/2020 | Adv Pro # 126 |
| Supplemental Memorandum in Opposition to *Motion for Summary Judgment* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 4/6/2020 | Adv Pro # 127 |
| Order Governing Procedures At Trial Conducted Remotely By Videoconference on July 17,2020 2 10:30 A.M. | 6/30/2018 | Adv Pro # 128 |
| Trial (related document(s)[1])re-scheduled for 8/21/2020 at 10:30 AM at nix2 - Courtroom #2. | 7/14/2020 | Adv Pro # 137 |
| Order Governing Procedures at Trial Conducted Remotely by Video Conference . | 7/29/2020 | Adv Pro # 140 |
| Document in re: *Remote Hearing Witness and Exhibit List* Filed by MEGAN N. HARPER on behalf of Jewell Williams | 8/17/2020 | Adv Pro # 147 |
| Document in re: *Plaintiff's Remote Witness List* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 8/17/2020 | Adv Pro # 148 |
| Evidentiary Trial Held and Concluded | 8/24/2020 | Adv Pro # 153 |
| Transcript regarding Hearing Held on 8/21/2020 EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF PLAINTIFFS MOTION TO DISMISS ALL CLAIMS FOR RELIEF AGAINSTDEFENDANT ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN FILED BY LYNDEL TOPPIN REPRESENTED BY STEPHEN MATTHEW DUNNE. Transcribed by Writer's cramp, Inc 268 pages. The transcript may be viewed at the Bankruptcy Court Clerk's Office. | 9/24/2020 | Adv Pro # 155 |
| Motion *for Directed Verdict* Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER | 10/8/2020 | Adv Pro # 157 |
| Memorandum in Support of *Motion for Directed Verdict* Filed by MEGAN N. HARPER on behalf of Sheriff of the City of Philadelphia | 10/8/2020 | Adv Pro # 158 |

| Description of Document | Filing Date | Document No. |
|---|---|---|
| Memorandum in Support of *Motion for Directed Verdict* Filed by MEGAN N. HARPER on behalf of Sheriff of the City of Philadelphia | 10/8/2020 | Adv Pro # 158 |
| Response to Generic Motion filed by Defendant Sheriff of the City of Philadelphia Filed by Lyndel Toppin | 10/29/2020 | Adv Pro # 161 |
| Supplemental Statement *Notice of Supplemental Authority* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin | 11/6/2020 | Adv Pro # 162 |
| Hearing Held on Motion for Directed Verdict Filed by Sheriff of the City of Philadelphia Represented by MEGAN N. HARPER - HELD UNDER ADVISEMENT | 11/10/2020 | Adv Pro # 163 |
| Order entered Granting in part, Denying in part Summary Judgment Motion (Related Doc # [157]) . It is GRANTED with respect to the Debtor's request for damages for emotional distress and DENIED on all other grounds asserted. 3. The Directed Verdict Motion is GRANTED. 3. The Debtor's requested relief for sanctions against the Sheriff's Office pursuant to Section 362 (k) of the Bankruptcy Code is DENIED. | 11/9/2021 | Adv Pro # 164 |
| Memorandum Order. An Order consistent with this Memorandum will be entered. | 11/9/2021 | Adv Pro # 165 |
| Deposition of Barrington Whyte | 12/12/2019 | See Attached. |
| Sheriff's Responses to Requests for Admission | | See Attached. |
| Revised Trial Stipulations | | See Attached. |
| Plaintiff's Remote Witness List | | See Attached. |
| Plaintiff's Exhibit List: P1 to P60 | | See Attached. |
| Plaintiff's Bates Stamped Trial Exhibit Binder with Exhibits labeled P1 through P60 | | See Attached. |
| Defendant's Exhibits: D1 to D30 | | See Attached. |

## STATEMENT OF ISSUES PRESENTED

1. Whether the bankruptcy court erred in finding that evidence at trial failed to establish any actual damages suffered by Plaintiff as a result of Defendants' violation of the automatic stay provided by 11 U.S.C. § 362(a)?

2.  Whether the bankruptcy court erred in holding that a deaf and mute Plaintiff failed to prove emotional distress damages he suffered as a result of Defendants' violations of the automatic stay provided by 11 U.S.C. § 362(a) when Plaintiff is unable to testify on his own behalf due to his disability, and evidence by caretaker/nephew testifying at length to personal observations of Plaintiff indicated that a reasonable person would suffer significant emotional harm?

3.  Whether the bankruptcy court erred in finding that the evidence of actual damage Plaintiff suffered as a result of Defendant's conduct, produced by Plaintiff in opposition to Defendant's Motion for Summary Judgment, failed to raise a genuine triable issue of fact pursuant to 11 U.S.C. § 362(k)(1)?

4. Whether the bankruptcy court was estopped from finding that there is no triable issue of fact on the issue of actual damages, and granting partial summary judgment in favor of Defendant on that issue, by virtue of its decision to conduct a trial on all issues?

5. Whether the bankruptcy court erred in failing to design court procedures in a manner that excluded Plaintiff, Lyndel Toppin from court's view when he was present during the entire testimony of his next of friend, Barryington Whyte, thereby depriving Plaintiff, Lyndel Toppin from emoting a non-verbal response that impacts Plaintiff's credibility as a witness?


Dated:  December 2, 2021

By: /s/ *Predrag Filipovic*　　　　　　BY: /s/ *Stephen M. Dunne*
**Predrag Filipovic, Esquire**　　　　**Stephen M. Dunne, Esquire**
1635 Market Street, Suite 1600　　　1515 Market Street, Suite 1200
Philadelphia, PA 19103　　　　　　Philadelphia, PA 19102
267-265-0520 Phone　　　　　　　(215) 551-7109 Phone
Attorney for Plaintiff　　　　　　　Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| 146 S. 62nd Street | : | |
| Philadelphia, PA 19139 | : | CHAPTER 13 |
| | : | |
| Debtor. | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| | : | |
| Debtor/Plaintiff | : | |
| v. | : | Adv. Proc. No. 18- |
| | : | |
| Jewell Williams | : | **JURY TRIAL DEMANDED** |
| Sheriff of the City of Philadelphia | : | |
| In his official capacity | : | |
| Land Title Building - Fifth Floor | : | |
| 100 South Broad Street | : | |
| Philadelphia, PA 19110 | : | |
| | : | |
| Defendant. | : | |

### COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY DEFENDANT SHERIFF OF THE CITY OF PHILADELPHIA

**TO THE HONORABLE BANKRUPTCY JUDGE: MAGDELINE D. COLEMAN:**

Mr. Toppin is a debtor in the above-stated bankruptcy and the Plaintiff in this adversary proceeding.  Defendant, Sheriff of the City of Philadelphia was included in Mr. Toppin's bankruptcy and provided copious bankruptcy notice on at least 12 occasions by postal mail; facsimile; and telephone.  Mr. Toppin was and is protected against Defendant's employment of process to recover a claim against the debtor that arose before the commencement of this case due to the power of the automatic stay.  Yet, more than six weeks after it was placed on notice and knowledge of, Mr. Toppin's bankruptcy, Defendant continues to employ process by sending armed

Philadelphia Sheriff's to the debtor's personal residence on three ("3") separate dates - May 18,

2018; May 24, 2018; and May 30, 2018 in order to post humiliating bright red "**Notices to**

**Vacate**," on Mr. Toppin's front door.  And, Defendant continues to employ process by sending

armed Philadelphia Sheriff's to the debtor's personal residence on three ("3") more separate dates

- June 1, 2018; June 5, 2018; and June 7, 2018 in order to post humiliating bright red "**Eviction**

**Notices**" on Mr. Toppin's front door in violation of the automatic stay.

## I.    JURISDICTION AND VENUE

1.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of

Title 28 of the United States Code in that this proceeding arises in and is related to the above-

captioned Chapter 7 case under Title 11 of the United States Code

2.    This Court has both personal and subject matter jurisdiction to hear this case

pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the

United States Code.

3.    This matter is a core proceeding and therefore the Bankruptcy Court has

jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a

non-core proceeding (which is denied by the Plaintiff) then and in that event the Plaintiff consents

to the entry of a final order by the Bankruptcy Judge.

4.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United

States Code.

## II.    PARTIES

5.    The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United

States Code in case number 18-13098-MDC filed before this Court.

6.       Defendant is the Sheriff of the City of Philadelphia and is being sued in that capacity.  Defendant has an office located at Land Title Building - Fifth Floor, 100 South Broad Street, Philadelphia, PA 19110.

### III.    FACTUAL ALLEGATIONS

7.       On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy petition in a matter styled In re: Toppin, E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "A".

8.       It is indisputable that on May 8, 2018 at 6.27 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "B".

9.       It is indisputable that on May 8, 2018 at 6.28 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3971. See Ex. "C".

10.      It is indisputable that on May 9, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

11.      It is indisputable that on May 10, 2018 at 11.28 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "E"

12.      It is indisputable that on May 10, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

13.      It is indisputable that on May 10, 2018 at 11.31 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "F"

14.      It is indisputable that on May 15, 2018 Debtor's Counsel telephoned Defendant at 215-686-3565 on two separate occasions and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

15.      It is indisputable that on May 31, 2018 that the Court served Official Form 309A - Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline on the Philadelphia Sheriff's

Office at its preferred mailing address.  See Ex. "G".

16.    It is indisputable that on June 5, 2018 Debtor's Counsel telephoned Defendant at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing.

17.    It is indisputable that on June 7, 2018 at 4.18 PM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Defendant via facsimile at 215-686-3555. See Ex. "H"

18.    It is indisputable that on June 7, 2018 Debtor's Counsel telephoned Defendant at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D"

19.    Despite ample notice of the underlying bankruptcy, Defendant continues to violate

the statutory injunction imposed by 11 U.S.C. § 362 on at least six ("6") separate occasions. See

Ex. I, J, K, L, M, and N.

20.    There is a governmental interest in preventing the unique harm that occurs in

regard to violations of the Bankruptcy Code.

21.    The Bankruptcy Code and the notices to Defendant, as stated above, place

Defendant on fair notice of the damages that may be imposed due to the violation of its orders and

injunctions, including the imposition of punitive damages.

22.    The degree of reprehensibility of the collection practices and actions is high for the

reasons that (1) the financial vulnerability of the target, Mr. Toppin, is evident by his bankruptcy

filing, and (2) the harm is more than economic in nature. Core bankruptcy rights of Mr. Toppin

have been violated.

23.    Mr. Toppin's breathing spell has been thwarted. Should the collection practices and

actions of Defendant continue and/or succeed, the fresh start promised Mr. Toppin will be

imperiled.

24.    The injury to Mr. Toppin, in terms of describing and understanding the full

consequences of violating the core bankruptcy rights of Mr. Toppin, is hard to detect.

25.     The full monetary value of non-economic harm associated with the collection

practices and actions of Defendant is difficult to determine.

26.     The resources necessary to police the conduct of Defendant and to prevent the

unique harm that has occurred post-petition are lacking on the part of Mr. Toppin.

27.     The above-stated collection practices or actions of Defendant have resulted and are

resulting in a substantial amount of undue frustration, anxiety and mental anguish or distress on

the part of Mr. Toppin, which is more than fleeting and inconsequential. The harm stated is

substantiated by the facts of this Complaint alone. Although not limited to the list below, the

distress has manifested itself as follows:

A.  Violation of the core bankruptcy rights and Constitutional rights.

B.  Headaches.

C.  Loss of sleep.

D.  Anxiety.

E.  Shock of conscience.

F.  Impaired enjoyment of life.

G.  A sense of dread.

H.  A sense of failure.

I.  A lack or diminution of self-worth.

J.  A significant amount of stress.

K.  Harassment.

L.  Distraction.

M. A sense of embarrassment and discomfort that is greater than the general level of

embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## IV.    WILLFUL VIOLATION OF THE AUTOMATIC STAY

28.    The filing of the bankruptcy case of Mr. Toppin constitutes, and constituted, an order for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or conduct of Defendant violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/or (6), for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

29.    As stated and demonstrated in the Facts, above:

a.    The eligibility of Mr. Toppin to be a debtor in bankruptcy is not in question.

b.    His bankruptcy case is pending and his plan was submitted to the Court.

c.    The automatic stay took effect immediately upon his file date and has neither been terminated nor modified to permit the actions and conduct of Defendant as complained herein.

d.    The violations are willful for the reasons that (1) Defendant had notice and/ or knowledge of Mr. Toppin's bankruptcy, and (2) the actions or conduct as stated were, or are, intentional, whether or not there was, or is, a specific intent to violate the automatic stay, or whether or not Defendant had a good faith belief that it had a right to undertake the actions or conduct it has actually undertaken.

e.    Mr. Toppin suffered injury in fact as a result of the actions and conduct stated for his core bankruptcy rights have been willfully violated.

## V.    ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

30.    Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and rules resulting from Mr. Toppin's bankruptcy, including, but not limited to:

a.    Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.    Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

c.    Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

## VI.    DAMAGES

31.    Pursuant to 11 U.S.C. § 362(k)(1) and/or § 105 the causes of action stated above mandate the imposition of actual damages, and the consideration of punitive damages, including:

a.    **Personal Actual Damages**: Actual damages to cover the value of any loss, any out-of-pocket expenses or cost incurred, including the value of the personal time of Mr. Toppin in having to deal with the conduct and actions of Defendant, and in having to participate in this adversary proceeding.

b.    **Attorneys' Fees And Expenses As Actual Damages**: It was necessary to employ Stephen M. Dunne and his law firm, Dunne Law Offices, P.C., to represent Mr. Toppin in advising, preparing and participating in this adversary proceeding.

c. **Emotional Injuries As Actual Damages**: The actual manifestations suffered by Mr. Toppin are detailed above for which the Court should consider to determine the proper amount of actual damages to compensate for his emotional injuries.

d. **Punitive Damages**: Punitive damages should be awarded to Mr. Toppin for the reasons that:

    i. **Appropriateness Per The U.S. Supreme Court Standard**: Per the Supreme Court of the United States, an award of punitive damages is appropriate for the reasons that: (1) Defendant has received fair notice of the possibility of an award of punitive damages; (2) as evidenced by his bankruptcy, the financial vulnerability of Mr. Toppin is evident; (3) the harm or injury inflicted on Mr. Toppin is more than  economic in nature; (4) if the conduct or actions of Defendant are allowed to succeed, it would further imperil the fresh start of Mr. Toppin; (5) the injury in this case is hard to detect; and/or (6) the monetary value of non-economic harm is difficult to determine.

    ii. **Appropriateness Per The 3rd Circuit Standard** : The 3rd Circuit Court of Appeals has stated that an egregious conduct standard is at least appropriate for an award of punitive damages. The Court defines egregious as conduct which was "reckless" or "callous" indifference to the federally protected rights of others. The conduct and action of Defendant, as highlighted in the Facts, is at least reckless in light of its knowledge of Mr. Toppin's

bankruptcy. Any serious contest of this adversary proceeding
by Defendant should be considered callous.

e.   **Prejudgment Interest** : Any award of damages should contain an award of
prejudgment interest.

f.   **Post Judgment Interest** : Any judgment issued by this Court should allow for the
accrual of interest for any unpaid balance at the rate for federal judgments, as based
on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Toppin that the Court
will:

1.   Find that Defendant violated one or more of the automatic stay provisions in the
underlying bankruptcy;

2.   Find that the violations of the automatic stay by Defendant were or are willful and/
or intentional;

3.   Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or
Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant,
the issuance of any declaratory judgment, and/or the issuance of any injunction;

4.   Sanction or award against Defendant all actual damages for all financial and non-
financial harm or injury incurred by Mr. Toppin;

5.   Sanction or award against Defendant and to Mr. Toppin, and for the benefit of
Stephen M. Dunne, all of the attorneys' fees, costs and expenses incurred with Stephen M. Dunne,
and the Dunne Law Offices, P.C., in representing Mr. Toppin in these matters;

6.   Sanction or award against Defendant and to Mr. Toppin emotional distress
damages;

7. Sanction or award against Defendant and to Mr. Toppin punitive damages;

8. Award prejudgment interest;

9. Award post judgment interest; and Grant any and all other relief in equity or in law

to which Mr. Toppin may be entitled.


## V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. <u>Fed. R. Bankr. P. 9015(b)</u>.

    Respectfully submitted:


Dated:<u> June 11, 2018  </u>    BY: <u>*/s/ Stephen M. Dunne*</u>
        **Stephen M. Dunne, Esquire**
        1515 Market Street, Suite. 1200
        Philadelphia, PA 19102
        (215) 551-7109 Phone
        Fax: (215) 525-9721
        Email: <u>stephen@dunnelawoffices.com</u>

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.

**Lyndel Toppin**
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550



The case was filed by the debtor's attorney:

**STEPHEN MATTHEW DUNNE**
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**



**Stephen Dunne <stephen@dunnelawoffices.com>**

---

## Successful transmission to 12156863555. Re: Notice of Bankruptcy Case Filing - Book/Writ1707-5002

1 message

---

**NoReply@myfax.com** <NoReply@myfax.com>      Tue, May 8, 2018 at 6:27 PM
To: stephen@dunnelawoffices.com

The fax you sent through MyFax to 12156863555 was successfully transmitted.



Hi Stephen,      **Re: Notice of Bankruptcy Case Filing - Book/Writ1707-5002**

The fax you sent through MyFax to 12156863555 was successfully transmitted.

| **Fax Details** | |
| --- | --- |
| **Date:** | 2018-05-08 22:27:38 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 114 seconds |
| **Receiving Machine Fax ID:** | 111 |

If you have any questions, please call (866) 563-9212 or visit our online help center at www.myfax.com/support. Thank you for using the MyFax service.

Sincerely,
The MyFax Team

---

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.



**Stephen Dunne <stephen@dunnelawoffices.com>**

## Successful transmission to 12156863971. Re: Notice of Bankruptcy Case Filing - Book/Writ1707-5002
1 message

**NoReply@myfax.com** <NoReply@myfax.com>
To: stephen@dunnelawoffices.com

Tue, May 8, 2018 at 6:28 PM

The fax you sent through MyFax to 12156863971 was successfully transmitted.



Hi Stephen,                **Re: Notice of Bankruptcy Case Filing - Book/Writ1707-5002**

The fax you sent through MyFax to 12156863971 was successfully transmitted.

**Fax Details**

| | |
|---|---|
| **Date:** | 2018-05-08 22:28:02 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 114 seconds |
| **Receiving Machine Fax ID:** | Sheriff-Real Estate |

If you have any questions, please call (866) 563-9212 or visit our online help center at
www.myfax.com/support. Thank you for using the MyFax service.

Sincerely,
The MyFax Team

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.

Case 18-00137-mdc   Doc 1-4   Filed 06/11/18   Entered 06/11/18 18:09:52   Desc
Exhibit D   Page 1 of 1

CallLog_20180611-200801

| Type | Direction | From | To | Extension | Forwarded To | Name | Date | Time | Action | Action Result | Result Description | Duration | Included | Purchased |
|------|-----------|------|-----|-----------|--------------|------|------|------|--------|---------------|--------------------|----------|----------|-----------|
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Thu 06/07/2018 | 4:06 PM | VoIP Call | Call connected | | 0:00:37 | 0 | - |
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Tue 05/15/2018 | 11:31 AM | VoIP Call | Call connected | | 0:00:14 | 0 | - |
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Tue 05/15/2018 | 11:27 AM | VoIP Call | Call connected | | 0:01:05 | 0 | - |
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Thu 05/10/2018 | 11:15 AM | VoIP Call | Call connected | | 0:13:24 | 0 | - |
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Wed 05/09/2018 | 12:12 PM | VoIP Call | Call connected | | 0:01:02 | 0 | - |
| Voice | Outgoing | Softphone | (215) 686-3565 | 101 - Stephen Dunne | | | Mon 05/07/2018 | 2:59 PM | VoIP Call | Call connected | | 0:02:19 | 0 | - |



**Stephen Dunne <stephen@dunnelawoffices.com>**

---

## Successful transmission to 12156863555. Re: Notice if Bankruptcy -
1 message

---

**NoReply@myfax.com** <NoReply@myfax.com>                    Thu, May 10, 2018 at 11:28 AM
To: stephen@dunnelawoffices.com

The fax you sent through MyFax to 12156863555 was successfully transmitted.



Hi Stephen,                                              **Re: Notice if Bankruptcy -**

The fax you sent through MyFax to 12156863555 was successfully transmitted.

| **Fax Details** | |
| --- | --- |
| **Date:** | 2018-05-10 15:28:09 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 112 seconds |
| **Receiving Machine Fax ID:** | 111 |

If you have any questions, please call (866) 563-9212 or visit our online help center at
www.myfax.com/support. Thank you for using the MyFax service.

Sincerely,
The MyFax Team

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.



**Stephen Dunne <stephen@dunnelawoffices.com>**

---

## Successful transmission to 12156863555. Re: 146 S 62ND ST, 19139
1 message

---

**NoReply@myfax.com** <NoReply@myfax.com>                    Thu, May 10, 2018 at 11:31 AM
To: stephen@dunnelawoffices.com

<small>The fax you sent through MyFax to 12156863555 was successfully transmitted.</small>



Hi Stephen,                                        **Re: 146 S 62ND ST, 19139**

The fax you sent through MyFax to 12156863555 was successfully transmitted.

| **Fax Details** | |
| --- | --- |
| **Date:** | 2018-05-10 15:31:27 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 111 seconds |
| **Receiving Machine Fax ID:** | 111 |

If you have any questions, please call (866) 563-9212 or visit our online help center at
www.myfax.com/support. Thank you for using the MyFax service.

Sincerely,
The MyFax Team

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.

United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Lyndel Toppin
      Debtor

Case No. 18-13098-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: dlv          Page 1 of 1          Date Rcvd: May 29, 2018
                 Form ID: 309I          Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 31, 2018.
```
db            +Lyndel Toppin,    146 S. 62nd Street,    Philadelphia, PA 19139-2928
14104029      +Abdeldayem Hassan,    309 Barker Avenue,    Lansdowne, PA 19050-1215
14104033      +City of Philadelphia,    Lockbox # 1087,    PO BOX 8500,    Philadelphia, PA 19178-8500
14104035      +FIRST FEDERAL CREDIT & COLLECTIONS,    24700 CHAGRIN BLVD,    SUITE 205,
                CLEVELAND, OH 44122-5662
14104036      +FIRST FEDERAL CREDIT & COLLECTIONS,    24700 CHAGRIN BLVD STE 2,    CLEVELAND, OH 44122-5662
14104037      +GRB Law,    1425 Spruce Street,    Suite 100,    Philadelphia, PA 19102-4578
14104038       Philadelphia Court of Common Pleas,    Philadelphia City Hall,    Philadelphia, PA 19107
14104039      +Philadelphia Department of Revenue,    1401 John K. Kennedy Blvd.,    Concourse Level,
                Philadelphia, PA 19102-1613
14104041      +Philadelphia Sheriff's Office,    100 S. Broad Street,    5th Floor,
                Philadelphia, PA 19110-1023
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty            E-mail/Text: bestcasestephen@gmail.com May 30 2018 02:05:47     STEPHEN MATTHEW DUNNE,
                Dunne Law Offices, P.C.,    1515 Market Street,    Suite 1200,    Philadelphia, PA 19102,
                U.S.A.
tr            +E-mail/Text: bncnotice@ph13trustee.com May 30 2018 02:06:51     WILLIAM C. MILLER, Esq.,
                Chapter 13 Trustee,    P.O. Box 1229,    Philadelphia, PA 19105-1229
smg            E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 30 2018 02:06:09
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 30 2018 02:06:23     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 30 2018 02:06:15     United States Trustee,
                Office of the U.S. Trustee,    833 Chestnut Street,    Suite 500,    Philadelphia, PA 19107-4405
14104031       EDI: CAPITALONE.COM May 30 2018 06:03:00     CAPITAL ONE,    15000 CAPITAL ONE DR,
                RICHMOND, VA 23238
14104030      +EDI: CAPITALONE.COM May 30 2018 06:03:00     CAPITAL ONE,    ATTN: BANKRUPTCY,    PO BOX 30285,
                SALT LAKE CITY, UT 84130-0285
14104032       E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
                1515 Arch Street,    Law Department, 15th Floor,    Philadelphia, PA 19102
14104034       E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
                Attn: James Zwolak,    1401 JFK Blvd., 5th Floor,    Philadelphia, PA 19102
                                                                                      TOTAL: 10
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14104040*     +Philadelphia Department of Revenue,    1401 John K. Kennedy Blvd.,    Concourse Level,
                Philadelphia, PA 19102-1613
                                                                            TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2018          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2018 at the address(es) listed below:
```
              STEPHEN MATTHEW DUNNE    on behalf of Debtor Lyndel  Toppin bestcasestephen@gmail.com,
                dunnesr74587@notify.bestcase.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                TOTAL: 3
```

<table>
<tr><td colspan="2"><strong>Information to identify the case:</strong></td></tr>
</table>

| | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | **Lyndel Toppin** | | | Social Security number or ITIN | **xxx–xx–2550** |
| | First Name | Middle Name | Last Name | EIN _ _-_ _ _ _ _ _ _ | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN _ _ _ _ | |
| | | | | EIN _ _-_ _ _ _ _ _ _ | |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | | | |
| Case number: | **18–13098–mdc** | | | Date case filed for chapter **13   5/8/18** | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

**\*\*Debtor's Photo ID &Social Security Card Must Be Presented at 341 Hearing\*\***                    12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Lyndel Toppin | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 146 S. 62nd Street<br>Philadelphia, PA 19145 | |
| 4. | **Debtor's attorney**<br>Name and address | STEPHEN MATTHEW DUNNE<br>Dunne Law Offices, P.C.<br>1515 Market Street<br>Suite 1200<br>Philadelphia, PA 19102<br>U.S.A. | Contact phone 215–551–7109<br><br>Email:  bestcasestephen@gmail.com |
| 5. | **Bankruptcy trustee**<br>Name and address | WILLIAM C. MILLER, Esq.<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105 | Contact phone 215–627–1377<br><br>Email:  ecfemails@ph13trustee.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | 900 Market Street<br>Suite 400<br>Philadelphia, PA 19107 | Hours open:<br>Philadelphia Office –– 8:30 A.M. to 5:00 P.M<br>Reading Office –– 8:00 A.M. to 4:30 P.M.<br><br>Contact phone (215)408–2800<br><br>Date: 5/29/18 |

**For more information, see page 2**

Debtor  **Lyndel Toppin**                                                                                   Case number **18-13098-mdc**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **July 11, 2018 at 1:30 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**Suite 18-341, 1234 Market Street, Philadelphia, PA 19107** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br><br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 9/9/18** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 7/17/18** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 11/4/18** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:**   30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. This plan proposes payment to the trustee of 200.00 per month for 60 months. The plan or a summary of the plan is enclosed. The hearing on confirmation will be held on:<br>**8/2/18 at 9:30 AM , Location: Courtroom #2, 900 Market Street, Philadelphia, PA 19107** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |



**Stephen Dunne <stephen@dunnelawoffices.com>**

## Successful transmission to 12156863555. Re: Notice of Bankruptcy Case Filing - 146 S. 62nd Street, Phila, PA 19145

1 message

**NoReply@myfax.com** <NoReply@myfax.com>
To: stephen@dunnelawoffices.com

Thu, Jun 7, 2018 at 4:18 PM

The fax you sent through MyFax to 12156863555 was successfully transmitted.



Hi Stephen,　　　**Re: Notice of Bankruptcy Case Filing - 146 S. 62nd Street, Phila, PA 19145**

The fax you sent through MyFax to 12156863555 was successfully transmitted.

**Fax Details**

| | |
|---|---|
| **Date:** | 2018-06-07 20:18:07 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 113 seconds |
| **Receiving Machine Fax ID:** | 111 |

If you have any questions, please call (866) 563-9212 or visit our online help center at www.myfax.com/support. Thank you for using the MyFax service.

Sincerely,
The MyFax Team

     

© 2018 j2 Global, Inc. and affiliates. All rights reserved.
MyFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.



CITY OF PHILADELPHIA
**OFFICE OF THE SHERIFF**
CIVIL ENFORCEMENT

# NOTICE TO VACATE

SHERIFF NUMBER: _231566_

To: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor

By virtue a ***Writ of Possession of Real Property*** a copy of which is attached
**YOU HAVE 21 DAYS TO VACATE THE PREMISES DESCRIBED IN THE WRIT, FAILURE TO DO SO WILL RESULT IN THE IMMEDIATE SCHEDULING OF AN EVICTION**

Civil Enforcement Unit ■ 100 S. Broad Street ■ Philadelphia, PA 19110 ■ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

5/18/18





CITY OF PHILADELPHIA
**OFFICE OF THE SHERIFF**
CIVIL ENFORCEMENT

# NOTICE TO VACATE

SHERIFF NUMBER: ___231566___

To: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor

By virtue a *Writ of Possession of Real Property* a copy of which is attached
**YOU HAVE 21 DAYS TO VACATE THE PREMISES DESCRIBED IN THE WRIT, FAILURE TO DO SO WILL RESULT IN THE IMMEDIATE SCHEDULING OF AN EVICTION**

Civil Enforcement Unit ■ 100 S. Broad Street ■ Philadelphia, PA 19110 ■ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

5/24/18





# NOTICE TO VACATE

SHERIFF NUMBER: __231566__

To: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor

By virtue a **Writ of Possession of Real Property** a copy of which is attached
**YOU HAVE 21 DAYS TO VACATE THE PREMISES DESCRIBED IN THE WRIT, FAILURE TO DO SO WILL RESULT IN THE IMMEDIATE SCHEDULING OF AN EVICTION**

Civil Enforcement Unit ■ 100 S. Broad Street ■ Philadelphia, PA 19110 ■ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

5/30/18

41



CITY OF PHILADELPHIA
**OFFICE OF THE SHERIFF**
CIVIL ENFORCEMENT

# EVICTION NOTICE

SHERIFF NUMBER: ___231566___

To: Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor

By virtue of a *Writ of Possession of Real Property* a copy of which is attached
**YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER**
THAN: _June 25th, 2018_
_@ 9Am_

Civil Enforcement Unit ■ 100 S. Broad Street ■ Philadelphia, PA 19110 ■ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

6/1/18        146 S 62nd ST
UNKNOWN OCCUPPCCANTS

ted to levy upon any property of                              you are

14 S. 62nd St
PHila  PA 19139

and sell

interest therein.

ERIC FEDER
Director, Office of Judicial Records

By _____ Clerk

**ATTEST**
MAY 07 2018

Date ___May 7, 2018___
D. SAVAGE
JUDICIAL RECORDS

v. 1/01)



CITY OF PHILADELPHIA
**OFFICE OF THE SHERIFF**
CIVIL ENFORCEMENT

# EVICTION NOTICE

SHERIFF NUMBER: 231566

To: Judgment debtor, members of the judgment debtor's household, and any occupants residing with
the judgment debtor

By virtue of a **Writ of Possession of Real Property** a copy of which is attached
**YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER**
THAN: June 25th 2018
@ 9AM

Civil Enforcement Unit ▪ 100 S. Broad Street ▪ Philadelphia, PA 19110 ▪ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

6/5/18    146 S 62nd St
UNKNOWN OCCUPANTS

ted to levy upon any property of                                    you are

a S.62nd St
Phila PA 19139

and sell

interest therein.

ERIC FEDER
Director, Office of Judicial Records

By _____ Clerk    **ATTEST**

                          MAY 07 2018
Date May 7, 2018
                          D. SAVAGE
                          JUDICIAL RECORDS

v. 1/01)



CITY OF PHILADELPHIA
SHERIFF'S OFFICE
100 S. Broad Street 5th Floor
Philadelphia, PA 19110



6/7/18

Unknown Occupants
146 S. 62nd St
Phila. PA. 19139

19139$2928 C044

CITY OF PHILADELPHIA
**OFFICE OF THE SHERIFF**
CIVIL ENFORCEMENT



# EVICTION NOTICE

SHERIFF NUMBER: 231866

*To:* Judgment debtor, members of the judgment debtor's household, and any occupants residing with the judgment debtor

By virtue of a **Writ of Possession of Real Property** a copy of which is attached
YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER

THAN: June 25th, 2018 @ 9AM

Civil Enforcement Unit ■ 100 S. Broad Street ■ Philadelphia, PA 19110 ■ 5th Floor
Phone: (215) 686-3542 Fax: (215) 686-3555

146 S 62nd St

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| 146 S. 62nd Street | : | |
| Philadelphia, PA 19139 | : | CHAPTER 13 |
| | : | |
| Debtor. | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin | : | |
|     Debtor/Plaintiff | : | |
| v. | : | Adv. Proc. No. 18-00137-MDC |
| | : | |
| Jewell Williams | : | **JURY TRIAL DEMANDED** |
| Sheriff of the City of Philadelphia | : | |
| In his official capacity | : | |
| Land Title Building - Fifth Floor | : | |
| 100 South Broad Street | : | |
| Philadelphia, PA 19110 | : | |
|     Defendant. | : | |
| and, | : | |
| | : | |
| Abdeldayem Hassan a/k/a Abdeldyem Hassan | : | |
| 309 Barker Avenue | : | |
| Lansdowne, PA 19050 | : | |
|     Defendant. | : | |

## AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY DEFENDANTS SHERIFF OF THE CITY OF PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN

**TO THE HONORABLE BANKRUPTCY JUDGE: MAGDELINE D. COLEMAN:**

Mr. Toppin is a debtor in the above-stated bankruptcy and the Plaintiff in this adversary proceeding. Defendant, Sheriff of the City of Philadelphia was included in Mr. Toppin's bankruptcy and provided copious bankruptcy notice on at least 12 occasions by postal mail; facsimile; and telephone. Defendant, Abdeldayem Hassan a/k/a Abdeldyem Hassan was also provided bankruptcy

notice by postal mail and telephone. Mr. Toppin was and is protected against Defendants employment of process to recover a claim against the debtor that arose before the commencement of this case due to the power of the automatic stay.  Yet, more than six weeks <u>after</u> it was placed on notice and knowledge of, Mr. Toppin's bankruptcy, Defendants continue to employ process by sending armed Philadelphia Sheriff's to the debtor's personal residence on six ("6") separate occasions in direct contravention of <u>11 U.S.C. § 362(a)</u>, (<u>the</u> automatic stay) and with the express orders of this court.

      Mr. Toppin filed a Chapter 13 bankruptcy on <u>May 8, 2018</u> at 6.04 PM and immediately notified the Defendants. Despite copious notice,  the Defendants continued their enforcement of the pre-petition judgment by visiting the debtor's personal residence on **<u>May 18, 2018</u>**; **<u>May 24, 2018</u>**; and **<u>May 30, 2018</u>** in order to post humiliating bright red "**Notices to Vacate**," on Mr. Toppin's front door; and again on **<u>June 1, 2018</u>**; **<u>June 5, 2018</u>**; and **<u>June 7, 2018</u>** in order to post humiliating bright red "**Eviction Notices**" on Mr. Toppin's front door ordering Mr. Toppin to vacate the premises no later than June 25, 2018 and informing Mr. Toppin that the Sheriff would be levying any property located at 146 S. 62nd Street, Philadelphia, PA 19139 to satisfy the Judgement for Possession.  These actions were all in violation of the automatic stay, which goes into effect the moment a bankruptcy petition is filed. The actions of the Defendants fall squarely within the prohibitions of at least three subsections of <u>11 U.S.C. § 362(a)</u> including:

      (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

      (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

      (3) any act to obtain possession of property of the estate or of property from the estate.

## I.   JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of

Title 28 of the United States Code in that this proceeding arises in and is related to the above-

captioned Chapter 7 case under Title 11 of the United States Code.

2.      This Court has both personal and subject matter jurisdiction to hear this case pursuant

to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

3.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to

enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding

(which is denied by the Plaintiff) then and in that event the Plaintiff consents to the entry of a final

order by the Bankruptcy Judge.

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## II.   PARTIES

5.      The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States

Code in case number 18-13098-MDC filed before this Court.

6.      Defendant is the Sheriff of the City of Philadelphia ("Sheriff") and is being sued in that

capacity.  Defendant has an office located at Land Title Building - Fifth Floor, 100 South Broad Street,

Philadelphia, PA 19110.

7.      Defendant Abdeldayem Hassan a/k/a Abdeldyem Hassan ("Hassan") is an adult

individual residing at 309 Barker Avenue, Lansdowne, PA 19050.

## III.   FACTUAL ALLEGATIONS

8.      On May 7, 2018 at 12.00 PM, Debtor's Counsel and Debtor visited the Sheriff at 100

South Broad Street, 5th Floor, Philadelphia, PA and requested the contact information for ("Hassan")

for the purposes of transmitting a Notice of Bankruptcy Case Filing.  See Ex. "O".

9.      On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy petition

in a matter styled <u>In re: Toppin,</u> E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "A".

10.      It is indisputable that on May 8, 2018, Debtor's Counsel provided the Notice of

Bankruptcy Case Filing to Hassan at the mailing address provided by the Sheriff as well via text

message by converting the Notice of Bankruptcy Case Filing from PDF format into JPEG format and

transmitting to Hassan's mobile phone which was also provided by the Sheriff. See Ex. "O".

11.      It is indisputable that on May 8, 2018 at 6.27 PM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "B".

12.      It is indisputable that on May 8, 2018 at 6.28 PM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3971. See Ex. "C".

13.      It is indisputable that on May 9, 2018 Debtor's Counsel telephoned Sheriff at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D".

14.      It is indisputable that on May 10, 2018 at 11.28 AM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "E".

15.      It is indisputable that on May 10, 2018 Debtor's Counsel telephoned Sheriff at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D".

16.      It is indisputable that on May 10, 2018 at 11.31 AM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "F".

17.      It is indisputable that on May 15, 2018 Debtor's Counsel telephoned Sheriff at

215-686-3565 on two separate occasions and provided oral Notice of Bankruptcy Case Filing. See Ex.

"D".

18.      It is indisputable that on May 31, 2018 that the Court served Official Form 309A -

Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline on both Defendants at their

preferred mailing addresses.  See Ex. "G".

19.    It is indisputable that on June 5, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing.

20.    It is indisputable that on June 7, 2018 at 4.18 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "H".

21.    It is indisputable that on June 7, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "D".

22.    It is indisputable that on June 15, 2018 Debtor's Counsel telephoned Hassan and provided oral Notice of Bankruptcy Case Filing. See Ex. "P".

23.    Despite ample notice of the underlying bankruptcy, Defendants continue to violate the statutory injunction imposed by 11 U.S.C. § 362 on at least six ("6") separate occasions. See Ex. "I", "J", "K", "L", "M", and "N".

24.    The automatic stay at 11 U.S.C. § 362(a) requires Defendants to take positive action necessary to give effect to the automatic stay. No action is unacceptable; no action is action to thwart the effectiveness of the automatic stay.

25.    Part of what is stayed in 11 U.S.C. § 362 is "continuation." Certainly a suit for Writ of Possession of Real Property is a judicial proceeding against the Debtor within the purview of § 362(a)(1). The Issuance of a Writ of Possession of Real Property is the enforcement, against the Debtor, of a judgment obtained before the commencement of the bankruptcy case within the scope  of § 362(a)(2). The eviction of the Debtor from their residence is an act to take possession of property of the estate, that is, to take possession of the Debtor's possessory and leasehold interest in the property, prohibited by § 362(a)(3).

26.    Not only does the statutory language encompass the actions of the landlord Defendant,

but any remaining question or doubt as to the impropriety of the Defendant's conduct has been

dispelled by numerous court decisions proscribing this type of creditor action. These decisions have

upheld the rights of Debtors in the face of creditor violation of the automatic stay.

27.     It is implied in § 362 that a creditor is under an obligation to maintain the status quo as

of the moment of the filing of the petition and to take whatever affirmative action is necessary to do

so.

28.     The Defendants have done nothing to reverse their actions and restore the status quo.

29.     Defendant, Hassan is the Creditor who is in the driver's seat and very much controls

what is done thereafter if it chooses.  If the "continuation" is to be stayed, Hassan cannot choose to do

nothing and pass the buck.  Positive action on the part of the creditor is necessary so that

"continuation" may be stayed.

30.     Defendant, Hassan could have stopped the continuing violations of the automatic stay

by dismissing the Writ of Possession of Real Property.

31.     Defendant, Hassan could have advised the Sheriff that until further notice by reason of

the automatic stay that the Writ of Possession of Real Property should be suspended.

32.     Defendants passed the buck and failed to take positive actions in violation of the

automatic stay, 11 U.S.C. § 362.

33.     There is a governmental interest in preventing the unique harm that occurs in regard to

violations of the Bankruptcy Code.

34.     The Bankruptcy Code and the notices to Defendants, as stated above, place Defendants

on fair notice of the damages that may be imposed due to the violation of its orders and injunctions,

including the imposition of punitive damages.

35.     The degree of reprehensibility of the collection practices and actions is high for the reasons that (1) the financial vulnerability of the target, Mr. Toppin, is evident by his bankruptcy filing, and (2) the harm is more than economic in nature. Core bankruptcy rights of Mr. Toppin have been violated.

36.     Mr. Toppin's breathing spell has been thwarted. Should the collection practices and actions of Defendants' continue and/or succeed, the fresh start promised Mr. Toppin will be imperiled.

37.     The injury to Mr. Toppin, in terms of describing and understanding the full consequences of violating the core bankruptcy rights of Mr. Toppin, is hard to detect.

38.     The full monetary value of non-economic harm associated with the collection practices and actions of Defendants' are difficult to determine.

39.     The resources necessary to police the conduct of Defendants' and to prevent the unique harm that has occurred post-petition are lacking on the part of Mr. Toppin.

40.     The above-stated collection practices or actions of Defendants' have resulted and are resulting in a substantial amount of undue frustration, anxiety and mental anguish or distress on the part of Mr. Toppin, which is more than fleeting and inconsequential. The harm stated is substantiated by the facts of this Complaint alone. Although not limited to the list below, the distress has manifested itself as follows:

A.  Violation of the core bankruptcy rights and Constitutional rights.

B.  Headaches.

C.  Loss of sleep.

D.  Anxiety.

E.  Shock of conscience.

F.  Impaired enjoyment of life.

G.  A sense of dread.

H.  A sense of failure.

I.   A lack or diminution of self-worth.

J.   A significant amount of stress.

K.  Harassment.

L.  Distraction.

M. A sense of embarrassment and discomfort that is greater than the general level of

embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.


### IV.    WILLFUL VIOLATION OF THE AUTOMATIC STAY

41.    The filing of the bankruptcy case of Mr. Toppin constitutes, and constituted, an order

for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which is

similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the actions or

conduct of Defendants' violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/or (6), for

which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

42.    As stated and demonstrated in the Facts, above:

a.    The eligibility of Mr. Toppin to be a debtor in bankruptcy is not in question.

b.    His bankruptcy case is pending and his plan was submitted to the Court.

c.    The automatic stay took effect immediately upon his file date and has

neither been terminated nor modified to permit the actions and conduct of

Defendants' as complained herein.

d.    The violations are willful for the reasons that (1) Defendants' had notice and/

or knowledge of Mr. Toppin's bankruptcy, and (2) the actions or conduct as

stated were, or are, intentional, whether or not there was, or is, a specific

intent to violate the automatic stay, or whether or not Defendants' had a good

faith belief that it had a right to undertake the actions or conduct it has

actually undertaken.

e.    Mr. Toppin suffered injury in fact as a result of the actions and conduct

stated for his core bankruptcy rights have been willfully violated.


## V.    ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

43.    Due to the conduct or action of Defendants, as described, it may become necessary for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and rules resulting from Mr. Toppin's bankruptcy, including, but not limited to:

a.    Finding Defendants' in contempt for failing to abide by the orders, injunctions,

Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.    Issuing any declaratory judgment to determine the threshold questions of law, facts,

rights, claims, or debts of all parties to this adversary proceeding, the violations of

Defendants, the jurisdiction of this Court and/or any actual controversy that may

exist pursuant to 28 U.S.C. § 2201; and/or

c.    Issuing any further or more specific injunctions to better define or curtail the acts or

conduct of Defendants in the future pursuant to 11 U.S.C. § 105.

## VI.    DAMAGES

44.    Pursuant to <u>11 U.S.C. § 362(k)(1)</u> and/or § 105 the causes of action stated above

mandate the imposition of actual damages, and the consideration of punitive damages, including:

a.    **Personal Actual Damages**: Actual damages to cover the value of any loss, any

out-of-pocket expenses or cost incurred, including the value of the personal time of

Mr. Toppin in having to deal with the conduct and actions of Defendants, and in

having to participate in this adversary proceeding.

b.    **Attorneys' Fees And Expenses As Actual Damages**: It was necessary to employ

Stephen M. Dunne and his law firm, Dunne Law Offices, P.C., to represent Mr.

Toppin in advising, preparing and participating in this adversary proceeding.

c.    **Emotional Injuries As Actual Damages**: The actual manifestations suffered by

Mr. Toppin are detailed above for which the Court should consider to determine the

proper amount of actual damages to compensate for his emotional injuries.

d.    **Punitive Damages**: Punitive damages should be awarded to Mr. Toppin for the

reasons that:

i.    **Appropriateness Per The U.S. Supreme Court Standard**: Per the

Supreme Court of the United States, an award of punitive damages is

appropriate for the reasons that: (1) Defendants have received fair notice of

the possibility of an award of punitive damages; (2) as evidenced by his

bankruptcy, the financial vulnerability of Mr. Toppin is evident; (3) the

harm or injury inflicted on Mr. Toppin is more than  economic in nature; (4)

if the conduct or actions of Defendants are allowed to succeed, it would

further imperil the fresh start of Mr. Toppin; (5) the injury in this case is

hard to detect; and/or (6) the monetary value of non-economic harm is difficult to determine.

    ii.    **Appropriateness Per The 3rd Circuit Standard** : The 3rd Circuit Court of Appeals has stated that an egregious conduct standard is at least appropriate for an award of punitive damages. The Court defines egregious as conduct which was "reckless" or "callous" indifference to the federally protected rights of others. The conduct and action of Defendants, as highlighted in the Facts, is at least reckless in light of its knowledge of Mr. Toppin's bankruptcy. Any serious contest of this adversary proceeding by Defendants should be considered callous.

   e.    **Prejudgment Interest** : Any award of damages should contain an award of prejudgment interest.

   f.    **Post Judgment Interest** : Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Toppin that the Court will:

1.    Find that Defendants violated one or more of the automatic stay provisions in the underlying bankruptcy;

2.    Find that the violations of the automatic stay by Defendants were or are willful and/or intentional;

3.    Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendants, the

issuance of any declaratory judgment, and/or the issuance of any injunction;

4.      Sanction or award against Defendants all actual damages for all financial and non-

financial harm or injury incurred by Mr. Toppin;

5.      Sanction or award against Defendants and to Mr. Toppin, and for the benefit of Stephen

M. Dunne, all of the attorneys' fees, costs and expenses incurred with Stephen M. Dunne, and the

Dunne Law Offices, P.C., in representing Mr. Toppin in these matters;

6.      Sanction or award against Defendants and to Mr. Toppin emotional distress damages;

7.      Sanction or award against Defendants and to Mr. Toppin punitive damages;

8.      Award prejudgment interest;

9.      Award post judgment interest; and Grant any and all other relief in equity or in law to

which Mr. Toppin may be entitled.

## V.      DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. Fed. R. Bankr. P. 9015(b).

                                        Respectfully submitted:


Dated: June 15, 2018                     BY: /s/ Stephen M. Dunne
                                         **Stephen M. Dunne, Esquire**
                                         1515 Market Street, Suite. 1200
                                         Philadelphia, PA 19102
                                         (215) 551-7109 Phone
                                         Fax: (215) 525-9721
                                         Email: stephen@dunnelawoffices.com



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                  :
                                        :           Chapter 13
LYNDEL TOPPIN,                          :
                                        :           Bankruptcy No. 18-13098 (MDC)
        Debtor.                         :
-------------------------------------------------------x
-------------------------------------------------------x
                                        :
LYNDEL TOPPIN,                          :
                                        :
        Plaintiff,                      :           Adv. Pro. No. 18-00137 (MDC)
                                        :
        v.                              :
                                        :
JEWELL WILLIAMS SHERIFF                 :
OF THE CITY OF PHILADELPHIA and         :
ABDELDAYEM HASSAN a/k/a                 :
ABDELDYEM HASSAN,                       :
                                        :
        Defendant                       :
-------------------------------------------------------x
```

**ANSWER TO AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF
THE AUTOMATIC STAY BY DEFENDANTS SHERIFF OF THE CITY OF
<u>PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN</u>**

**AND NOW COMES** Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"),

by and through his Counsel, Megan N. Harper, Deputy City Solicitor, to answer the Amended

Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City

of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Adversary Complaint")

filed by Lyndel Toppin (the "Debtor"). The Sheriff avers the following in support thereof:

The allegations set forth in the prefatory statement of the Adversary Complaint are

conclusions of law to which no response is required. To the extent a response is required, the

allegations are denied and strict proof thereof is demanded at time of trial.

## I.      JURISDICTION AND VENUE

1.      Denied as stated. This proceeding does not arise and is not related to a Chapter 7 case under Title 11 of the United States Code.

2.      Admitted in part. Denied in part. It is admitted only that this Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). It is specifically denied that 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2) grants the Court personal jurisdiction.

3.      Denied. The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

4.      Denied. It is denied that venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## II.      PARTIES

5.      Admitted.

6.      Admitted.

7.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 7. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

## III.      FACTUAL ALLEGATIONS

8.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 8. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

9.      Admitted.

10.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 10. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

11.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 11. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

12.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 12. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

13.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 13. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

14.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 14. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

15.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 15. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

16.      Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 16. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

17.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 17. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

18.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 18. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

19.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 19. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

20.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 20. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

21.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 21. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

22.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 22. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

23.     Denied. The allegations of paragraph 23 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

24.     Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362(a) required the Sheriff to take positive action necessary to give effect to the automatic stay.  By way

of further response, the allegations of paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

25.    Denied. It is specifically denied that the automatic stay at 11 U.S.C. § 362 stayed the Issuance of a Writ of Possession of Real Property in this instance as the Writ was issued May 7, 2018, the day before the Debtor petitioned for Chapter 13 relief. By way of further response, the allegations of paragraph 25 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

26.    Denied. The allegations of paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

27.    Denied. It is specifically denied that the Sheriff is a creditor of the Debtor.  By way of further response, the allegations of paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

28.    Denied. The allegations of paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

29.    Denied. The allegations of paragraph 29 are not directed to the Sheriff, accordingly, no response is required.

30.     Denied. The allegations of paragraph 30 are not directed to the Sheriff, accordingly, no response is required.

31.     Denied. The allegations of paragraph 31 are not directed to the Sheriff, accordingly, no response is required.

32.     Denied. The allegations of paragraph 32 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

33.     Denied. The allegations of paragraph 33 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

34.     Denied. The allegations of paragraph 34 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

35.     Denied. The allegations of paragraph 35 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

36.     Denied. The allegations of paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

37.     Denied. The allegations of paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

38.     Denied. The allegations of paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

39.     Denied. The allegations of paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

40(A) – (M).   Denied. The allegations of paragraphs 40(A) through (M) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### IV.    WILLFUL VIOLATION OF THE AUTOMATIC STAY

41.     Denied. It is specifically denied that there are no applicable exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b). By way of further response, the allegations of paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

42     (a).     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraphs 42(a). The allegations are therefore denied and strict proof thereof is demanded at time of trial.

(b)     Admitted.

(c)     Denied as stated. The Sheriff denies any action or conduct taken implicated the automatic stay.

(d)     Denied. The allegations of paragraph 42(d) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

(e)     Denied. The allegations of paragraph 42(e) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### V.    ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

43(a) – (c).    Denied. The allegations of paragraphs 43(a) through (c) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### VI.    DAMAGES

44(a) – (f).    Denied. The allegations of paragraphs 44(a) through (f) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

The Sheriff, by way of further response to the Adversary Complaint, hereby pleads the following affirmative defenses:

1.    The Adversary Complaint fails to state a cause of action upon which relief can be granted.

2.    The Sheriff did not violate the automatic stay pursuant to 11 U.S.C. § 362(a).

3.    The Sheriff's actions fall under one or more exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b).

4.    Execution of a writ of possession is a ministerial act that does not implicate the automatic stay of 11 U.S.C. § 362(a).

5.    The Sheriff is entitled to quasi-judicial immunity from suit for actions taken to enforce a facially valid order of court.

6.    Punitive damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. §
106(a)(3).

7.    Emotional distress damages cannot be awarded against the Sheriff pursuant to 11
U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A.
§8541, *et seq.*

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary
Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such
other relief as the Court deems just and proper.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: July 19, 2018            By:    */s/ Megan N. Harper*
                                       MEGAN N. HARPER
                                       Deputy City Solicitor
                                       PA Attorney I.D. 81669
                                       Attorney for the City of Philadelphia
                                       City of Philadelphia Law
                                       Municipal Services Building
                                       1401 JFK Boulevard, 5th Floor
                                       Philadelphia, PA  19102-1595
                                       215-686-0503 (phone)
                                       Email: Megan.Harper@phila.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| 146 S. 62nd Street | : | |
| Philadelphia, PA 19139 | : | CHAPTER 13 |
| | : | |
| Debtor. | : | Case No. 18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin | : | |
| Debtor/Plaintiff | : | |
| v. | : | Adv. Proc. No. 18-00137-MDC |
| | : | |
| Jewell Williams | : | |
| Sheriff of the City of Philadelphia | : | |
| In his official capacity | : | |
| Land Title Building - Fifth Floor | : | |
| 100 South Broad Street | : | |
| Philadelphia, PA 19110 | : | |
| Defendant. | : | |
| and, | : | |
| | : | |
| Abdeldayem Hassan a/k/a Abdeldyem Hassan | : | |
| 309 Barker Avenue | : | |
| Lansdowne, PA 19050 | : | |
| Defendant. | : | |

**SECOND AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE
AUTOMATIC STAY AND IN THE ALTERNATIVE, CONTEMPT BY DEFENDANTS
SHERIFF OF THE CITY OF PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A
ABDELDYEM HASSAN**

**TO THE HONORABLE BANKRUPTCY JUDGE: MAGDELINE D. COLEMAN:**

Mr. Toppin is a debtor in the above-stated bankruptcy and the Plaintiff in this adversary

proceeding.  Defendant, Sheriff of the City of Philadelphia was included in Mr. Toppin's bankruptcy

and provided copious bankruptcy notice on at least 12 occasions by postal mail; facsimile; and

telephone. Defendant, Abdeldayem Hassan a/k/a Abdeldyem Hassan was also provided bankruptcy

notice by postal mail and telephone.

Mr. Toppin was and is protected against Defendants employment of process to recover a claim

against the debtor that arose before the commencement of this case due to the power of the automatic stay.  Yet, more than six weeks <u>after</u> it was placed on notice and knowledge of, Mr. Toppin's bankruptcy, Defendants continue to employ process by sending armed Philadelphia Sheriff's to the debtor's personal residence on six ("6") separate occasions in direct contravention of <u>11 U.S.C. § 362(a)</u>, (<u>the</u> automatic stay) and with the express orders of this court.

Mr. Toppin filed a Chapter 13 bankruptcy on May 8, 2018 at 6.04 PM and immediately notified the Defendants. Despite copious notice,  the Defendants continued their enforcement of the pre-petition judgment by visiting the debtor's personal residence on **May 18, 2018**; **May 24, 2018**; and **May 30, 2018** in order to post humiliating bright red "**Notices to Vacate**," on Mr. Toppin's front door; and again on **June 1, 2018**; **June 5, 2018**; and **June 7, 2018** in order to post humiliating bright red "**Eviction Notices**" on Mr. Toppin's front door ordering Mr. Toppin to vacate the premises no later than June 25, 2018 and informing Mr. Toppin that the Sheriff would be levying any property located at 146 S. 62nd Street, Philadelphia, PA 19139 to satisfy the Judgement for Possession.  These actions were all in violation of the automatic stay, which goes into effect the moment a bankruptcy petition is filed. The actions of the Defendants fall squarely within the prohibitions of at least three subsections of <u>11 U.S.C. § 362(a)</u> including:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> (3) any act to obtain possession of property of the estate or of property from the estate.

## I.    JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 of the United States Code.

2.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).

3.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event this case is determined to be a non-core proceeding (which is denied by the Plaintiff) then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

## II.    PARTIES

5.      The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 18-13098-MDC filed before this Court.

6.      Defendant is the Sheriff of the City of Philadelphia ("Sheriff") and is being sued in that capacity.  Defendant has an office located at Land Title Building - Fifth Floor, 100 South Broad Street, Philadelphia, PA 19110.

7.      Defendant Abdeldayem Hassan a/k/a Abdeldyem Hassan ("Hassan") is an adult individual residing at 309 Barker Avenue, Lansdowne, PA 19050.

## III.    FACTUAL ALLEGATIONS

8.      Debtor owns and resides in his long-time home at 146 S. 62nd Street, Philadelphia, PA 19139 (the "Property") and is the rightful owner of the property.

9.      On or around April 14, 2015, the City of Philadelphia (the "City") filed a Petition for a Rule to Show Cause in the Court of Common Pleas seeking permission to sell Debtor's interest in

his home in satisfaction of alleged delinquent real estate taxes from 2012 through 2013 in a total

amount of $1,959.67, including claimed principal of $1,052.26, interest, penalty, attorney fees and

lien costs.  (hereinafter "2015 City Tax Action").

10.    On or about April 28, 2015, the Court of Common Pleas for the City of Philadelphia

issued a Rule granting the City's Petition to show cause why a Decree should not be entered

permitting the sale of the Property.

11.    On or about August 20, 2015 the Court of Common Pleas for the City of Philadelphia

issued a Decree permitting the Property to be sold by the Sheriff.

12.    The Philadelphia Sheriff's Office sold the Property at a tax sale on or about October 5,

2017. See Ex. "A".

13.    Abdeldayem Hassan a/k/a Abdeldyem Hassan was the winning bidder for a bid of

$30,000.00. See Ex. "A".

14.    At the time of the sheriff sale, the approximate Fair Market Value of the Property was

between $90,0000 and $120,000.00. See Ex. "B1-B4".

15.    On or before November 3, 2017 Defendant Abdeldayem Hassan paid $27,000 to the

sheriff in addition to $3,000.00 which was paid by Abdeldayem Hassan at the time of the sale. See

Ex. "C".

16.    On November 10, 2017 Jewell Williams, Sheriff of the County of Philadelphia,

acknowledged a deed to Abdeldayem Hassan.

17.    The Sheriff's Deed was recorded on November 10, 2017.

18.    Abdeldayem Hassan had no interest at all in Debtor's interest in his home until the

Sherriff acknowledged the deed to him.

19.    After the Sheriff acknowledged the deed, Abdeldayem Hassan owned only a defeasible

title, subject to Mr. Toppin's statutory right to redeem the Property and right to possession during

the redemption period.

20.    Pursuant to 53 P.S. § 7293(a), Debtor's right of redemption continued for 9 months

from November 10, 2017 and continued through August 10, 2018.

21.    Debtor filed the instant bankruptcy on May 8, 2018.  See Ex. "D".

22.    At no time prior to the filing of this Complaint did Abdeldayem Hassan have any right

to possession of the Property.

23.    Notwithstanding Abdeldayem Hassan lack of any right to possession, he began making

unlawful demands that Mr. Toppin vacate the property.

24.    On January 22, 2018, more than six months before Debtor's right of redemption would

have expired under state law, had there been a valid sale and had Debtor not filed the instant

bankruptcy petition, Abdeldayem Hassan filed an ejectment lawsuit against Debtor.   See Ex. "E".

25.    In its complaint in ejectment ("Ejectment Complaint"), Abdeldayem Hassan falsely

claimed Mr. Toppin had no right to possession of his home, and falsely claimed that Abdeldayem

Hassan was entitled to immediate possession of the Property.

26.    At the time that Abdeldayem Hassan filed the Ejectment Complaint and throughout the

pendency of the lawsuit, Debtor retained the exclusive right of possession to his home and

Abdeldayem Hassan had no right to possession of the Property.    See Ex. "F".

27.    Abdeldayem Hassan, personally verified the false statements in the Ejectment

Complaint.  See Ex. "F".

28.    The Ejectment Complaint failed to state that the Sheriff Sale in question had been a tax

sale, which gives rise to a nine-month right of redemption.  The Ejectment Complaint also failed to

provide the "abstract of title" that is required to maintain an ejectment action under Pennsylvania

law.  See Ex. "F".

29.    After failing to properly serve the complaint in ejectment and failing to send a proper

Notice of Intention to take a default judgment Abdeldayem Hassan sought and obtained default

judgment in the Ejectment Action.  See Ex. "G, H, I".

30.    The April 27, 2018 Order issuing the writ of possession was facially and fatally

defective for the reasons aforestated. This facially and fatally defective order deprived Mr. Toppin

of his procedural due process rights to notice and opportunity to be heard and deprived Mr. Toppin

of his property without substantive due process of law.  See Ex. "J".

31.    On May 7, 2018 at 12.00 PM, Debtor's Counsel and Debtor visited the Sheriff at 100

South Broad Street, 5th Floor, Philadelphia, PA and requested the contact information for

("Hassan") for the purposes of transmitting a Notice of Bankruptcy Case Filing.  See Ex. "K".

32.    Debtor filed the instant bankruptcy On May 8, 2018.

33.    On May 8, 2018 at 6.04 PM, Mr. Lyndel Toppin filed a Chapter 13 bankruptcy

petition in a matter styled In re: Toppin, E.A. Pa. Bankr. No. 18-13098-MDC. See Ex. "D".

34.    It is indisputable that on May 8, 2018, Debtor's Counsel provided the Notice of

Bankruptcy Case Filing to Hassan at the mailing address provided by the Sheriff as well via text

message by converting the Notice of Bankruptcy Case Filing from PDF format into JPEG format

and transmitting to Hassan's mobile phone which was also provided by the Sheriff. See Ex. "K".

35.    It is indisputable that on May 8, 2018 at 6.27 PM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "L".

36.    It is indisputable that on May 8, 2018 at 6.28 PM Debtor's Counsel provided the

Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3971. See Ex. "M".

37.    It is indisputable that on May 9, 2018 Debtor's Counsel telephoned Sheriff at

215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

38.     It is indisputable that on May 10, 2018 at 11.28 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "O".

39.     It is indisputable that on May 10, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

40.     It is indisputable that on May 10, 2018 at 11.31 AM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "P".

41.     It is indisputable that on May 15, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 on two separate occasions and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

42.     It is indisputable that on May 31, 2018 that the Court served Official Form 309A - Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline on both Defendants at their preferred mailing addresses.  See Ex. "Q".

43.     It is indisputable that on June 5, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing.

44.     It is indisputable that on June 7, 2018 at 4.18 PM Debtor's Counsel provided the Notice of Bankruptcy Case Filing to the Sheriff via facsimile at 215-686-3555. See Ex. "R".

45.     It is indisputable that on June 7, 2018 Debtor's Counsel telephoned Sheriff at 215-686-3565 and provided oral Notice of Bankruptcy Case Filing. See Ex. "N".

46.     It is indisputable that on June 15, 2018 Debtor's Counsel telephoned Hassan and provided oral Notice of Bankruptcy Case Filing. See Ex. "S".

47.     Despite ample notice of the underlying bankruptcy, Defendants continue to violate the statutory injunction imposed by 11 U.S.C. § 362 on at least six ("6") separate occasions. See Ex. "T", "U", "V", "X", "Y", and "Z".

48.     The automatic stay at <u>11 U.S.C. § 362(a)</u> requires Defendants to take positive action necessary to give effect to the automatic stay. No action is unacceptable; no action is action to thwart the effectiveness of the automatic stay.

49.     Part of what is stayed in <u>11 U.S.C. § 362</u> is "continuation." Certainly a suit for Writ of Possession of Real Property is a judicial proceeding against the Debtor within the purview of § 362(a)(1). The Issuance of a Writ of Possession of Real Property is the enforcement, against the Debtor, of a judgment obtained before the commencement of the bankruptcy case within the scope of § 362(a)(2). The eviction of the Debtor from their residence is an act to take possession of property of the estate, that is, to take possession of the Debtor's possessory and leasehold interest in the property, prohibited by § 362(a)(3).

50.     Not only does the statutory language encompass the actions of the landlord Defendant, but any remaining question or doubt as to the impropriety of the Defendant's conduct has been dispelled by numerous court decisions proscribing this type of creditor action. These decisions have upheld the rights of Debtors in the face of creditor violation of the automatic stay.

51.     It is implied in § 362 that a creditor is under an obligation to maintain the status quo as of the moment of the filing of the petition and to take whatever affirmative action is necessary to do so.

52.     The Defendants have done nothing to reverse their actions and restore the status quo.

53.     Defendant, Hassan is the Creditor who is in the driver's seat and very much controls what is done thereafter if it chooses.  If the "continuation" is to be stayed, Hassan cannot choose to do nothing and pass the buck.  Positive action on the part of the creditor is necessary so that "continuation" may be stayed.

54.     Defendant, Hassan could have stopped the continuing violations of the automatic stay by dismissing the Writ of Possession of Real Property.

55.     Defendant, Hassan could have advised the Sheriff that until further notice by reason of the automatic stay that the Writ of Possession of Real Property should be suspended.

56.     Defendants passed the buck and failed to take positive actions in violation of the automatic stay, 11 U.S.C. § 362.

57.     There is a governmental interest in preventing the unique harm that occurs in regard to violations of the Bankruptcy Code.

58.     The Bankruptcy Code and the notices to Defendants, as stated above, place Defendants on fair notice of the damages that may be imposed due to the violation of its orders and injunctions, including the imposition of punitive damages.

59.     The degree of reprehensibility of the collection practices and actions is high for the reasons that (1) the financial vulnerability of the target, Mr. Toppin, is evident by his bankruptcy filing, and (2) the harm is more than economic in nature. Core bankruptcy rights of Mr. Toppin have been violated.

60.     Mr. Toppin's breathing spell has been thwarted. Should the collection practices and actions of Defendants' continue and/or succeed, the fresh start promised Mr. Toppin will be imperiled.

61.     The injury to Mr. Toppin, in terms of describing and understanding the full consequences of violating the core bankruptcy rights of Mr. Toppin, is hard to detect.

62.     The full monetary value of non-economic harm associated with the collection practices and actions of Defendants' are difficult to determine.

63.     The resources necessary to police the conduct of Defendants' and to prevent the unique harm that has occurred post-petition are lacking on the part of Mr. Toppin.

64.     The above-stated collection practices or actions of Defendants' have resulted and are resulting in a substantial amount of undue frustration, anxiety and mental anguish or distress on the

part of Mr. Toppin, which is more than fleeting and inconsequential. The harm stated is

substantiated by the facts of this Complaint alone. Although not limited to the list below, the distress

has manifested itself as follows:

  A. Violation of the core bankruptcy rights and Constitutional rights.

  B. Headaches.

  C. Loss of sleep.

  D. Anxiety.

  E. Shock of conscience.

  F. Impaired enjoyment of life.

  G. A sense of dread.

  H. A sense of failure.

  I. A lack or diminution of self-worth.

  J. A significant amount of stress.

  K. Harassment.

  L. Distraction.

  M. A sense of embarrassment and discomfort that is greater than the general level of

embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## IV.  WILLFUL VIOLATION OF THE AUTOMATIC STAY

  65. The filing of the bankruptcy case of Mr. Toppin constitutes, and constituted, an order

for relief pursuant to 11 U.S.C. § 301(b). This includes the imposition of the automatic stay (which

is similar to an injunction issued by this Court) pursuant to 11 U.S.C. § 362(a). Therefore, the

actions or conduct of Defendants' violated, or are violating, 11 U.S.C. § 362(a)(1), (3), (4), (5), and/

or (6), for which there is no exception to the automatic stay pursuant to 11 U.S.C. § 362(b).

  66. As stated and demonstrated in the Facts, above:

a.  The eligibility of Mr. Toppin to be a debtor in bankruptcy is not in question.

b.  His bankruptcy case is pending and his plan was submitted to the Court.

c.  The automatic stay took effect immediately upon his file date and has

neither been terminated nor modified to permit the actions and conduct of

Defendants' as complained herein.

d.  The violations are willful for the reasons that (1) Defendants' had notice and/

or knowledge of Mr. Toppin's bankruptcy, and (2) the actions or conduct as

stated were, or are, intentional, whether or not there was, or is, a specific

intent to violate the automatic stay, or whether or not Defendants' had a good

faith belief that it had a right to undertake the actions or conduct it has

actually undertaken.

e.  Mr. Toppin suffered injury in fact as a result of the actions and conduct

stated for his core bankruptcy rights have been willfully violated.


**V.     ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES**

67.     Due to the conduct or action of Defendants, as described, it may become necessary

for this Court to take action to enforce the injunctions, orders and Bankruptcy Code provisions and

rules resulting from Mr. Toppin's bankruptcy, including, but not limited to:

a.  Finding Defendants' in contempt for failing to abide by the orders, injunctions,

Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.  Issuing any declaratory judgment to determine the threshold questions of law, facts,

rights, claims, or debts of all parties to this adversary proceeding, the violations of

Defendants, the jurisdiction of this Court and/or any actual controversy that may

exist pursuant to 28 U.S.C. § 2201; and/or

c.    Issuing any further or more specific injunctions to better define or curtail the acts or

conduct of Defendants in the future pursuant to <u>11 U.S.C. § 105</u>.

## VI.    DAMAGES

68.    Pursuant to <u>11 U.S.C. § 362(k)(1)</u> and/or § 105 the causes of action stated above

mandate the imposition of actual damages, and the consideration of punitive damages, including:

a.    **Personal Actual Damages**: Actual damages to cover the value of any loss, any

out-of-pocket expenses or cost incurred, including the value of the personal time of

Mr. Toppin in having to deal with the conduct and actions of Defendants, and in

having to participate in this adversary proceeding.

b.    **Attorneys' Fees And Expenses As Actual Damages**: It was necessary to employ

Stephen M. Dunne and his law firm, Dunne Law Offices, P.C., to represent Mr.

Toppin in advising, preparing and participating in this adversary proceeding.

c.    **Emotional Injuries As Actual Damages**: The actual manifestations suffered by

Mr. Toppin are detailed above for which the Court should consider to determine the

proper amount of actual damages to compensate for his emotional injuries.

d.    **Punitive Damages**: Punitive damages should be awarded to Mr. Toppin for the

reasons that:

i.    **Appropriateness Per The U.S. Supreme Court Standard**: Per the

Supreme Court of the United States, an award of punitive damages is

appropriate for the reasons that: (1) Defendants have received fair notice of

the possibility of an award of punitive damages; (2) as evidenced by his

bankruptcy, the financial vulnerability of Mr. Toppin is evident; (3) the

harm or injury inflicted on Mr. Toppin is more than  economic in nature; (4)

if the conduct or actions of Defendants are allowed to succeed, it would

further imperil the fresh start of Mr. Toppin; (5) the injury in this case is hard to detect; and/or (6) the monetary value of non-economic harm is difficult to determine.

ii.    **Appropriateness Per The 3rd Circuit Standard**: The 3rd Circuit Court of Appeals has stated that an egregious conduct standard is at least appropriate or an award of punitive damages. The Court defines egregious as conduct which was "reckless" or "callous" indifference to the federally protected rights of others. The conduct and action of Defendants, as highlighted in the Facts, is at least reckless in light of its knowledge of Mr. Toppin's bankruptcy. Any serious contest of this adversary proceeding by Defendants should be considered callous.

e.    **Prejudgment Interest** : Any award of damages should contain an award of prejudgment interest.

f.    **Post Judgment Interest** : Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Mr. Toppin that the Court will:

1.    Find that Defendants violated one or more of the automatic stay provisions in the underlying bankruptcy;

2.    Find that the violations of the automatic stay by Defendants were or are willful and/or intentional;

3.    Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or

Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendants,

the issuance of any declaratory judgment, and/or the issuance of any injunction;

4.      Sanction or award against Defendants all actual damages for all financial and non-

financial harm or injury incurred by Mr. Toppin;

5.      Sanction or award against Defendants and to Mr. Toppin, and for the benefit of

Stephen M. Dunne, all of the attorneys' fees, costs and expenses incurred with Stephen M. Dunne,

and the Dunne Law Offices, P.C., in representing Mr. Toppin in these matters;

6.      Sanction or award against Defendants and to Mr. Toppin emotional distress damages;

7.      Sanction or award against Defendants and to Mr. Toppin punitive damages;

8.      Award prejudgment interest;

9.      Award post judgment interest; and Grant any and all other relief in equity or in law to

which Mr. Toppin may be entitled.

Respectfully submitted:

Dated: October 24, 2018           BY: */s/ Stephen M. Dunne*
                                  **Stephen M. Dunne, Esquire**
                                  1515 Market Street, Suite. 1200
                                  Philadelphia, PA 19102
                                  (215) 551-7109 Phone
                                  Fax: (215) 525-9721
                                  Email: stephen@dunnelawoffices.com

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------x

In re:                                    :
                                          :    Chapter 13
LYNDEL TOPPIN,                            :
                                          :    Bankruptcy No. 18-13098 (MDC)
                    Debtor.               :
-------------------------------------------------------x
-------------------------------------------------------x
                                          :
LYNDEL TOPPIN,                            :
                                          :
                    Plaintiff,            :    Adv. Pro. No. 18-00137 (MDC)
                                          :
            v.                            :
                                          :
JEWELL WILLIAMS SHERIFF                   :
OF THE CITY OF PHILADELPHIA and           :
ABDELDAYEM HASSAN a/k/a                   :
ABDELDYEM HASSAN,                         :
                                          :
                    Defendant             :
-------------------------------------------------------x

## ANSWER TO SECOND AMENDED COMPLAINT CONCERNING WILLFUL VIOLATIONS OF THE AUTOMATIC STAY BY DEFENDANTS SHERIFF OF THE CITY OF PHILADELPHIA AND ABDELDAYEM HASSAN A/K/A ABDELDYEM HASSAN

**AND NOW COMES** Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his Counsel, Megan N. Harper, Deputy City Solicitor, to answer the Second Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Adversary Complaint") filed by Lyndel Toppin (the "Debtor"). The Sheriff avers the following in support thereof:

The allegations set forth in the prefatory statement of the Adversary Complaint are do not conform to Federal Rule of Civil Procedure 8(a)(2), made applicable to this Adversary Complaint

pursuant to Federal Rule of Bankruptcy Procedure 7008, which requires a pleading to make a

"short and plain statement of the claim showing that the pleader is entitled to relief." Moreover,

the prefatory statement conclusions of law to which no response is required. To the extent a

response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

## I.      JURISDICTION AND VENUE

1.      Denied as stated. This proceeding does not arise and is not related to a Chapter 7

case under Title 11 of the United States Code.

2.      Admitted in part. Denied in part. It is admitted only that this Court has subject

matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).  It is

specifically denied that 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2) grants the Court personal

jurisdiction.

3.      Denied. The allegations of paragraph 3 are conclusions of law to which no response

is required. To the extent a response is required, the allegations are denied and strict proof thereof

is demanded at time of trial.

4.      Denied. It is denied that venue lies in this Court pursuant to 28 U.S.C. § 1391(b).

## II.      PARTIES

5.      Admitted.

6.      Admitted.

7.      Denied. The Sheriff is without sufficient information to admit or deny the

allegations of paragraph 7. The allegations are therefore denied and strict proof thereof is

demanded at time of trial.

### III.    FACTUAL ALLEGATIONS

8.    Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 8. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

9.    Denied. It is specifically denied that the City filed a Petition for a Rule to Show Cause seeking permission to sell the Debtor's interest in his home. The allegations of paragraph 9 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 9. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Denied. The allegations of paragraph 14 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

15.    Admitted.

16.    Denied. It is specifically denied that the deed was acknowledged on November 10, 2017. By way of further response, the deed was acknowledged on November 9, 2017.

17.    Denied. It is specifically denied that the deed was recorded on November 10, 2017. By way of further response, the deed was recorded on November 21, 2017.

18.     Denied. The allegations of paragraph 18 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

19.     Denied. The allegations of paragraph 18 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

20.     Denied. By way of further response, the deed was acknowledged on November 9, 2017.

21.     Admitted.

22.     Denied. The allegations of paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

23.     Denied. The allegations of paragraph 23 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 23. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

24.     Denied. The allegations of paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

25.     Denied. The allegations of paragraph 25 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 25. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

26.     Denied. The allegations of paragraph 26 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

27.     Denied. The allegations of paragraph 27 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 27. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

28.     Denied. The allegations of paragraph 28 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 27. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

29.     The allegations of paragraph 29contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 29. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

30.     The allegations of paragraph 30 contain conclusions of law to which no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 30. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

31.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 31. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

32.     Admitted.

33.     Admitted.

34.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 34. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

35.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 35. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

36.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 36. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

37.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 37. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

38.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 38. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

39.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 39. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

40.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 40. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

41.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 41. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

42.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 42. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

43.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 43. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

44.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 44. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

45.     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraph 45. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

46.     Denied. The allegations of paragraph 46 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 46. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

47.     Denied. The allegations of paragraph 47 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

48.     Denied. It is specifically denied that the automatic stay at <u>11 U.S.C. § 362(a)</u> required the Sheriff to take positive action necessary to give effect to the automatic stay.  By way of further response, the allegations of paragraph 48 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

49.     Denied. It is specifically denied that the automatic stay at <u>11 U.S.C. § 362</u> stayed the Issuance of a Writ of Possession of Real Property in this instance as the Writ was issued May 7, 2018, the day before the Debtor petitioned for Chapter 13 relief. By way of further response, the allegations of paragraph 49 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

50.     Denied. The allegations of paragraph 50 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

51.     Denied. It is specifically denied that the Sheriff is a creditor of the Debtor.  By way of further response, the allegations of paragraph 51 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

52.     Denied. It is specifically denied that the status quo has not been maintained or that there was any action requiring reversal as the Debtor continues to reside at the Property.

53.     Denied. The allegations of paragraph 53 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without

sufficient information to admit or deny the allegations of paragraph 53. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

54.     Denied. The allegations of paragraph 54 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 54. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

55.     Denied. The allegations of paragraph 55 are directed to the co-defendant and therefore no response is required. To the extent a response is required, the Sheriff is without sufficient information to admit or deny the allegations of paragraph 55. The allegations are therefore denied and strict proof thereof is demanded at time of trial.

56.     Denied. The allegations of paragraph 56 contain opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

57.     Denied. The allegations of paragraph 57 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

58.     Denied. The allegations of paragraph 58 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

59.     Denied. The allegations of paragraph 59 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

60.     Denied. The allegations of paragraph 60 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

61.     Denied. The allegations of paragraph 61 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

62.     Denied. The allegations of paragraph 62 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

63.     Denied. The allegations of paragraph 63 contain a mix of opinion and conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

64(A) – (M).   Denied.   The   allegations   of   paragraphs   40(A)   through   (M)   contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### IV.    WILLFUL VIOLATION OF THE AUTOMATIC STAY

65.     Denied. It is specifically denied that there are no applicable exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b). By way of further response, the allegations of paragraph 65 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

66      (a).     Denied. The Sheriff is without sufficient information to admit or deny the allegations of paragraphs 66(a). The allegations are therefore denied and strict proof thereof is demanded at time of trial.

    (b)    Admitted.

    (c)    Denied as stated. The Sheriff denies any action or conduct taken violated the automatic stay.

    (d)    Denied. The allegations of paragraph 66(d) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

    (e)    Denied. The allegations of paragraph 66(e) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### V.    ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES

    67(a) – (c).    Denied. The allegations of paragraphs 67(a) through (c) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

### VI.    DAMAGES

    68(a) – (f).    Denied. The allegations of paragraphs 68(a) through (f) contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied and strict proof thereof is demanded at time of trial.

    **WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

    The Sheriff, by way of further response to the Adversary Complaint, hereby pleads the following affirmative defenses:

1.      The Adversary Complaint fails to state a cause of action upon which relief can be granted.

2.      The Sheriff did not violate the automatic stay pursuant to 11 U.S.C. § 362(a).

3.      The Sheriff's actions fall under one or more exceptions to the automatic stay.

4.      Execution of a writ of possession is a ministerial act that does not violate the automatic stay of 11 U.S.C. § 362(a).

5.      The Sheriff is entitled to quasi-judicial immunity from suit for actions taken to enforce a facially valid order of court.

6.      Punitive damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(3).

7.      Emotional distress damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq.*

**WHEREFORE,** the Sheriff demands that the relief sought by the Debtor in the Adversary Complaint be denied, that judgment be entered in favor of the Sheriff and that the Court grant such other relief as the Court deems just and proper.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: November 21, 2018         By:      */s/ Megan N. Harper*
                                         MEGAN N. HARPER
                                         Deputy City Solicitor
                                         PA Attorney I.D. 81669
                                         Attorney for the City of Philadelphia
                                         Municipal Services Building
                                         1401 JFK Boulevard, 5th Floor
                                         Philadelphia, PA  19102-1595
                                         215-686-0503 (phone)
                                         Email: Megan.Harper@phila.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------------x
In re:                                  :
                                        :          Chapter 13
LYNDEL TOPPIN,                          :
                                        :          Bankruptcy No. 18-13098 (MDC)
               Debtor.                  :
-------------------------------------------------------x
-------------------------------------------------------x
                                        :
LYNDEL TOPPIN,                          :
                                        :
               Plaintiff,               :          Adv. Pro. No. 18-00137 (MDC)
                                        :
       v.                               :
                                        :
JEWELL WILLIAMS SHERIFF                 :
OF THE CITY OF PHILADELPHIA and         :
ABDELDAYEM HASSAN a/k/a                 :
ABDELDYEM HASSAN,                       :
                                        :
               Defendant                :
-------------------------------------------------------x
```

**<u>CERTIFICATE OF SERVICE</u>**

I, Megan N. Harper, do certify that on November 21, 2018, I caused a true and correct copy of the Sheriff of the City of Philadelphia's Answer to Second Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan to be served CM/ECF filing upon the parties listed below:

Stephen M. Dunne, Esquire
515 Market Street
Suite 1200
Philadelphia, PA 19102

David M. Offen, Esquire
The Curtis Center
601 Walnut Street

Philadelphia, PA 19106


THE CITY OF PHILADELPHIA


Dated: November 21, 2018        By:    */s/ Megan N. Harper*
                                      MEGAN N. HARPER
                                      Deputy City Solicitor
                                      PA Attorney I.D. 81669
                                      City of Philadelphia Law Department
                                      Municipal Services Building
                                      1401 JFK Boulevard, 5th Floor
                                      Philadelphia, PA  19102-1595
                                      215-686-0503 (phone)
                                      Email: Megan.Harper@phila.gov