**APPEAL**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
### Adversary Proceeding #: 18−00137−mdc

*Assigned to:* Chief Judge Magdeline D. Coleman          *Date Filed:* 06/11/18
*Lead BK Case:* 18−13098
*Lead BK Title:* Lyndel Toppin
*Lead BK Chapter:* 13
*Demand:*
  *Nature[s] of Suit:*   91 Declaratory judgment
                         72 Injunctive relief −
                            other

### *Plaintiff*
―――――――――――――――――――――――

**Lyndel Toppin**                    represented by   **STEPHEN MATTHEW DUNNE**
146 S. 62nd Street                                   Dunne Law Offices, P.C.
Philadelphia, PA 19145                               1515 Market Street
SSN / ITIN: xxx−xx−2550                              Suite 1200
                                                     Philadelphia, PA 19102
                                                     U.S.A.
                                                     215−551−7109
                                                     Fax : 215−525−9721
                                                     Email: bestcasestephen@gmail.com

                                                     **PREDRAG FILIPOVIC**
                                                     I Fight 4 Justice
                                                     1735 Market Street
                                                     Ste. 3750
                                                     Philadelphia, PA 19103
                                                     267 265 0520
                                                     Email: pfesq@ifight4justice.com
                                                     *TERMINATED: 06/18/2019*

                                                     **MEGAN N. HARPER**
                                                     City of Philadelphia − Law/Revenue Dept.
                                                     1401 JFK Blvd.
                                                     Room 580
                                                     Philadelphia, PA 19102
                                                     215 686 0503
                                                     Email: megan.harper@phila.gov
                                                     *TERMINATED: 02/14/2019*

                                                     **DAVID M. OFFEN**
                                                     The Curtis Center
                                                     601 Walnut Street
                                                     Suite 160 West
                                                     Philadelphia, PA 19106
                                                     (215) 625−9600
                                                     Email: dmo160west@gmail.com
                                                     *TERMINATED: 02/14/2019*

1

V.

### Defendant
————————————————

**Jewell Williams**
Sheriff of the City of Philadelphia
Land Title Building
Fifth Floor
100 South Broad Street
Philadelphia, PA 19110

represented by **MEGHAN ANNETTE BYRNES**
City of Philadelphia
1515 Arch Street
Ste 17−151
Philadelphia, PA 19102
215−683−5011
Email: meghan.byrnes@phila.gov

**JOSHUA DOMER**
City of Philadelphia Law Department
1401 JFK Blvd
5th Floor
Philadelphia, PA 19102
215 686 0519
Email: joshua.domer@phila.gov

**MEGAN N. HARPER**
(See above for address)

### Defendant
————————————————

**Abdeldayem Hassan**
309 Barker Avenue
Lansdowne, PA 19050
*aka* **Abdeldyem Hassan**

represented by **STEPHEN MATTHEW DUNNE**
(See above for address)
*TERMINATED: 02/14/2019*

**DAVID M. OFFEN**
(See above for address)

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 10/24/2018 | | 30 | Exhibit *A thru K* Filed by STEPHEN MATTHEW DUNNE on behalf of Lyndel Toppin (related document(s)29). (Attachments: # 1 Exhibit A # 2 Exhibit B1 # 3 Exhibit B2 # 4 Exhibit B3 # 5 Exhibit B4 # 6 Exhibit C # 7 Exhibit D # 8 Exhibit E # 9 Exhibit F # 10 Exhibit G # 11 Exhibit H # 12 Exhibit I # 13 Exhibit J # 14 Exhibit K) (DUNNE, STEPHEN) (Entered: 10/24/2018) |
| 01/03/2019 | | 42 | Pre−Trial Order. Pre−Trial Conference scheduled 7/17/2019 at 11:00 AM at nix2 − Courtroom #2. Joint Pre−Trial Statement due by 6/30/2019. Motions Due by 6/30/2019. All motions to amend the pleadings or for summary judgment shall be filed on or before May 3, 2019. Discovery due by 4/3/2019. Joint Statement due by 1/24/2019. (J., Christina) (Entered: 01/03/2019) |
| 02/14/2019 | | 46 | Pre−Trial Scheduling Order. Pre−Trial Hearing scheduled 9/18/2019 at 11:00 AM at nix2 − Courtroom #2. Motions Due by 8/29/2019. Discovery due by 6/2/2019. Joint Statement due by 8/29/2019. (D., Virginia) (Entered: 02/14/2019) |
| 07/18/2019 | | 56 | Pre−Trial Scheduling Order. Pre−Trial Conference scheduled 3/25/2020 at 11:00 AM at nix2 − Courtroom #2. Joint Pre−Trial Statement due by 2/28/2020. Motions to amend the pleadings or for summary judgment due by 12/26/19. Motions in limine. Due by 2/28/2020. Discovery due by 11/26/2019. (J., Randi) (Entered: 07/18/2019) |

2

| 12/26/2019 | | 71 | Motion For Summary Judgment Filed by Jewell Williams Represented by MEGAN N. HARPER (Counsel). (Attachments: # 1 Proposed Order # 2 Service List) (HARPER, MEGAN) (Entered: 12/26/2019) |
|---|---|---|---|
| 12/26/2019 | | 72 | Memorandum in Support of *Motion for Summary Judgment* Filed by MEGAN N. HARPER on behalf of Jewell Williams (related document(s)71). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M # 14 Exhibit N) (HARPER, MEGAN) (Entered: 12/26/2019) |

| | CARPENTER, LINDA | |
|---|---|---|

rchase the documents

N ALL INTERESTED PARTIES TO SELL THE PREMISES
THE TAX INFORMATION CERTIFICATE, BY THE SHER
UENT REAL ESTATE TAXES, FREE AND CLEAR OF AN
THE COURT - CARPENTER, J., 04/27/15

| E FILED | BAKER JR, GEORGE V | |
|---|---|---|

rchase the documents

E OF RULE TO FILE UPON STANLEY ZALKIN AND ELE
EGULAR MAIL ON 06/17/2015 FILED. (FILED ON BEHAL

| E FILED | | |
|---|---|---|

rchase the documents
t_ Philadelp_06-25-2015.pdf

| | CARPENTER, LINDA | |

rchase the documents

| N ALL INTERESTED PARTIES TO SELL THE PREMISES
| THE TAX INFORMATION CERTIFICATE, BY THE SHER
| UENT REAL ESTATE TAXES, FREE AND CLEAR OF AN
| THE COURT - CARPENTER, J., 04/27/15

| E FILED | BAKER JR, GEORGE V | |

rchase the documents

| E OF RULE TO FILE UPON STANLEY ZALKIN AND ELE
| EGULAR MAIL ON 06/17/2015 FILED. (FILED ON BEHAL

| E FILED | | |

rchase the documents
_ Philadelp_06-25-2015.pdf

even crazier speeds. 100%

## Local Highlights

Cobbs Creek



**57**

Median Days on Market

**$85**

Price Per Sq Ft

## Germantown Chestnut Hill

Median Listing: N/A

## Olney Oak Lane

Median Listing: N/A

est a FREE Analysis

9/6/2018

Case 18-00137-mdc    Doc 30-4    Filed 10/24/18    Entered 10/24/18 16:00:37    Desc
Exhibit B3    Page 1 of 7

☒ SHARE

City, State, or Zip

146 S 62nd St, Philadelphia, PA 19139



https://www.zillow.com/homedetails/146-S-62nd-St-Philadelphia-PA-19139/10184377_zpid/?print=true

9/6/2018

# 146 S 62nd St, Philadelphia, PA 19139

3 beds · 1 bath · 1,160 sqft

OFF MARKET

Zestimate®: $117,226

Rent Zestimate®: $1,200 /mo

EST. REFI PAYMENT

Est. Refi Payment: $529/mo

## Is this your rental?

Get a monthly local market report with comparable rentals in your area.

○ I own and manage this rental

○ I manage this rental for the owner

Enter email

Subscribe

146 S 62nd St, Philadelphia, PA is a single family home that contains 1,160 sq ft and was built in 1925. It contains 3 bedrooms and 1 bathroom.

The Zestimate for this house is $117,226, which has decreased by $2,871 in the last 30 days. The Rent Zestimate for this home is $1,200/mo. The property tax in 2017 was $56.

## Facts and Features

**Type**
Single Family

**Year Built**
1925

**Heating**
No Data



https://www.zillow.com/homedetails/146-S-62nd-St-Philadelphia-PA-19139/10184377_zpid/?print=true

2/9

9/6/2018

## INTERIOR FEATURES

❄ **Cooling**
No Data

Ⓟ **Parking**
No Data

⬚ **Lot**
1,447 sqft

**Bedrooms**
Beds: 3

**Other Interior Features**
Room count: 6

**Flooring**
Floor size: 1,160 sqft

SPACES AND AMENITIES

# Home Value

Zestimate
## $117,226

ZESTIMATE RANGE
$103,000 – $143,000

LAST 30 DAY CHANGE
-$2,871 (-2.4%)

ONE YEAR FORECAST
$118,996 (+1.5%)

# Owner Dashboard

9/6/2018

Do you own this home? See your Owner Dashboard.



# Price / Tax History

| DATE | EVENT | PRICE | $/SQFT | SOURCE |
|------|-------|-------|--------|--------|
| 11/21/17 | Sold: Foreclosure Auction | $30,000 | $25 | Public Record |

# Neighborhood: Cobbs Creek

Zillow predicts will rise 6% next year, compared to a 4.5% rise for Philadelphia as a whole. Among Cobbs Creek homes, this home is valued 40.4% more than the midpoint (median) home, and is valued 57.8% more per square foot.

9/6/2018

♀ Walk Score ® **87** (Very Walkable)

🚍 Transit Score ® **78** (Excellent Transit)

**NEIGHBORHOOD MAP**



**NEARBY HOMES**

See more nearby homes

10 photos



OFF MARKET

**$112,835** 3 bds · 1 ba · 1,160 sqft

150 S 62nd St, Philadelphia, PA

https://www.zillow.com/homedetails/146-S-62nd-St-Philadelphia-PA-19139/10184377_zpid/?print=true

9/6/2018

# Nearby Schools in Philadelphia

| | GREATSCHOOLS RATING ❷ | GRADES | DISTANCE |
|---|---|---|---|
| 1 out of 10 | Sayre William L Middle | 9-12 | 0.4 mi |
| 2 out of 10 | Bryant William C School | PK-8 | 0.5 mi |
| 3 out of 10 | Hamilton Andrew School | K-8 | 0.7 mi |

Data by GreatSchools.org ❷

**About the ratings:** Historically, GreatSchools ratings have been based solely on a comparison of standardized test results for all schools in a given state. As of September 2017, the GreatSchools ratings also incorporate additional information, when available, such as college readiness, academic progress, advanced courses, equity, discipline and attendance data. GreatSchools ratings are designed to be a starting point to help parents compare schools, and should not be the only factor used in selecting the right school for your family.

**Disclaimer:** School attendance zone boundaries are provided by a third party and subject to change. Check with the applicable school district prior to making a decision based on these boundaries.

## Similar Homes for Sale

6209 Chestnut St,

**FOR SALE**

N/A

-- beds, -- baths, 2110 sqft

6209 Chestnut St, Philadel|

## Nearby Similar Sales

**SOLD: $89,900**

Sold on 8/29/2018

3 beds, 1.0 baths, 1110 sqft

6049 Irving St, Philadelphia, PA 19139

9/6/2018

**Case 18-00137-mdc ... Philadelphia PA 19139 ... Page 709,000**

Philadelphia, PA 19139

**FOR SALE**
**$104,900**
3 beds, 1.0 baths, 960 sqft
6227 Delancey St, Philadelp
Delancey St, Philadelphia, PA 19143

**FOR SALE**
**$89,900**
3 beds, 1.0 baths, 1130 sqft
6112 Sansom St, Philadelphi
Sansom St, Philadelphia, PA 19139

**FOR SALE**
**$99,000**
3 beds, 2.0 baths, 960 sqft
257 S Hirst St, Philadelphia,
257 S Hirst St, Philadelphia, PA 19139

**FOR SALE**
**$89,900**
3 beds, 1.0 baths, 1110 sqft
6049 Irving St, Philadelphi
Irving St, Philadelphia, PA 19139

Sold on 10/24/2017
3 beds, 1.0 baths, 1200 sqft
149 S 61st St, Philadelphia, PA 19139

**SOLD: $110,000**
Sold on 11/1/2017
3 beds, 1.5 baths, 1234 sqft
185 Powell Ln, Upper Darby, PA 19082

**SOLD: $113,000**
Sold on 12/26/2017
4 beds, 1.0 baths, 1522 sqft
6030 Chestnut St, Philadelphia, PA 19139

**SOLD: $114,000**
Sold on 3/16/2018
3 beds, 1.0 baths, 977 sqft
5915 Addison St, Philadelphia, PA 19143

Jun-16          Oct-16          Feb-17          Jun-17

 **Get Price Alerts on this home**

# Houses for Sale Nearby



# SHERIFF'S OFFICE OF PHILADELPHIA COUNTY

**Jewell Williams**
*Sheriff*

**Richard Verrecchio**
*Captain*

**Kevin Lamb**
*Chief Deputy*

**Robert Jackson**
*Chief of Staff*

Date: **May 07, 2018**

To: **STANLEY ZALKIN AND ELEANOR ZALKIN**
**146 SOUTH 62ND STREET**
**PHILADELPHIA, PA 19139**

## INVOICE

TAX COLLECTION - GRB (5000

| CITY OF PHILADELPHIA | **Case Number** |
| vs. | 1504T0192 |
| STANLEY ZALKIN AND ELEANOR ZAL | (1707-5002) |

**PROPERTY ADDRESS**
146 S 62ND ST, PHILADELPHIA, PA 19139-2928

**The following costs have been incurred in the above captioned action. Money owed is due upon receipt. Thank you for your cooperation in this matter.**

**BALANCE DUE:** $     **$0.00**

Jewell Williams
Sheriff

## COSTS

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 12/29/2017 | Advertising | Total Advertising | | $255.81 | $0.00 |
| 12/29/2017 | Sheriff Costs | Total Sheriff Costs | | $2,452.90 | $0.00 |
| 10/05/2017 | Deposit on Sale | Deposit on Sale JW 53837 | 940613646 | $0.00 | $1,000.00 |
| 10/05/2017 | Deposit on Sale | Deposit on Sale JW 53837 | 1601804265 | $0.00 | $2,000.00 |
| 11/03/2017 | Balance on Sale | Balance on Sale - ABDELDAYEM HASSAN | 1601804564 | $0.00 | $27,000.00 |
| 10/06/2017 | Delinquent Taxes | (PAID 11/13/2017) | 104311 | $1,967.40 | $0.00 |
| 10/06/2017 | Current Taxes | (PAID 11/13/2017) | 104310 | $61.87 | $0.00 |
| 10/06/2017 | Water | (PAID 11/13/2017) | 104309 | $1,532.83 | $0.00 |
| 10/06/2017 | Meter Install | (PAID 11/13/2017) | 104307 | $195.00 | $0.00 |
| 11/10/2017 | Sheriff Transfer Taxes (City) | (PAID 11/15/2017) | 104318 | $1,064.54 | $0.00 |
| 11/10/2017 | Sheriff Transfer Taxes (State) | (PAID 11/15/2017) | 104318 | $343.40 | $0.00 |
| 11/10/2017 | Sheriff Record Deed | (PAID 11/15/2017) | 104318 | $257.00 | $0.00 |
| 12/29/2017 | Unused Proceeds | tbd | | $21,869.25 | $0.00 |
| | | | | $30,000.00 | $30,000.00 |
| | | | **BALANCE:** | **$0.00** | |

City of Philadelphia Sheriff, Land Title Building, Philadelphia, Pennsylvania, 19110, (215) 686-3530, (215) 686-3979 (fax)

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.



**Lyndel Toppin**
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550

The case was filed by the debtor's attorney:

**STEPHEN MATTHEW DUNNE**
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**

HASSAN, ABDELDYEM

VITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCOR

HASSAN, ABDELDYEM

SERVED ON UNKNOWN OCCUPANTS 1/27/18, 6:00PM

Court of Common Pleas of Philadelphia County
Trial Division

**Civil Cover Sheet**

For Prothonotary Use Only (Docket Number)

JANUARY 2018          003400

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ABdel DYEM HASSAN | UNKNOWN OCCUPPANT |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| 309 BARKer AVE LonSdowne PA 19050 | 146 S 62 ST PHILA 19139 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| | | ☐ Complaint      ☐ Petition Action      ☐ Notice of Appeal |
| | | ☐ Writ of Summons      ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Minor Court Appeal | ☐ Settlement |
| ☐ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Statutory Appeals | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Commerce (Completion of | ☐ W/D/Survival |
| | ☐ Other: | | Addendum Required) | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

IS CASE SUBJECT TO COORDINATION ORDER?

Hassan Vs Unknown Occupants-CMPLC

18010340000002

Yes    No
☐      ☐
☐      ☐
☐      ☐

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| ABdel DYEM HASSAN | 309 BARKer AVE |
| PHONE NUMBER          FAX NUMBER | LonSdowne PA 19050 |
| 484 5571737 | |
| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| | |
| SIGNATURE | DATE |
| | 1-22-2018 |

01-101 (Rev. 6/08)

19

# Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action.  The attorney or non-represented party filing a case shall complete the form as follows:

A. **Parties**

    i.  *Plaintiffs/Defendants*
      Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

    ii.  *Parties' Addresses*
      Enter the address of the parties at the time of filing of the action.  If any party is a corporation, enter the address of the registered office of the corporation.

    iii.  *Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

B. **Commencement Type:** Indicate type of document filed to commence the action.

C. **Amount in Controversy:** Check the appropriate box.

D. **Court Program:** Check the appropriate box.

E. **Case Types:** Insert the code number and type of action by consulting the list set forth hereunder.  To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

**Proceedings Commenced by Appeal**

Minor Court
  5M  Money  Judgment
  5L  Landlord and Tenant
  5D Denial Open Default Judgment
  5E  Code Enforcement
    Other:
Local Agency
  5B Motor Vehicle Suspension -
    Breathalizer
  5V  Motor Vehicle Licenses,
    Inspections, Insurance
  5C  Civil Service
  5K Philadelphia Parking Authority
  5Q  Liquor Control Board
  5R Board of Revision of Taxes
  5X  Tax Assessment Boards
  5Z  Zoning Board
  52  Board of View
  51  Other:
Other:

**Proceedings Commenced by Petition**
  8P   Appointment of Arbitrators
  8C  Name Change - Adult
  8L  Compel Medical Examination
  8D  Eminent Domain
  8E  Election Matters
  8F  Forfeiture
  8S   Leave to Issue Subpoena
  8M Mental Health Proceedings
  8G Civil Tax Case - Petition
  Other:

*Actions Commenced by Writ of Summons or  Complaint*

Contract
  1C   Contract
  1T Construction
  1O  Other:
Tort
  2B Assault and Battery
  2L   Libel and Slander
  4F   Fraud
  1J   Bad Faith
  2E Wrongful Use of Civil Process
    Other:
Negligence
  2V Motor Vehicle Accident
  2H Other Traffic Accident
  1F   No Fault Benefits
  4M  Motor Vehicle Property Damage
  2F Personal Injury - FELA
  2O  Other Personal Injury
  2S Premises Liability - Slip & Fall
  2P   Product Liability
  2T   Toxic Tort
    *T1  Asbestos*
    *TZ  DES*
    *T2  Implant*
  3E  Toxic Waste
    Other:

Professional Malpractice
  2D  Dental
  4L   Legal
  2M Medical
  4Y  Other:
1G Subrogation
Equity
  E1   No Real Estate
  E2   Real Estate
  1D Declaratory Judgment
  M1  Mandamus
Real Property
  3R Rent, Lease, Ejectment
  Q1   Quiet Title
  3D Mortgage Foreclosure - Residential
    Owner Occupied
  3F Mortgage Foreclosure - Not Residential
    Not Owner Occupied
  1L Mechanics Lien
  P1   Partition
    Prevent Waste
  1V  Replevin
1H Civil Tax Case - Complaint
  Other:

F. **Commerce**       **Program**

Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

G. **Statutory Basis for Cause of Action**
If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

H. **Related Pending Cases**
All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

I. **Plaintiff's Attorney**
The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

**The current version of the Civil Cover Sheet may be downloaded from the FJD's website**
**http://courts.phila.gov**

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PHILADELPHIA

*ABdel ayem HASSAN*

*unknown occuppant*

JANUARY 2018

**003400**

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral
and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333**

10-284

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

Abdel dyem HASSAN

_____
Plaintiff(s)

vs.

unKnown occuppant

_____
Defendant(s)

**JANUARY 2018**

Court Term_____, _____
           (month)      (year)

& No. _____ **003400**

## COMPLAINT IN EJECTMENT

1. Plaintiff(s) is (are) _AB dd dyeM HASSAN_____ with an
address of _146 S 62nd ST_____, Philadelphia, PA 19_39_.

2. Defendant(s) is (are) _unKnown occuppant_____
who occupy the Property located at _146 S 62nd ST PHila PA 1939_,
Philadelphia, PA 19_____.

3. Plaintiff(s) is (are) the legal owner(s) of the property by virtue of the attached Deed. A
complete copy of the Deed attached is the last recorded Deed. **[Exhibit A – Deed]**

4. Defendant(s) do not have a lease and Plaintiff(s) and Defendant(s) are not Landlord(s) and
Tenant(s).

5. Plaintiff(s) is (are) entitled to immediate possession of the Property.

6. Plaintiff(s) has (have) demanded possession of the Property from the Defendant(s) and
Defendant(s) has (have) refused to deliver up possession to Plaintiff(s).

WHEREFORE, Plaintiff(s) requests Judgment for possession of the Property.

By: _____
                      Signature

Abdel dyem HASSAN
                      Print

Address: _309 BArker AVE_
_LansDowne PA_
_19050_

**(ATTACH A COMPLETE COPY OF THE DEED AS EXHIBIT A)**

## VERIFICATION

Plaintiff(s) __Abdelalyem    HASSAN__

---

hereby verify that the statements set forth in the foregoing Complaint are true and correct to the best of

my knowledge, information and belief. I understand that these statements are made subject to the

penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
Signature

_____
Signature

Dated: __1, 22, 018__

eRecorded in Philadelphia PA   Doc Id: 53294873
11/21/2017 05:01 PM     Page 1 of 6    Rec Fee: $252.00
Receipt#: 17-121162
Records Department    Doc Code: DS
State RTT: $343.40    Local RTT: $1,064.54

I707-5002

# Know all Men by these Presents

*THAT I, Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in consideration of the sum of THIRTY THOUSAND AND XX / 100 [$30,000.00] dollars, to me in hand paid, do hereby grant and convey to ABDELDAYEM HASSAN .*

## DESCRIPTION

BRT#: 031193800

Premises Being:    146 S 62ND ST, PHILADELPHIA, PA 19139-2928

SEE ATTACHED LEGAL DESCRIPTION

*The same having been sold, on the 5th day of October Anno Domini Two Thousand Seventeen, after due advertisement, according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of Common Pleas as of April Term, Two Thousand Fifteen Number T0192 as the suit of:*

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

In witness whereof, I have hereunto affixed my signature this 9th day of November Anno Domini Two Thousand Seventeen.

**SEALED AND DELIVERED**
**IN THE PRESENCE OF:**

*Marilyn R Franke*
Marilyn R Franks (Nov 10, 2017)
Witness

*Richard Tyer*
Richard Tyer (Nov 10, 2017)
Witness

**Jewell Williams, SHERIFF**

**BY**

*Inspector Richard Verrecchio*
Inspector Richard Verrecchio (Nov 10, 2017)

Richard Verrecchio, Real Estate Inspector

Commonwealth of Pennsylvania
County of Philadelphia

On this, the 09 Nov 2017, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS/HER REAL ESTATE INSPECTOR RICHARD VERRECCHIO, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Steven J. Wulko (Nov 10, 2017)

Office of Judicial Records
Steven  J.  Wulko, Deputy Director

Book No. _____ 1707
Writ No. _____ 5002
Control No. _____

**Deed = Poll**

Jewell Williams, SHERIFF

TO

ABDELDAYEM HASSAN

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

Apr. T. 2015

No. _____ T0192

Premises:
146 S 62ND ST
PHILADELPHIA, PA19139-2928

Sheriff of the County of Philadelphia
Captain Richard Verrecchio
Witness
Real Estate/Settlement Dept.
Land Title Building
100 South Broad Street 5th Floor
Philadelphia, PA19110

The Address of the within-named Grantee
309 BARKER AVENUE
LANSDOWNE, PA19050
On behalf of the Grantee
Jewell Williams, SHERIFF
Philadelphia Sheriff Office

26



**pennsylvania**
DEPARTMENT OF REVENUE

Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

**RECORDER'S USE ONLY**

| | |
|---|---|
| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

### A.  CORRESPONDENT - All inquiries may be directed to the following person:

| Name | | Telephone Number |
|---|---|---|
| Sheriff of the County of Philadelphia | | (215) 686-3530 |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| Land Title Building 100 South Broad Street 5th Floor | Philadelphia | PA | 19110 |

### B.  TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| Jewell Williams, Sheriff | ABDELDAYEM HASSAN |

| Mailing Address | Mailing Address |
|---|---|
| Land Title Building 100 South Broad Street 5th Floor | 309 BARKER AVENUE |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Philadelphia | PA | 19110 | LANSDOWNE | PA | 19050 |

### C.  REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 146 S 62ND ST | PHILADELPHIA |

| County | School District | Tax Parcel Number |
|---|---|---|
| Philadelphia | | 031193800 |

### D.  VALUATION DATA

Was transaction part of an assignment or relocation?  ☐ Y  ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| $30,000.00 | + $0.00 | = $30,000.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| $34,000.00 | x 1.01 | = $34,340.00 |

### E.  EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | | |

2. Check Appropriate Box Below for Exemption Claimed.

☐  Will or intestate succession. _____

         (Name of Descendant)         (Estate File Number)

☐  Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐  Transfer from a trust. Date of transfer into trust _____

    If trust was amended attach a copy of original and amended trust.

☐  Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐  Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation orin lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐  Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐  Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐  Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐  Other (Please explain exemption claimed.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| Tiffany Harrison | 11/09/2017 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Case 08-00237-mdc 05-13 cv-01-9 Document 10-24 18 Filed 10/16/20 24/16 10:00 37:42 Desc
Exhibit F   Page 10 of 11   Page 5 of 6   11/21/2017 05:01 PM
93294873

| BOOK NO. | PAGE NO. |
|---|---|

## PHILADELPHIA REAL ESTATE
## TRANSFER TAX CERTIFICATION

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

NAME
Sheriff of the County of Philadelphia                  TELEPHONE NUMBER (215) 686-3530

STREET ADDRESS
Land Title Building 100 South Broad Street 5th Floor    CITY Philadelphia   STATE PA   ZIP CODE 19110

**B. TRANFER DATA**

| | DATE OF ACCEPTANCE OF DOCUMENT: |
|---|---|

GRANTOR(S)/LESSOR(S)
Jewell Williams, Sheriff

GRANTEE(S)/LESSEE(S)
ABDELDAYEM HASSAN

STREET ADDRESS
Land Title Building 100 South Broad Street 5th Floor

STREET ADDRESS
309 BARKER AVENUE

CITY Philadelphia   STATE PA   ZIP CODE 19110

CITY LANSDOWNE   STATE PA   ZIP CODE 19050

**C. PROPERTY LOCATION**

STREET ADDRESS
146 S 62ND ST

CITY, TOWNSHIP, BOROUGH
PHILADELPHIA

COUNTY
PHILADELPHIA

SCHOOL DISTRICT

TAX PARCEL NUMBER
031193800

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION $30,000.00 | 2. OTHER CONSIDERATION + $0.00 | 3. TOTAL CONSIDERATION = $30,000.00 |
|---|---|---|
| 4. COUNTY ASSESSED VALUE $34,000.00 | 5. COMMON LEVEL RATIO FACTOR X 1.01 | 6. FAIR MARKET VALUE = $34,340.00 |

**E. EXEMPTION DATA**

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED | |
|---|---|---|

Transfer Tax:  $1,407.94

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or intestate succession _____
(NAME OF DECEDENT)                              (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number _____ , Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete._

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY
Tiffany Harrison

DATE
11/9/2017

*1 1707 - 5002*

## Legal Description

BRT/OPA #:    031193800

| | |
|---|---|
| Assessed Legal Description: | 139' 3" S OF SANSOM  15' 4" X 94' 5" |
| Abbreviated Legal Description: | 15' 4" X 94' 5-7/8" |

Actual Legal Description for Premises:

146 S 62ND ST

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.

SITUATE on the West side of 62nd Street at the distance of 138 feet 3 inches Southward from the South side of Sansom Street.

CONTAINING in front or breadth on 62nd Street 15 feet 4 inches and extending of that width in length or depth Westwardly at right angles with 62nd Street 94 feet 5-7/8 inches to a certain 3 feet wide alley leading Northward and Southward between Sansom Street and Walnut Street.

BEING the same premises which Patricia Roberts Harris, Secretary of Housing and Urban Development, of Washington, D.C. by Deed dated 02/01/1978 and recorded 03/08/1978 at Philadelphia in Deed Book DCC 1603 - 269 granted and conveyed unto Stanley Zalkin and Eleanor, h/w in fee.

Case ID: 1504T0192

29

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

Abdelaym HASSAN **Plaintiff**

v.

Unknown occupant **Defendant**

January 10 TERM, 2018

NO. 3400

Hassan Vs Unknown Occupants-AFDVT

18010340000004

## RETURN OF SERVICE/AFFIDAVIT

I, Ahmed Nafie , hereby certify that I served a true and correct copy of the (Complaint)/ Notice of Appeal / Rule on Unknown occupants

(Insert Name of Party)

1)    By handing a copy to the (Defendant)/ Appellee, Unknown occupants

on the 27 day of Jan , 20 18 at 6.00 AM/(PM) at

146 s 62nd st , Philadelphia, PA. 19139

2)    By handing a copy to _____ , an adult

member of the family/adult person in charge of Defendant's / Appellee's residence,

on the ___ day of _____ , 20___, at _____AM/PM, at

_____ , Philadelphia, PA.

I verify that the statements in this Return of Service are true and correct. I further verify that I am an adult over the age of 18 and not related to any party in this action.
I understand that this unsworn document contains statements that are made subject to the penalties of 18 P.C.S. §4904 relating to unsworn falsification to authorities.

Sworn to and Affirmed
This 29 day Jan 2018

Notary Public
(SEAL)

Abfie (Sign)

Ahmed Nafie (Print Name)

Return of Service – rev. 4-27-15

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RAED ALTAYEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 17, 2018

By: ABDELDYEM HASSAN.
Address: 309 BAKER AVE
LANDSDOWNE, PA 19050.
Telephone: 484-557-1737.

HASSAN.

_____

Plaintiff(s)

vs.

All UNKNOWN
OCCUPANTS.

_____

Defendant(s)

FILE

2018 APR -5 PM 4:

OFFICE OF ...
... JUDICIAL DISTRICT OF PA

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION – CIVIL

_____ Term, _____
(month)        (year)

No. 180103400
(4 digits)

### PRAECIPE TO ENTER DEFAULT JUDGMENT
### FOR POSSESSION

TO THE OFFICE OF JUDICIAL RECORDS:

Please enter a default judgment in favor of Plaintiff(s), ABDELDYEM HASSAN.

and against Defendant(s), All UNKNOWN OCCUPANTS ; for failure to answer or otherwise

respond to the Complaint.

1.    The complaint was served upon Defendant(s) on 1/27/18 by PERSONAL DELIVERY.
                                                                         (manner of service)

A copy of the Proof of Service is attached hereto / filed of record.

2.    A copy of the Notice pursuant to Pa.R.C.P. 237.1(2) is attached hereto. A copy of the

Certification of Service of the Notice is attached hereto.

3.    Enter Judgment for Possession of premises known as 146 S. 62ND ST.
                                                                       PHILA PA 19139

Hassan Vs Unknown Occupants-JDDFF



18010340000005

_____
                                                                               Plaintiff

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

Abdelaziz M HASSAN _Plaintiff_

v.

_Unknown_
_occupant_ _Defendant_

January TERM, 2018

NO. 3400

Hassan Vs Unknown Occupants-AFDVT

18010340000004

**RETURN OF SERVICE/AFFIDAVIT**

I, _Ahmed Nafie_ , hereby certify that I served a true and
correct copy of the (Complaint) / Notice of Appeal / Rule on _Unknown occupants_
(Insert Name of Party)

1) By handing a copy to the (Defendant) / Appellee, *_Unknown occupants_*

on the 27 day of _Jan_ , 2018 at _6.00_ AM/(PM) at

_146 s 62nd st_ , Philadelphia, PA. 19139

2) By handing a copy to _____, an adult

member of the family/adult person in charge of Defendant's / Appellee's residence,

on the ___ day of _____, 20__, at _____ AM/PM, at

_____, Philadelphia, PA.

I verify that the statements in this Return of Service are true and correct. I further verify
that I am an adult over the age of 18 and not related to any party in this action.
I understand that this unsworn document contains statements that are made subject to
the penalties of 18 P.C.S. §4904 relating to unsworn falsification to authorities.

Sworn to and Affirmed
This 29 day JAN 2018

_____
Notary Public
(SEAL)

_Nafie_ (Sign)

_Ahmed Nafie_ (Print Name)

Return of Service – rev. 4-27-15

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RAED ALTAYEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 17, 2018

By: ABDELDYEM HASSAN

Address: 309 BAKER AVE

LANDSDOWN, PA 19050

Telephone: 484-557-1737

_HASSAN_

_____

_____

Plaintiff(s)

vs.

ALL UNKNOWN

OCCUPANTS

_____

Defendant(s)

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION – CIVIL

_____ Term, _____
(month)        (year)

No. 18D103400

(4 digits)

## CERTIFICATION OF SERVICE OF NOTICE OF PRAECIPE
## TO ENTER JUDGMENT OF DEFAULT

On 4-5-18 , the undersigned caused a copy of the Notice of Praecipe to Enter Judgment of

Default to be served by CERTIFIED MAIL upon Defendant(s) ALL UNKNOWN OCCUPANTS
                        (manner of service)

I verify that the facts are true and correct and understand that the statements made in this Certification

have been made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
                                        Plaintiff

By: _ABDELDYM HASSAN_

Address: _309 BARKER AVE_

_LANDSDOWNE, PA 19050_

Telephone: _484-557-1737_

_HASSAN_

_____

Plaintiff(s)

vs.

_ALL UNKNOWN_

_OCCUPANTS_

_____

Defendant(s)

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION – CIVIL

_____ Term, _____
(month)          (year)

No. _180103400_
(4 digits)

## AFFIDAVIT OF NON-MILITARY SERVICE

The above-named defendant resides at _146 S. 62ND St, Phila_ and the defendant is not in

the Military Service of the United States, nor any State or Territory thereof or its allies as defined in the

Servicemembers Civil Relief Act of 2003 and the amendments thereto.

(X) _____
Plaintiff

Sworn to and subscribed
Before me this _5th_ day
Of _April_ _2018_
_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
TAMMY V. BYARS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires January 24, 2020

OFFICE OF JUDICIAL RECORDS
COURT OF COMMON PLEAS
ROOM 284, CITY HALL PHILADELPHIA, PA 19107

ERIC FEDER
DIRECTOR, OFFICE OF JUDICIAL RECORDS

+ ABdelayan HASSAN
_____ Plaintiff

vs.

Unknown Occupants
_____ Defendant

To: Unknown Occupants (Defendant)
(NOTE: Serve on unrepresented defendant or on defendant's attorney)

Date of Notice: 2-20-18

COURT OF COMMON PLEAS
(Philadelphia County)

Jan. Term, 20 18

No. 3400

## Notice, Rule 237.5
## Notice of Praecipe to Enter Judgment by Default

### IMPORTANT NOTICE

You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the Court your defenses or objections to the claims set forth against you. Unless you act within ten days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or other important rights.

You should take this paper to your lawyer at once. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer.

If you cannot afford to hire a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

Philadelphia Bar Association
Lawyer Referral and Information Service
1101 Market Street, 11th Floor Philadelphia, Pennsylvania 19107
(215) 238-6333

### NOTIFICACION IMPORTANTE

Usted está en defecto porque usted no ha podido entrar en un aspecto escrito, personalmente o mediante abogado y archivo por escrito ante el Tribunal sus defensas u objeciones a las alegaciones expuestas en su contra. A menos que usted actúa dentro de los diez días siguientes a la fecha de esta notificación, la resolución podrá ser en su contra sin una audiencia y usted puede perder su propiedad u otros derechos importantes.

Usted debe tomar este trabajo con su abogado a la vez. Si usted no tiene un abogado, vaya a o llamar por teléfono a la oficina se establece a continuación. Esta oficina puede proporcionarle información sobre la contratación de un abogado.

Si usted no puede permitirse el lujo de contratar a un abogado, esta oficina puede ser capaz de proporcionarle información acerca de las agencias que pueden ofrecer servicios legales a personas con derecho a una tarifa reducida o ninguna cuota.

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215)238-6333

### If you have any questions concerning this notice, please call:

ABddayan HASSAN
(Name of Attorney or Plaintiff)

146 S. 62nd St Philia PA 19139
(Attorney's or Plaintiff's Address)

at this telephone number: 484 557 1737

10-205 (Rev. 4/2015)

# PHILADELPHIA COURT OF COMMON PLEAS
## PETITION/MOTION COVER SHEET

**CONTROL NUMBER:**

**045073**

**(RESPONDING PARTIES MUST INCLUDE THIS NUMBER ON ALL FILINGS)**

FOR COURT USE ONLY

ASSIGNED TO JUDGE: _____ ANSWER/RESPONSE DATE

**RESPONSE DATE**
**APR 2 5 2018**
**OFFICE OF JUDICIAL RECORDS**

*Do not send Judge courtesy copy of Petition, Motion or response. Status may be obtained online at http://c...*

Hassan

vs.

Unknown Occupants

_____ Term, _____
Month        Year

No. 18010340C

Name of Filing Party: Abdeldyem Hassan

(Check one)  ☒ Plaintiff  ☐ Defendant
(Check one)  ☒ Movant    ☐ Respondent

Has another petition/motion been decided in this case?  ☐ Yes  ☐ No
Is another petition/motion pending?

If the answer to either question is yes, you must identify the judge(s):  ☐ Yes  ☐ No

## INDICATE NATURE OF DOCUMENT FILED:

☐ Petition (Attach Rule to Show Cause)   ☒ Motion

☐ Answer to Petition                    ☐ Response to Motion

**TYPE OF PETITION/MOTION** *(see list on reverse side)*

Motion for writ of possession

**PETITION/MOTION CODE** *(see list on reverse side)*

MTWPS

ANSWER/RESPONSE FILED TO *(Please insert the title of the corresponding petition/motion to which you are responding):*

### I. CASE PROGRAM

Is this case in the *(answer all questions)*:

**A. COMMERCE PROGRAM**

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?

☐ Yes  ☐ No

**B. DAY FORWARD/MAJOR JURY PROGRAM** — Year_____

Name of Judicial Team Leader: _____

Applicable Petition/Motion Deadline: _____

Has deadline been previously extended by the Court?

☐ Yes  ☐ No

**C. NON JURY PROGRAM**

Date Listed: ✓

**D. ARBITRATION PROGRAM**

Arbitration Date: _____

**E. ARBITRATION APPEAL PROGRAM**

Date Listed: _____

**F. OTHER PROGRAM:** _____

Date Listed: _____

### II. PARTIES (required for proof of service)
(Name, address and *telephone number* of all counsel of record and unrepresented parties. Attach a stamped addressed envelope for each attorney of record and unrepresented party.)

Unknown Occupants
146 S. 62 St.
Phila. PA 19139

309 Barker Ave
Lansdowne PA 19050

Hassan Abdeldyem

4845571337

### III. OTHER

By filing this document and signing below, the moving party certifies that this motion, petition, answer or response along with all documents filed, will be served upon all counsel and unrepresented parties as required by rules of Court (see PA. R.C.P. 206.6, Note to 208.2(a), and 440). Furthermore, moving party verifies that the answers made herein are true and correct and understands that sanctions may be imposed for inaccurate or incomplete answers.

_____     4-5-2018     HASSAN ABDELdyem     _____
*(Attorney Signature/Unrepresented Party)*   *(Date)*   *(Print Name)*   *(Attorney I.D. No.)*

The Petition, Motion and Answer or Response, if any, will be forwarded _____ ate. No extension of the
Answer/Response Date will be granted



Hassan Vs Unknown Occupants-MTWPS

30-1061 (Rev. 8/2014)

18010340000006

## IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

H2520

_____
Plaintiff/Petitioner

               :
               :

v.

               :
               :

Unknown Occupants

_____
Defendant/Respondent

               :
               :

_____ Term, 20_____

No. 180103400

Control No. **045073**

### RULE

AND NOW, this _____ day of _____, _____, upon consideration of the foregoing Motion/Petition _____

_____

_____, a RULE is hereby entered upon the Respondent to show cause why the relief requested therein should not be granted.

RULE RETURNABLE on the _____ day of _____, _____, at _____ a.m./p.m., in Courtroom _____, City Hall, Philadelphia, PA  19107.

BY THE COURT:

_____
                    J.

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

Hasan

_____
                    Plaintiff

v.

unknown occupants

_____
                    Defendant

_____Term, 20_____

No. 180103400

Control No. **045073**

## ORDER

AND NOW, this \_\_\_\_ day of _____, \_\_\_\_\_, upon consideration of the

Motion/Petition _____

_____, and

any response thereto, it is ORDERED and DECREED that said Motion/Petition is _____

_____.

_____

_____

_____

_____.

BY THE COURT:

_____
                                J.

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

Hassan

_____    :
_____    :
                        Plaintiff   :        _____ Term, 20_____
                                    :
              v.                    :        No. 180103400
                                    :
unknown occupants                   :        **045073**
_____    :        Control No._____
                        Defendant   :

motion for writ of possession

(Please fill in information below)

see attached

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CIVIL**

Hassan                                    :            _____ TERM, _____

                                          :

_____                 :
           **Plaintiff(s)**               :            No. 8010340C0

**vs.**                                   :

Unknown occupants                         :                    **045073**

_____                 :
           **Defendant(s)**

---

**MOTION FOR WRIT OF POSSESSION**

1.  On, 10/5/2017 _____, Plaintiff became the record owner of the property

    located at 146 S. 32nd Street _____, Philadelphia, PA 19139 _____

    by virtue of a DEED recorded on 11/21/2017 _____ at Document Identification

    Number 53294873 _____. A true and correct copy of the DEED is

    attached hereto as Exhibit "A".

2.  Plaintiff commenced this Civil Action in Ejectment by Complaint on

    1/22/2018 _____.

3.  Service process/Affidavit of Service was made in accordance with PA. R.C.P. and/or

    Court Order for Alternative Service against the occupants of the Property.

4.  Judgment by Default was entered of record on ___4|5|2018_____

against the occupants of the Property. A true and correct copy of the Plaintiff's Praecipe

to Enter Default Judgment is attached hereto as Exhibit "B" and made a part hereof.

5.  With respect to enforcement of judgments in ejectment actions, PA. R.C.P. 3160

provides (in pertinent part) the following: "[a] judgment for possession shall be enforced

by a Writ of Possession substantially in the form provided by Rule 3254."

6.  The Property continues to be occupied by individuals other than the legal owner,

necessitating issuance of a Writ of Possession followed by scheduling of a lock-out.

7.  Plaintiff has not permitted or authorized any individual to occupy the Property.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter an Order

authorizing the issuance of a Writ of Possession of the real property situated at

___146 S. 62nd Street_____ , Philadelphia, PA _19139_____.

Respectfully submitted,

___HASSAN ABdel_____
                                                                Print

___GUVE_____
                                                                Sign

Date: __4 5 18_____

## VERIFICATION

I, _HASSAN ABdel kerim_, Plaintiff/Defendant, verify that the facts set forth in the foregoing are true and correct to the best of my information, knowledge and belief.

I understand that the statements contained herein are subject to the Penalties of 18 Pa.C.S.A., Section 4904 relating to unsworn falsification to authorities.

_HASSAN ABdel kerim_
(Print Name)

_(Signature)_

Date: _4-5 2018_

## CERTIFICATION OF SERVICE

I, ___HASSAN ABdul_____, hereby certify that a true and correct copy of the foregoing Motion/Petition and accompanying papers, was served on the below listed addresses by First-Class United States mail, postage pre-paid on _____(date):

Name: __Unknown occupants_____

Address: __146 S. 62nd Street_____

Address:_____

City, State, Zip Code: __Phila. PA 19139_____

Name:_____

Address:_____

Address:_____

City, State, Zip Code:_____

Name:_____

Address:_____

Address:_____

City, State, Zip Code:_____

Date: __4-5-2018__                          By: _____

eRecorded in Philadelphia PA   Doc Id: 53294873
11/21/2017 05:01 PM    Page 1 of 6    Rec Fee: $252.00
Receipt#: 17-121162
Records Department    Doc Code: DS
State RTT: $343.40    Local RTT: $1,064.54

1707-5002

# Know all Men by these Presents

*THAT I, Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for*

*and in consideration of the sum of THIRTY THOUSAND AND XX / 100 [$30,000.00] dollars, to me in*

*hand paid, do hereby grant and convey to ABDELDAYEM HASSAN .*

## DESCRIPTION

BRT#: **031193800**

Premises Being:    **146 S 62ND ST, PHILADELPHIA, PA 19139-2928**

SEE ATTACHED LEGAL DESCRIPTION

*The same having been sold, on the 5th day of October Anno Domini Two Thousand Seventeen, after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of Common Pleas as of*

*April Term, Two Thousand Fifteen Number T0192 as the suit of:*

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

**In witness whereof, I have hereunto affixed my signature this 9th day of November Anno Domini Two**

**Thousand Seventeen.**

**SEALED AND DELIVERED
IN THE PRESENCE OF:**

*Marilyn R Franks*
<sub>Marilyn R Franks (Nov 10, 2017)</sub>
_____
Witness

*Richard Tyer*
<sub>Richard Tyer (Nov 10, 2017)</sub>
_____
Witness

**Jewell Williams, SHERIFF**

**BY**

*Inspector Richard Verrecchio*
<sub>Inspector Richard Verrecchio (Nov 10, 2017)</sub>
Richard Verrecchio, Real Estate Inspector

**Commonwealth of Pennsylvania**    :

**County of Philadelphia**    :

On this, the 09 Nov 2017, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS/HER REAL ESTATE INSPECTOR RICHARD VERRECCHIO, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_Steven J. Wulko_
Steven J. Wulko (Nov 10, 2017)

**Office of Judicial Records**
**Steven  J. Wulko, Deputy Director**

---

Book No. _____ 1707
Writ No. _____ 5002
Control No. _____

# Deed = Poll

Jewell Williams, SHERIFF

TO

ABDELDAYEM HASSAN

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

The Address of the within-named Grantee
**309 BARKER AVENUE**
**LANSDOWNE, PA 19050**
On behalf of the Grantee

Jewell Williams, SHERIFF
Philadelphia Sheriff Office

Apr. T. 2015

No. _____ T0192

Premises:
**146 S 62ND ST**
**PHILADELPHIA, PA 19139-2928**

**Sheriff of the County of Philadelphia**
**Captain Richard Verrecchio**
**Witness**
**Real Estate/Settlement Dept.**
**Land Title Building**
**100 South Broad Street 5th Floor**
**Philadelphia, PA 19110**

REV-183 EX (2-15)

**pennsylvania**
DEPARTMENT OF REVENUE

Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

53294873    Page 4 of 5

**REALTY TRANSFER TAX STATEMENT OF VALUE**

See reverse for instructions.

| RECORDER'S USE ONLY |
|---|
| State Tax Paid |
| Book Number |
| Page Number |
| Date Recorded |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT - All Inquiries may be directed to the following person:

| Name | | | Telephone Number |
|---|---|---|---|
| **Sheriff of the County of Philadelphia** | | | **(215) 686-3530** |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **Philadelphia** | **PA** | **19110** |

## B. TRANSFER DATA

Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| **Jewell Williams, Sheriff** | **ABDELDAYEM HASSAN** |

| Mailing Address | Mailing Address |
|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **309 BARKER AVENUE** |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| **Philadelphia** | **PA** | **19110** | **LANSDOWNE** | **PA** | **19050** |

## C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| **146 S 62ND ST** | **PHILADELPHIA** |

| County | School District | Tax Parcel Number |
|---|---|---|
| **Philadelphia** | | **031193800** |

## D. VALUATION DATA

Was transaction part of an assignment or relocation?  ☐ Y  ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| **$30,000.00** | **+ $0.00** | **= $30,000.00** |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| **$34,000.00** | **x 1.01** | **= $34,340.00** |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | | |

**2. Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____
    (Name of Descendant)                    (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into trust _____

    If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation orin lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| **Tiffany Harrison** | **11/09/2017** |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Case 18-00137-mdc Doc 30-1 Doc 30-12 Filed 10/24/18 Filed 10/24/18 Entered 10/24/18 18:00:37 Entered 10/24/18 18:00:37 Desc
Exhibit I Page 13 of 14

53294873 Page 5 of 6 11/21/2017 05:01 PM

| | BOOK NO. | PAGE NO. |
|---|---|---|

# PHILADELPHIA REAL ESTATE
# TRANSFER TAX CERTIFICATION

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

## A. CORRESPONDENT - All inquiries may be directed to the following person:

NAME
**Sheriff of the County of Philadelphia**

TELEPHONE NUMBER
**(215) 686-3530**

STREET ADDRESS
**Land Title Building 100 South Broad Street 5th Floor**

CITY
**Philadelphia**

STATE
**PA**

ZIP CODE
**19110**

## B. TRANFER DATA

DATE OF ACCEPTANCE OF DOCUMENT:

GRANTOR(S)/LESSOR(S)
**Jewell Williams, Sheriff**

GRANTEE(S)/LESSEE(S)
**ABDELDAYEM HASSAN**

STREET ADDRESS
**Land Title Building 100 South Broad Street 5th Floor**

STREET ADDRESS
**309 BARKER AVENUE**

CITY
**Philadelphia**

STATE
**PA**

ZIP CODE
**19110**

CITY
**LANSDOWNE**

STATE
**PA**

ZIP CODE
**19050**

## C. PROPERTY LOCATION

STREET ADDRESS
**146 S 62ND ST**

CITY, TOWNSHIP, BOROUGH
**PHILADELPHIA**

COUNTY
**PHILADELPHIA**

SCHOOL DISTRICT

TAX PARCEL NUMBER
**031193800**

## D. VALUATION DATA

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| **$30,000.00** | **+ $0.00** | **= $30,000.00** |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| **$34,000.00** | **x 1.01** | **= $34,340.00** |

## E. EXEMPTION DATA

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED | **Transfer Tax: $1,407.94** |
|---|---|---|

### 2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____
  *(NAME OF DECEDENT)*              *(ESTATE FILE NUMBER)*

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____.

☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number _____, Page Number _____.
  Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| **Tiffany Harrison** | **11/9/2017** |

48

*1 1708 - 5002*

## Legal Description

BRT/OPA #:    031193800

Assessed Legal Description:    139' 3" S OF SANSOM 15' 4" X 94' 5"

Abbreviated Legal Description:    15' 4" X 94' 5-7/8"

146 S 62ND ST

Actual Legal Description for Premises:

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.

SITUATE on the West side of 62nd Street at the distance of 138 feet 3 inches Southward from the South side of Sansom Street.

CONTAINING in front or breadth on 62nd Street 15 feet 4 inches and extending of that width in length or depth Westwardly at right angles with 62nd Street 94 feet 5-7/8 inches to a certain 3 feet wide alley leading Northward and Southward between Sansom Street and Walnut Street.

BEING the same premises which Patricia Roberts Harris, Secretary of Housing and Urban Development, of Washington, D.C. by Deed dated 02/01/1978 and recorded 03/08/1978 at Philadelphia in Deed Book DCC 1603 - 269 granted and conveyed unto Stanley Zalkin and Eleanor, h/w in fee.

Case ID: 1504T0192

PRAECIPE FOR WRIT OF POSSESSION

## Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

_HASSAN_

Plaintiff

vs.

_UNKOWN OCCUPANTS_

Defendant

COURT OF COMMON PLEAS

_____ Term, 20_____

NO. _180103400_

## Praecipe for Writ of Possession

**TO THE OFFICE OF JUDICIAL RECORDS:**

Issue Writ of Possession in the above matter, for possession of: *(describe property)*

_146 S 62nd ST_

_Phila PA 19039_

_____

_Attorney(s) for Plaintiff(s)_

2018 MAY -7 PH 4: 05
OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PA

Hassan Vs Unknown Occupants-WRPOS

Ejectment Quiet Title

18010340000010

Form C.P. 109

*Ejectment*
*Quiet Title*

## Commonwealth of Pennsylvania
## County of Philadelphia

HASSAN

COURT OF COMMON PLEAS

*vs.* UNKOWN
OCCPANIS

_____ Term, 20_____

No. 18010 3460 _____

# Writ of Possession

To the Sheriff of Philadelphia County:

(1)  To satisfy the judgment for possession in the above matter you are directed to deliver possession of the following described property to:

HASSAN ABdd yer

(2)  To satisfy the costs against

NNOWN OCCUP CCANTS

you are

directed to levy upon any property of

146 S. 62nd St
PHILa PA 19139

and sell

interest therein.



ERIC FEDER
Director, Office of Judicial Records

By  _N. Sanya_ _____
                    *Clerk*

Date  _May 7, 2018_ _____

10-207 (Rev. 1/01)

**Court of Common Pleas**

_____ Term, 20____

No. 180103400

HASSAN    vs. UNkownoccupnTS

WRIT OF POSSESSION

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

HASAN                                          :        Case No.  180103400
                                               :
         v.                                    :        Control No.  18045073
                                               :
UNKNOWN OCCUPANTS                              :

ORDER

AND NOW, this 27th day of April, 2018, upon consideration of Plaintiff's Motion for

Writ of Possession, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that the Office of Judicial Records for the First Judicial District is

directed to issue a Writ of Possession for the real property located at 146 S. 62nd Street,

Philadelphia, PA 19139 upon Praecipe of Plaintiff.

BY THE COURT:

_____ J.

RECEIVED

APR 3 0 2018

OFFICE OF JUDICIAL
RECORDS

Hassan Vs Unknown Occup-ORDER

18010340000008

**CountySuite™ SHERIFF**

## Contact Details

babriyan.beasley

**Contact Information**   Show Details

All Case Contacts: | ABDELDAYEM HASSAN - Third Party Buyer ▾

**Full Name:**
Last Name / Company Name
HASSAN
First | Middle | Suffix
ABDELDAYEM

Contact Category: | Third Party Buyer ▾
Primary contact for this category ☑

**Alias / Heirs:**

Mobile Phone: | 610-818-5463 | ☐ Has Warrant  ☐ Has Photo

**Notes:**

Warning Notes:
(Deputy Use Only)

**Address Information**

| | |
|---|---|
| Line 1: | 309 BARKER AVENUE |
| Line 2: | |
| City: | LANSDOWNE |
| State: | Pennsylvania ▾   Zip: 19050 |
| County: | Philadelphia ▾ |
| Municipality: | Philadelphia City ▾ |
| Email: | |
| Notes: | |

Address Category: Home ▾
Primary address for this contact ☑
Service address for this contact ☑

Phone: | | Fax: |
Company Name: |
Department: | | Mail Stop: |
Job Title: |

Warning Notes:
(Deputy Use Only)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Lyndel Toppin, | : | |
| Debtor. | : | Bankruptcy No.  18-13098-MDC |

| | | |
|---|---|---|
| Lyndel Toppin, | : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 18-00137-MDC |
| Jewell Williams, Sheriff of the City of Philadelphia and Abdeldayem Hassan aka Abdeldyem Hassan, | : | |
| Defendants. | : | |

### PRETRIAL SCHEDULING ORDER

**AND NOW**, this 3rd day of January, 2019, the plaintiff having filed an adversary proceeding and the defendants having filed a responsive pleading, it is hereby **ORDERED** that:

1.      On or before **January 24, 2019**, the parties shall comply with Fed. R. Bankr. P. 7007.1, if the rule is applicable thereto, and the required disclosure statement has not yet been filed.

2.      On or before **January 24, 2019**, the parties shall submit to chambers a joint statement indicating whether they consent to participate in the court-annexed mediation program. The joint statement may include up to three suggested mediators from the list of certified mediators, which list may be obtained from the Clerk.  If the joint statement contains no suggested mediator(s), then the Court will choose one.

3.      On or before **January 24, 2019**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026.  During said conference, the parties shall consider, as

part of their deliberations on how to proceed with discovery (including electronic discovery), the discovery and pretrial schedule detailed in paragraph 6 below in this Order.

4.      **Within fourteen days of the conclusion of the parties' discovery conference**, should the parties propose a discovery or pretrial schedule that *differs from the one below*, they shall file with the Bankruptcy Court a report on discovery as mandated by Fed. R. Civ. P. 26(f). The parties shall detail those differences in their Rule 26(f) report, along with the reasons therefore.  The Court may, when appropriate, order a hearing based upon the information found in the Rule 26(f) report.  If the parties are in agreement with the discovery schedule as outlined herein, no report need be filed unless there are objections to the initial discovery disclosures.

5.      **Within fourteen days after the conclusion of the Rule 26(f) conference**, the parties shall provide the initial disclosures detailed in Fed. R. Civ. P. 26(a)(1).  Any objections to the initial discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be clearly raised in a Rule 26(f) report.

6.      The following discovery and pretrial schedule shall be considered by the parties in their deliberations at their discovery conference:

A.      All discovery shall be completed on or before **April 3, 2019**.

B.      All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party, in accordance with Fed. R. Civ. P. 26(a)(2) on or before **March 4, 2019**.

C.      All motions to amend the pleadings or for summary judgment shall be filed on or before **May 3, 2019**.

D.      All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the bankruptcy court on or before **May 17, 2019**.

E.      Any objections to the Rule 26(a)(3) disclosures shall be served on opposing parties and filed with the bankruptcy court on or before **May 31, 2019**.

2

F.    On or before **June 30, 2019**, the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 7 below and file a copy with chambers.  The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate, assemble and submit the proposed pretrial statement.  Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission.

Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

G.    All motions *in limine* shall be filed on or before **June 30, 2019**.

7.    The joint pretrial statement shall be in the following form:

A.    <u>Basis of jurisdiction</u>.  A statement setting forth the basis of jurisdiction and whether the matter is core or noncore.  If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2).  If the parties disagree, they shall each cite to relevant authority to support their positions.

B.    <u>Statement of uncontested facts</u>.  A statement of the uncontested facts.

C.    <u>Statement of facts which are in dispute</u>.  A statement of the facts in dispute. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

D.    <u>Damages or other relief</u>.  A statement of damages claimed or relief sought. A party seeking damages shall provide, for each cause of action being pursued: (a) a detailed description of each item of damages claimed; (b) the legal authority for such damages and (c) the specific amount of damages claimed.  A party seeking relief other than damages shall, for each cause of action being pursued, list the exact form of relief sought with precise designation of persons, parties, placed and things expected to be included in any order for relief and the legal authority for such relief.

E.    <u>Legal issues</u>.  For the causes of action being pursued, identify the following: (i) the constitutional, statutory, regulatory and decisional authorities being relied upon for each cause of action; (ii) the elements which must be satisfied to prevail on each cause of action; and (iii) which party bears the burden of proof on each element.  Also list any additional legal issues (*e.g.*, affirmative defenses) that will be relevant to the court's

3

disposition of the matter, the authority pertinent to each legal issue, and the party which bears the burden on the issue.

F.      Witnesses.  A list of witnesses in the order in which they will be called, along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expected to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

G.      A list of all exhibits.  A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule.  Documents which a party may offer if the need arises shall be separately identified.

H.      A list of each discovery item and trial deposition.  A list of each discovery item and trial deposition to be offered into evidence. Counsel shall designate by page portion of deposition testimony and by number the interrogatories/request for admissions which shall be offered into evidence.

I.      Estimated trial time and scheduling issues.  A statement of: (i) the estimated time which the trial will require; and (2) any issues that should be considered in setting a trial date (e.g. witnesses traveling from out-of-state who will need notice of the trial date to make their travel plans).

J.      Certification.  A certification that the parties have attempted good faith settlement discussions without success.

8.      A mandatory pretrial/settlement conference shall be held on **July 17, 2019, at 11:00 a.m.**, in **Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.**

9.      If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conferences, the adversary proceeding shall be set down for trial at the Court's first available trial date.  The trial may be continued only in exceptional circumstances on motion to and leave of Court.

10.      Seven (7) or more days prior to the date of the trial, each party is required to provide:  (i) a copy of exhibits to the opposing parties; and (ii) two copies of exhibits to

4

chambers.

11.    The Court may require each party to file (and, if not directed by the Court, each

party may choose to file), five (5) days prior to the date of the trial, a pretrial memorandum with

service on the opposing party and a courtesy copy delivered to chambers.

_Magdeline D. Coleman_

_____

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Stephen M. Dunne, Esquire
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Megan N. Harper, Esquire
City of Philadelphia
Law/Revenue Department
Municipal Service Building
1401 John F. Kennedy Boulevard, Room 580
Philadelphia, PA 19102-1595

David M. Offen, Esquire
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                                          :
Lyndel Toppin                                                   :        Chapter 13
                    Debtor.                                     :
                                                                :        Bankruptcy No. 18-13098-MDC

_____                        :

Lyndel Toppin                                                   :
                    Plaintiff.                                  :
v.                                                              :        Adversary No. 18-00137-MDC
                                                                :
Jewell Williams, Sheriff of the City of Philadelphia           :
and Abdeldayem Hassan a/k/a Abdeldyem Hassan                    :
                                                                :
                    Defendants.                                 :

_____

### PRETRIAL SCHEDULING ORDER

**AND NOW**, this day of February 4, 2019, the Plaintiff, Lyndel Toppin and the
Defendants, Jewel Williams and Abdeldayem Hassan, by and through their undersigned
attorneys, respectfully submit this Joint Pretrial Schedule. The dates set forth in following Joint
Pretrial Schedule differ from the Court's Pretrial Scheduling Order (ECF # 42) by sixty (60) days
to accommodate the arrival of debtor's counsel's baby in/around March 15, 2019 and his
intention take paternity leave to spend some quality tummy time with his new baby.

The parties submit the following Joint Pretrial Schedule:

A.    All discovery shall be completed on or before **June 2, 2019**.

B.    All expert witnesses shall be identified and a copy of each expert's report
      shall be provided to every other party, in accordance with Fed. R. Civ. P.
      26(a)(2) on or before **May 3, 2019**.

C.    All motions to amend the pleadings or for summary judgment shall be
      filed on or before **July 2, 2019**.

D.    All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be
      served on opposing parties and filed with the bankruptcy court on or
      before **July 16, 2019**.

E.       Any objections to the Rule 26(a)(3) disclosures shall be served on opposing parties and filed with the bankruptcy court on or before **July 30, 2019**.

F.       On or before **August 29, 2019**, the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 7 below and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate, assemble and submit the proposed pretrial statement. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission. Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

G.       All motions in limine shall be filed on or before **August 29, 2019.**

H.       A mandatory pretrial/settlement conference shall be held on **September 18, 2019 at 11.00 a.m.**, in Bankruptcy Courtroom No. 2, Robert N.C. Nix  Federal  Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.

So Ordered,

February 14, 2019

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Stephen M. Dunne, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Megan N. Harper, Esquire
City of Philadelphia
1401 John K. Kennedy Boulevard, Room 580
Philadelphia, PA 19102

David M. Offen, Esquire
601 Walnut Street, Suite 160
Philadelphia, PA 19106

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
Lyndel Toppin                                    :        Chapter 13
          Debtor.                                :
                                                 :        Bankruptcy No. 18-13098-MDC

_____              :

Lyndel Toppin                                    :
          Plaintiff.                             :
v.                                               :        Adversary No. 18-00137-MDC
                                                 :
Jewell Williams, Sheriff of the City of Philadelphia :
and Abdeldayem Hassan a/k/a Abdeldyem Hassan     :
                                                 :
          Defendants.                            :

_____

## PRETRIAL SCHEDULING ORDER

**AND NOW**, this day of July 18, 2019, the Plaintiff, Lyndel Toppin and the
Defendants, Jewel Williams and Abdeldayem Hassan, by and through their undersigned
attorneys, respectfully submit this Joint Pretrial Schedule. The dates set forth in following
Joint Pretrial Schedule differ from the Court's Pretrial Scheduling Order (ECF # 46):

The parties submit the following Joint Pretrial Schedule:

    A.      All discovery shall be completed on or before **November 26, 2019.**

    B.      All expert witnesses shall be identified and a copy of each expert's report
shall be provided to every other party, in accordance with Fed. R. Civ. P.
26(a)(2) on or before **October 25, 2019.**

    C.      All motions to amend the pleadings or for summary judgment shall be
filed on or before **December 26, 2019.**

    D.      All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be
served on opposing parties and filed with the bankruptcy court on or
before **January 16, 2020.**

E.      Any objections to the Rule 26(a)(3) disclosures shall be served on opposing parties and filed with the bankruptcy court on or before **January 3, 2020.**

F.      On or before **February 28, 2020** the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 7 below and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate, assemble and submit the proposed pretrial statement. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission. Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

G.      All motions in limine shall be filed on or before **February 28, 2020.**

H.      A mandatory pretrial/settlement conference shall be held on **March 25, 2020 at 11.00 a.m.**, in Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania.

So Ordered,

_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE

Stephen M. Dunne, Esquire
1515 Market Street, Suite 1200
Philadelphia, PA 19102

Megan N. Harper, Esquire
City of Philadelphia
1401 John K. Kennedy Boulevard, Room 580
Philadelphia, PA 19102

David M. Offen, Esquire
601 Walnut Street, Suite 160
Philadelphia, PA 19106

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------x
In re:                                    :
                                          :    Chapter 13
LYNDEL TOPPIN,                            :
                                          :    Bankruptcy No. 18-13098 (MDC)
            Debtor.                       :
-------------------------------------------------x
-------------------------------------------------x
                                          :
LYNDEL TOPPIN,                           :
                                          :
            Plaintiff,                    :    Adv. Pro. No. 18-00137 (MDC)
                                          :
            v.                            :
                                          :
JEWELL WILLIAMS SHERIFF                   :
OF THE CITY OF PHILADELPHIA and          :
ABDELDAYEM HASSAN a/k/a                   :
ABDELDYEM HASSAN,                         :
                                          :
            Defendant                     :
-------------------------------------------------x
```

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his undersigned counsel, submits this Motion for Summary Judgement and in support thereof avers the following:

1.    Plaintiff, Lyndel Toppin (the "Plaintiff"), commenced this Adversary Proceeding against the Sheriff and co-defendant Abdeldayem Hassan alleging willful violations of the automatic stay under Section 362(a) of Chapter 11 of title 11 of the United States Code § 101, et seq. (the "Bankruptcy Code") for post-petition enforcement of a writ of possession against unknown occupants at 146 S. 62nd Street, Philadelphia, Pennsylvania.

2.    According to the Plaintiff, execution of the writ was: 1) the commencement or continuation of a judicial proceeding; 2) the enforcement of a judgment against the Debtor or

property of the estate, and; 3) an act to obtain possession of property of the estate or property from the estate. *See* Debtor's Second Amended Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan (the "Complaint") [Docket No. 29] at p. 2.

3.      The Plaintiff seeks damages including emotional distress and punitive damages, costs and attorney's fees pursuant to Section 362(k) of the Bankruptcy Code. *See* Complaint, pp. 10-12.

4.      The Complaint's allegations of liability against the Sheriff are unsupported by fact or law.

5.      As set forth more fully in the City's Memorandum of Law in Support of Summary Judgment, the Sheriff is entitled to quasi-judicial immunity for conduct in execution of an order of court.

6.      In addition, executing the writ was a ministerial act that is not subject to the Bankruptcy Code's automatic stay.

7.      To the extent the Court is not inclined to grant summary judgement in the Sheriff's favor and dismiss the Complaint entirely, the Sheriff is entitled to partial summary judgment with respect to damages.

8.      Emotional distress damages cannot be awarded against the Sheriff pursuant to 11 U.S.C. § 106(a)(5) and the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541, *et seq.*

9.      Nor does the Sheriff's alleged conduct rise to a level such that Plaintiff could recover damages for emotional distress in this case. Plaintiff only generally averred as to the

nature of his emotional injuries and has not produced any medical evidence to corroborate the harm or to establish a causal connection to the Sheriff's actions.

10.     Lastly, Plaintiff may not seek punitive damages against the Sheriff pursuant to 11 U.S.C. § 106(a)(3).

11.     The Sheriff is entitled to summary judgment in his favor for the reasons set forth herein and as more fully set forth in the Memorandum of Law.

WHEREFORE, the Sheriff respectfully requests that the Court grant summary judgment in his favor, dismiss the Complaint with prejudice and grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: December 26, 2019          By:     /s/ Megan N. Harper
                                          MEGAN N. HARPER
                                          Deputy City Solicitor
                                          PA Attorney I.D. 81669
                                          Attorney for the City of Philadelphia
                                          City of Philadelphia Law Department
                                          Municipal Services Building
                                          1401 JFK Boulevard, 5th Floor
                                          Philadelphia, PA  19102-1595
                                          215-686-0503 (phone)
                                          Email: Megan.Harper@phila.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-------------------------------------------------x
In re:                              :
                                    :   Chapter 13
LYNDEL TOPPIN,                      :
                                    :   Bankruptcy No. 18-13098 (MDC)
           Debtor.                  :
-------------------------------------------------x
-------------------------------------------------x
                                    :
LYNDEL TOPPIN,                      :
                                    :   Adv. Pro. No. 18-00137 (MDC)
           Plaintiff,               :
                                    :
       v.                           :
                                    :
JEWELL WILLIAMS SHERIFF            :
OF THE CITY OF PHILADELPHIA and    :
ABDELDAYEM HASSAN a/k/a            :
ABDELDYEM HASSAN,                  :
                                    :
           Defendant                :
-------------------------------------------------x
```

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2020, upon consideration of The

Sheriff of the City of Philadelphia's Motion for Summary Judgment ("Motion") and

Memorandum of Law in Support of Summary Judgment, and any response thereto, it is hereby

ORDERED that the Motion is GRANTED and the Complaint is hereby DISMISSED with

prejudice.

BY THE COURT:

_____

MAGDELINE D. COLEMAN
CHIEF JUDGE, U.S. BANKRUPTCY COURT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                          :
                                                :         Chapter 13
                                                :
LYNDEL TOPPIN,                                  :
                                                :         Bankruptcy No. 18-13098 (MDC)
              Debtor.                           :
-------------------------------------------------------x
-------------------------------------------------------x
                                                :
LYNDEL TOPPIN,                                  :
                                                :         Adv. Pro. No. 18-00137 (MDC)
              Plaintiff,                         :
                                                :
       v.                                       :
                                                :
JEWELL WILLIAMS SHERIFF                         :
OF THE CITY OF PHILADELPHIA and                 :
ABDELDAYEM HASSAN a/k/a                          :
ABDELDYEM HASSAN,                                :
                                                :
              Defendant                         :
-------------------------------------------------------x
```

## <u>CERTIFICATE OF SERVICE</u>

I, Megan N. Harper, do certify that on December 26, 2019, I caused a true and correct copy

of the Sheriff of the City of Philadelphia's Motion for Summary Judgment and Memorandum of

Law in Support thereof to be served via CM/ECF and by U.S. First Class Mail, postage prepaid,

upon the parties listed below:

Stephen M. Dunne, Esquire
515 Market Street
Suite 1200
Philadelphia, PA 19102

Predrag Filipovic, Esq.
BNY Mellon Center
1735 Market Street
Suite 3750
Philadelphia, PA 19103

David M. Offen, Esquire
The Curtis Center
601 Walnut Street
Philadelphia, PA 19106


THE CITY OF PHILADELPHIA


Dated: December 26, 2019          By:     */s/ Megan N. Harper*
                                          MEGAN N. HARPER
                                          Deputy City Solicitor
                                          PA Attorney I.D. 81669
                                          City of Philadelphia Law Department
                                          Municipal Services Building
                                          1401 JFK Boulevard, 5th Floor
                                          Philadelphia, PA  19102-1595
                                          215-686-0503 (phone)
                                          Email: Megan.Harper@phila.gov

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------x
In re:                                 :
                                       :        Chapter 13
LYNDEL TOPPIN,                         :
                                       :        Bankruptcy No. 18-13098 (MDC)
             Debtor.                   :
-------------------------------------------------------x
-------------------------------------------------------x
                                       :
LYNDEL TOPPIN,                         :
                                       :
             Plaintiff,                :        Adv. Pro. No. 18-00137 (MDC)
                                       :
        v.                             :
                                       :
JEWELL WILLIAMS SHERIFF                :
OF THE CITY OF PHILADELPHIA and        :
ABDELDAYEM HASSAN a/k/a                :
ABDELDYEM HASSAN,                      :
                                       :
             Defendant                 :
-------------------------------------------------------x
```

**THE SHERIFF OF THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Jewell Williams, Sheriff of the City of Philadelphia (the "Sheriff"), by and through his

Counsel, Megan N. Harper, Deputy City Solicitor, hereby files the following Memorandum of

Law in Support of Motion for Summary Judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      On October 05, 2017, 146 South 62nd Street, Philadelphia, PA 19139 (the

"Property") was sold pursuant to a lawful sheriff's sale for delinquent taxes. A true and correct

copy of the Civil Docket Report from the Philadelphia Court of Common Pleas case number

1504T0192 is attached hereto as Exhibit "A."

2.      At all times relevant hereto, public records identified the property owners as

Eleanor and Stanley Zalkin. *See* Ex. A.

3.    Defendant Abdeldayem Hassan a/k/a Abdeldyem Hassan ("Defendant Hassan")
was the winning bidder at the sale. *See* Ex. A.

4.    On November 21, 2017, the Office of the Sheriff of Philadelphia recorded the
deed from the Zalkins to Mr. Hassan. A true and correct copy of the Sheriff's Deed for the
Property is attached hereto as Exhibit "B."

5.    On January 22, 2018, Defendant Hassan filed an ejectment action in the
Philadelphia Court of Common Pleas against "Unknown Occupants" of the Property. A true and
correct copy of the Civil Docket Report from the Philadelphia Court of Common Pleas docket
180103400 is attached hereto as Exhibit "C."

6.    On April 05, 2018, Defendant Hassan received a default judgment and filed a
Motion for Writ of Possession against Unknown Occupants, which was granted on April 30,
2018. *See* Ex. C.

7.    The court's Order dated April 30, 2018 directed the Office of Judicial Records to
issue a Writ of Possession upon Praecipe of Plaintiff. *See* Ex. C.

8.    Defendant Hassan filed the Praecipe and the court issued the Writ of Possession
against Unknown Occupants for the Property on May 07, 2018. True and correct copies of the
Praecipe and Writ of Possession are attached hereto as Exhibit "D."

9.    On May 8, 2018, on or around 3:52 PM, Defendant Hassan brought the Writ of
Possession to the Civil Enforcement Unit of the Sheriff's Office for enforcement against
Unknown Occupants. A true and correct copy of the Writ of Possession from the Civil
Enforcement Unit of the Sherriff's Office is attached hereto as Exhibit "E."

10.    Later that day, at 6:04 PM, Lyndel Toppin ("Plaintiff") filed a voluntary Chapter
13 bankruptcy petition with this Court, case number 18-13098. *See* Plaintiff's Second Amended

Complaint Concerning Willful Violations of the Automatic Stay by Defendants Sheriff of the City of Philadelphia and Abdeldayem Hassan a/k/a Abdeldyem Hassan ("Compl.") [Docket No. 29] at ¶ 33.

11.    On or around May 08, 2018, at 10:25 PM, the Real Estate Unit received a fax with the subject line "Notice of Bankruptcy Case Filing – Book/Writ 1707-5002.[1]" A true and correct copy of the fax of Notice of Bankruptcy dated May 08, 2018 is attached hereto as Exhibit "F."

12.    The Notice of Bankruptcy was noted on May 09, 2018, on the Sheriff's Return of Service pertaining to the sheriff sale action of the same Book/Writ number. A true and correct copy of the Sheriff's Return of Service for Court of Common Pleas case number 1504T0192 is attached hereto as Exhibit "G."

13.    However, it is the Civil Enforcement Unit of the Sheriff's Office, which is distinct from the Real Estate Unit, that is tasked primarily with enforcing civil complaints, which includes enforcing Writs of Possession, executing pursuant to court orders, and enforcing injunctions. A true and correct copy of the deposition of Deputy Sheriff Lieutenant Sean Thornton, 9:1–6, Dec. 12, 2019, is attached hereto as Exhibit "H."

14.    The sheriffs of the Civil Enforcement Unit are trained to cease all operations, including any actions on complaints or writs, when the Unit is notified of a bankruptcy stay. Ex. H 12:22–13:4, 14:10–15:9; and a true and correct copy of the deposition of Deputy Sheriff Jetaria Taylor, 32:12–33:9, Dec. 12, 2019, is attached hereto as Exhibit "I."

---

[1] The Book/Writ Number 1701-5002 is related to the Sheriff's sale proceeding, docketed in the Philadelphia Court of Common Pleas under case number 1504T0192 and attached here as Ex. A. This is not connected to the Writ of Possession, docketed in the Philadelphia Court of Common Pleas under case number 180103400, and attached here as Ex. D.

15.     The Civil Enforcement Unit of the Sheriff's Office, however, was unaware that a Bankruptcy had been filed at this time. Ex. I 30:6–31:14, 32:4–11.

16.     The Civil Enforcement Unit cannot view information related to the sheriff sale proceeding held by the Real Estate Unit in the Sheriff's database system. Ex. I 30:16–31:14, 32:4–11.

17.     The Civil Enforcement Unit may receive notice about a bankruptcy from another part of the Sheriff's Office if it's clear that it's related to an eviction or the work of the Civil Enforcement Unit. Ex. I 32:4–11.

18.     On or about May 10, 2018, Deputy Sheriff Jetaria Taylor ("Deputy Taylor") went out to the Property to personally serve the Notice to Vacate the premises. A true and correct copy of the Service Event Report dated May 10, 2018 is attached hereto as Exhibit "J."

19.     When she was unable to effectuate personal service, pursuant to Unit policy, she posted the notice to the front door, left a copy of the notice in the mail slot at the Property, and mailed a copy of the notice through regular mail. Ex. I 9:14–18, 14:1–9; Ex. H 57:21–58:11.

20.     On May 31, 2018, a Certificate of Notice was filed in this case which indicates the Bankruptcy Noticing Center mailed a notice of the Plaintiff's bankruptcy case to the Philadelphia Sheriff's Office at 100 S. Broad Street, 5th Floor, Philadelphia, PA 19110, and provided electronic notice to the City of Philadelphia Law Department at bankruptcy@phila.gov. A true and correct copy of the BNC Certificate of Notice, 18-13098, ECF No. 12, is attached hereto as Exhibit "K."

21.     On June 01, 2018, Deputy Taylor returned to the Property to personally serve the Eviction Notice. Ex. I 18:21–24.

22.     When she was unable to effectuate personal service again, pursuant to Unit policy, she posted the notice to the front door, left a copy of the notice in the mail slot at the Property, and mailed a copy of the notice through regular mail. Ex. I 9:14–18, 14:1–9; Ex. H 57:21–58:11.

23.     On or around June 07, 2018, the Civil Enforcement Unit received a fax advising that Lyndel Toppin filed a Chapter 13 bankruptcy case on May 08, 2018. A true and correct copy of the fax of Notice of Bankruptcy dated June 07, 2018 is attached hereto as Exhibit "L.

24.     The Sheriff's Office noted the bankruptcy on the Writ of Possession, *see* Ex. E, in the book where the future eviction for the Property was logged, a true and correct copy of the possession log book is attached hereto as Exhibit "M," and in the JEWELL database system used by the Civil Enforcement Unit. A true and correct copy of the Service Event Report dated June 25, 2018 is attached hereto as Exhibit "N."

25.     At that time, all activity to enforce the Writ of Possession was halted.

26.     On June 11, 2018, the Plaintiff filed this adversary proceeding against Defendant Hassan and the Sheriff of the City of Philadelphia.

27.     Plaintiff alleges that their counsel attempted to notify the Sheriff's Office on various occasions from May 8, 2018 to June 7, 2018, Compl. ¶¶ 35–41, 43–45, but that the Sheriff of Philadelphia continued to employ process to execute on the Writ of Possession on no less than six (6) separate occasions after the bankruptcy was filed. Compl. ¶ 47. Plaintiff alleges that, due to the Sheriff's and Defendant Hassan's enforcement activity, the Plaintiff has been harmed. Compl. ¶ 64.

28.     Plaintiff now asks this court to find that the Sheriff willfully violated the automatic stay, Compl. ¶¶ 65–66; to find that the Sheriff is in contempt of this Court by violating

5

the automatic stay, Compl. ¶ 67; to issue a declaratory judgment and an injunction against the

Sheriff, *Id.*; and lastly to award personal and emotion injuries as actual damages, attorneys fees

and expenses, punitive damages, and pre- and post-judgment interest. Compl. ¶ 68.

## II.    SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Fed. R.

Civ. P. 56(a)</u>. An issue is "genuine" only if there is a sufficient evidentiary basis on which a

reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, <u>477 U.S.

242, 249</u> (1986). A factual dispute is "material" if it might affect the outcome of the suit under

governing law. *See id*. All inferences must be drawn, and all doubts resolved, in favor of the

nonmoving party, here, the Plaintiff. *See United States v. Diebold, Inc.*, <u>369 U.S. 654, 655</u>

(1962); *Gans v. Mundy*, <u>762 F.2d 338, 341</u> (3d Cir. 1985).

On motion for summary judgment, the moving party bears the initial burden of

identifying those portions of the record that he or she believes demonstrate the absence of

material fact disputes. *See Celotex Corp. v. Catrett*, <u>477 U.S. 317, 323</u> (1986). To defeat

summary judgment, the non-moving party must respond with facts of record that contradict the

facts identified by the moving party and may not rest on mere denials. *See id*. at 321, n.3; *First

Nat'l Bank of Pa. v. Lincoln Nat'l Life Ins. Co.*, <u>824 F.2d 277, 282</u> (3d Cir. 1987). In a case where

the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving

party must, by affidavits or by the depositions and admissions on file, "make a showing

sufficient to establish the existence of [every] element essential to that party's case." *Celotex*,

<u>477 U.S. at 322-24</u>. The non-moving party must adduce more than a mere scintilla of evidence in

its favor to defeat the moving party's summary judgment motion. *See Williams v. Borough of

West Chester, Pa.*, <u>891 F.2d 458, 460</u> (3d Cir. 1989).

Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." *Schwartz v. Hospital of Univ. of Pa.,* 1993 WL 153810 at *2 (E.D. Pa. May 7, 1993). With respect to an issue on which the non-moving party has the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325.

## III.   ARGUMENT

### A.  The Sheriff is Entitled to Quasi-Judicial Immunity

The Sheriff cannot be held liable for violating the automatic stay provision at Section 362(a) of the Bankruptcy Code because the Sheriff is entitled to quasi-judicial immunity. It is well settled that judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Figueroa v. Blackburn,* 208 F.3d 435, 440 (3d Cir.2000). The doctrine of quasi-judicial immunity extends absolute immunity to persons executing valid court orders from civil actions for damages challenging conduct authorized by the order. *See Coverdell v. The Department of Social and Health Services, State of Washington,* 834 F.2d 758, 764-765 (9th Cir. 1987); *see also Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 772–73 (3d Cir. 2000).

> The rational for immunizing persons who execute court orders is apparent. Such persons are themselves 'integral parts of the judicial process.' *Briscoe v. LaHue,* 460 U.S. 325, 355, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983). The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised.

*Coverdell*, 834 F.2d at 765. The application of quasi-judicial immunity to any public official acting pursuant to court directive is based on a well-grounded principle that those who are

required to follow the instructions of a court have no discretion but to obey the order and mandate of the court. *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir. 1969). Thus, the Sheriff, in executing the writ against unknown occupants at the Property, was performing a ministerial function, without discretion, at the direction of the judge and is entitled to immunity. *Waits v. McGowan,* 516 F.2d 203, 206 (3d Cir. 1975).

In Pennsylvania, a sheriff's only duties established by statute are court-related functions. The Pennsylvania Constitution provides that sheriffs are county officers. Pa. Const. Art. IX, § 4. Although the Constitution establishes the office, it does not describe the duties of a sheriff. *Kopko v. Miller,* 892 A.2d 766, 770–71 (Pa. 2006). While the sheriff's power at common law was formidable, other institutions, including modern law enforcement agencies, have greatly diminished the authority of the sheriff's office. *Com. v. Leet,* 585 A.2d 1033, 1037 (Pa. Super. 1991) (citations omitted). "Today, the sheriff's principal function is as an arm of the court, which is the duty specifically assigned to the office of sheriff by the legislature." *Com. v. Leet,* 585 A.2d at 1037. A sheriff is mandated to "serve process and execute orders directed to him pursuant to the law." 42 Pa.C.S.A. § 2921; *Kopko v. Miller,* 892 A.2d at 772; *Commonwealth v. Copenhaver,* 200 A.3d 956, 960–61 (Pa. Super. 2018), *appeal granted,* 215 A.3d 970 (Pa. 2019); *Allegheny County Deputy Sheriff's Ass'n v. Pennsylvania Labor Relations Bd.,* 504 A.2d 437, 439 (PA Cmwlth. 1986) (a sheriff's role is as an arm of the judicial system, implementing court-related processes).

There are numerous examples of courts extending quasi-judicial immunity to sheriffs and sheriff's deputies carrying out orders of court. The Third Circuit has held that the York County Sheriff carrying out a foreclosure sale pursuant to a facially valid court order is entitled to quasi-judicial immunity. *See Conklin v. Anthou,* 495 F. App'x 257, 264 (3d Cir. 2012); *see also*

*Watkins v. City of Philadelphia*, No. CV 17-0060, 2017 WL 3394618, at *2 (E.D. Pa. Aug. 8, 2017). The United States District Court for the Eastern District of Pennsylvania found the Sheriff and then Acting Sheriff Barbara Deeley were entitled to quasi-judicial immunity for executing a facially valid writ following judgment in an action for ejectment. *Jamaladdin v. Dietterick*, No. CIV.A. 12-4686, 2013 WL 331336, at *1-2 (E.D. Pa. Jan. 29, 2013). The Third Circuit also applied the doctrine to the Sheriff of Allegheny County when the Court found that an order of a judgment entered in Family Division proceedings may not serve as a basis for a civil action for damages against the Sheriff whose deputies jailed a party to the proceedings based upon those orders. *See Addlespurger v. Corbett*, 461 F. App'x 82, 85–86 (3d Cir. 2012).

The scope of the quasi-judicial immunity, though broad, does not extend to actions taken outside the scope of a non-judicial officer's duty. It extends only to acts authorized by court order and excludes acts that exceed such authorization. Thus, for example, officers may be immune from making an arrest pursuant to a warrant, but not for use of excessive force when executing an arrest warrant. *Russell v. Richardson*, 905 F.3d 239, 248–49 (3d Cir. 2018). Nor does it extend to discretionary actions not taken at the direction of a judge. *See Snyder v. Fleming*, 102 F.Supp.2d 592, 596 (M.D. Pa. 2000) (denying summary judgement to sheriff's office defendants who seized plaintiff's property in order to satisfy a judgment for which they were entitled to immunity, but also provided incorrect discretionary advice to the plaintiff for which they may not have been entitled to immunity).

The Plaintiff does not allege that the Sheriff was acting outside the scope of his authority pursuant to the facially valid writ issued by the Court of Common Pleas of the First Judicial District. Plaintiff's allegations against the Sheriff all stem from the lawful enforcement of the writ. The allegations against the Sheriff are essentially that after allegedly receiving notice of the

bankruptcy, the Sheriff sought to enforce the writ of possession on six separate occasions. In fact, Deputy Taylor sought to personally serve a Notice to Vacate once and an Eviction Notice once, but because personal service could not be made, a copy of each document was posted to the Property, left in the mail slot of the Property and mailed to the Property. There is no suggestion that the writ was enforced in a manner that was beyond the scope of the mandate contained therein, which directed the Sheriff to deliver possession to Defendant Hassan. Nor was the Sheriff exercising any discretion in enforcing the writ. Thus, even taking the facts as alleged in the light most favorable to the Plaintiff, quasi-judicial immunity would extend to the Sheriff under these circumstances.

### B. Execution of the Writ is a Ministerial Act Not Subject to the Automatic Stay

The Sheriff's mandate to enforce the writ of possession is so clear that the act of execution is a ministerial act that is not subject to the automatic stay. Section 362(a)(1) prohibits the continuation of any prepetition judicial, administrative, or other action against the debtor, including the issuance or employment of process. 11. U.S.C. § 362(a)(1). However, "Ministerial acts, even if undertaken post-petition within the context of a judicial or other court proceeding do not violate the automatic stay, in particular § 362(a)(1)." *In re Pulcini,* 261 B.R. 836, 834 (Bankr. W.D. Pa. 2001). *See also In re Connors,* 497 F.3d 314, 321 (3d Cir.2007) (delivery of sheriff's deed, although conveying legal title, is a ministerial act). In the instant case it is manded that the Sheriff, "either personally or by deputy, *shall* serve process and execute orders directed to him pursuant to law." 42 Pa.C.S.A. § 2921 (emphasis added). The use of word "shall" makes execution of the order a ministerial act rather than a judicial function. *See e.g., In re Williams,* 371 B.R.102, 111 (Bankr. E.D. Pa. 2007). When an official's duty is delineated by

law with such crystalline clarity that nothing is left to the exercise of the official's discretion or judgment, the resultant act is ministerial. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997).

Ministerial acts are the antithesis of judicial acts as judicial acts involve the exercise of discretion or judgment. *In re Soares*, 107 F.3d 969, 974 (1st Cir. 1997). The entry of the judgment for possession, prior to the filing of Plaintiff's bankruptcy petition, concluded the judicial proceedings. What followed with respect to the execution of the writ of possession were mere ministerial acts following the completion of the judicial function. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 528 (2d Cir. 1994); *In re Soares*, 107 F.3d at 974 (actions taken in obedience to the judge's peremptory instructions or otherwise defined and nondiscretionary are ministerial and do not violate the automatic stay even if taken after an affected party files for bankruptcy).

An act is ministerial where the law not only allows it, but demands it. For example, in *In re Williams*, 371 B.R. 102 (Bankr. E.D. Pa. 2007), a landlord brought its eviction action before the Magisterial District Court under Pennsylvania's Landlord Tenant Act, 63 P.S. § 250.101 *et seq.* The rules regarding the judgment, entered prior to the tenant's bankruptcy petition, require that the landlord first file a request for an Order for Possession. Pa. R.C.P.M.D.J. 515. Chief Judge Sigmund further noted that:

> Upon such a request, 'the magisterial district judge *shall* issue the order for possession and *shall* deliver it for service and execution to the sheriff ... The order *shall* direct the officer executing to deliver actual possession of the real property to the plaintiff.' Pa. R.C.P.M.D.J. 516 (emphasis added).

*Id*. at 111. She concluded that in using the word "shall" the Rule makes the issuance and execution of the order a ministerial act rather than judicial function requiring the exercise of discretion. *Id*.

11

The issuance and execution of the writ of possession at issue here were similarly ministerial. Defendant Hassan filed an ejectment action in the Philadelphia Court of Common Pleas. Pursuant to the applicable rules of civil procedure, a judgment for possession *shall* be enforced by a writ of possession. Pa. R.C.P. No. 3160. The procedure for enforcement of the judgment for possession *shall* be in accordance with the rules governing the enforcement of judgments for the payment of money. Pa. R.C.P. No. 3161. Execution *shall* be commenced by filing a praecipe for a writ of execution with the prothonotary of any county in which judgment has been entered. Pa. R.C.P. No. 3103. Upon issuance of the writ the prothonotary *shall* transmit it directly to the sheriff to whom it is directed or deliver it to the plaintiff for transmittal. Pa. R.C.P. No. 3103. The sheriff *shall* note on the writ the date and time when it is received. Pa. R.C.P. No. 3105. All the foregoing acts, ministerial in nature, occurred prior to the Plaintiff filing his bankruptcy petition. Although the Sheriff did execute on the writ post-petition, he had no discretion in performing his official duty when executing the writ because, pursuant to statute, the Sheriff "either personally or by deputy, *shall* serve process and execute orders directed to him pursuant to law." Thus, any post-petition efforts to enforce the writ were also ministerial in nature and are not in violation of the automatic stay.

### C.  Plaintiff Is Not Entitled to Emotional Distress Damages

The Sheriff's Motion for Summary Judgment should be granted because the Plaintiff may not seek emotional distress damages against the Sheriff. Furthermore, based on the facts in the record the Plaintiff would not be able to establish that the alleged actions of the Sheriff caused him emotional distress such that he could recover emotional distress damages in this case.

12

**1.  The abrogation of sovereign immunity under 11 U.S.C. § 106(a) to allow a "money recovery" against a governmental unit does not permit an award for emotional distress damages.**

Congress provided for a limited waiver of sovereign immunity as to governmental units. 11 U.S.C. § 106(a). The abrogation of sovereign immunity, or lack thereof, is applicable to claims for damages by debtors alleging violations of the automatic stay. 11 U.S.C. §§ 106(a)(1), 362(k). While the Bankruptcy Code allows a court to enter a judgment against a governmental unit and award a "money recovery," the Bankruptcy Code does not abrogate a governmental unit's sovereign immunity as to emotional distress damages.

The First Circuit decision in *In re Rivera Torres* provides a very thorough review on this issue. 432 F.3d 20 (1st Cir. 2005). In *Torres*, the First Circuit Court of Appeals considered the issue of whether the Bankruptcy Code's abrogation of sovereign immunity to allow "money recovery" includes the authority to enter a judgment for damages claimed for emotional distress. *Torres* involved the violation of a discharge order by the Internal Revenue Service. The court recognized that other circuits took the position that there was no authority "to support the proposition that emotional distress is an appropriate item of damages for civil contempt." *Id*. at 27 (citing *Burd v. Walters*, 868 F.2d 665, 670 (4th Cir. 1992) (holding that compensation for emotional distress was not intended as a "device for redressing private injuries"). However, the First Circuit did not need to reach the same conclusion. Based on the legislative history of the Bankruptcy Code and the United States Supreme Court's interpretation of the term "money recovery" under the Administrative Procedures Act, *id.* at 29 (discussing *Bowen v. Massachusetts*, 487 U.S. 879 (1988)), the Court found that Congress did not intend Section 106(a)(3) to abrogate sovereign immunity to allow emotional distress damages. *Id.* at 31.

The U.S. Supreme Court has long held that a waiver of sovereign immunity must be "unequivocally expressed" by the statutory text. *See F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (citations omitted). At issue in *Cooper* was whether the government's waiver in the Privacy Act for "actual damages" included recovery for emotional distress damages. *Id.* The Court reviewed the "canon of interpretation" that requires that any ambiguities in the statute be construed in favor of upholding sovereign immunity, and that "ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the Government." *Id.* at 290-291 (citations omitted). Although there are no specific "magic words" to waive immunity, the scope of the waiver must be "clearly discernable from the statutory text" using traditional tools of statutory construction. *Id.* at 291. If it is not, the sovereign immunity canon of statutory construction requires that ambiguous language be construed to favor the sovereign. *Id.*

In *In re Lansaw*, 853 F.3d 657 (3d Cir. 2017), cert. denied sub nom. *Zokaites v. Lansaw*, 138 S.Ct. 1001 (2018), the Third Circuit Court of Appeals considered whether "actual damages" included emotional distress damages specifically for willful violations of the automatic stay under 11 U.S.C. 362(k). The facts of the case involved "egregious" violations of the automatic stay, taken by the landlord of property occupied by the debtors. *Id.* at 669. The court found that emotional distress damages were recoverable as "actual damages" under 362(k)(1) for willful violations of the automatic stay. *Id.* at 664. The court explicitly noted, however, that the defendant in that case was not "the federal government nor a state government" and left open "the question of whether emotional-distress damages may be recovered under § 362(k)(1)" when examined in the context of the sovereign immunity canon. *Id.* at 667 n.8.

A waiver of sovereign immunity may subject the government to some categories, but not others. *Torres*, 432 F.3d at 24 (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("To sustain a

claim that the Government is liable for awards of monetary damages, the waiver must extend unambiguously to *such* monetary claims.") (emphasis added). As a matter of reading the plain text, "money recovery" cannot be deemed to include emotional distress damages. *Torres*, <u>432 F.3d at 29</u> (citing *Bowen*, <u>487 U.S. 879</u>). The Supreme Court requires that a waiver of sovereign immunity be unambiguous and that any ambiguous wording be construed in favor of the sovereign, as discussed at length in *Cooper*, <u>566 U.S. 284</u>. Although the Third Circuit has determined that "actual damages" under Section 362(k)(1), it is reasonable to view the waiver of sovereign immunity for "money recovery" under Section 106(a) more narrowly. Indeed, the Third Circuit explicitly constrained their holdings in *Lansaw* so as not to address the question of sovereign immunity under Section 106(a).

Given that the plain text "money recovery" under Section 106(a) does not reveal the scope of the waiver and is considered ambiguous, principles of statutory construction require that the ambiguity as to a waiver of sovereign immunity must be resolved in favor of the sovereign. As such, this Court should find that the waiver under 106(a) for "money recovery" should be construed to permit pecuniary loss but not to permit recovery for emotional distress.

Absent a waiver of immunity under 106(a), the Plaintiff's claim must proceed through the analysis of the governmental immunity enjoyed by the Sheriff. In the instant case, the Sheriff of the City of Philadelphia is protected with immunity from liability granted under Pennsylvania's Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 <u>Pa. C.S.A. §§ 8541–64</u>. The Tort Claims Act confers a general grant of immunity for claims against local agencies:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

15

42 Pa. C.S.A. § 8541. The Tort Claims Act similarly protects employees of local agencies, such as the Sheriff, with the same immunity so long as they do not engage in willful misconduct, which is defined as "crime, actual fraud, actual malice or actual misconduct."' *Gresh v. Huntingdon Cty.*, 1:15-CV-1466, 2017 WL 3433658, at *5 (M.D. Pa. Aug. 10, 2017) (quoting 42 Pa. C.S.A. § 8550); *see* 42 Pa. C.S.A. § 8545; *see also Simpson v. Philadelphia Sheriff's Office*, 351 F.Supp.3d 919, 925 (E.D. Pa. 2019); *LaGuardia v. Ross Twp.*, CV 3:15-1475, 2016 WL 4502443, at *10 (M.D. Pa. Aug. 29, 2016), aff'd, 705 Fed.Appx. 130 (3d Cir. 2017).

The Tort Claims Act establishes certain predicates that plaintiffs must establish as well as eight narrowly defined exceptions to the Sheriff's state-created grant of general immunity, into which a plaintiff's cause of action must fall in order to be viable. *Mascaro v. Youth Study Center*, 523 A.2d 1118 (Pa. 1987) (exceptions to the tort claims act must be narrowly construed). Plaintiff must demonstrate:

1.  the alleged damages "would be recoverable under common law or a statute creating a cause of action,"

2.  the "injury was caused by the negligent acts of [a] local agency or an employee thereof," and

3.  the local agency or an employee thereof was acting within the scope of his office or duties.

42 Pa. C.S.A. § 8542(a). The eight exceptions to immunity are enumerated in the Tort Claims Act as negligence with respect to (1) vehicles; (2) the City's care of a claimant's personal property; (3) City-owned real property; (4) trees, traffic controls, and street lights; (5) City-owned utilities; (6) streets; (7) sidewalks, and (8) City-controlled animals.

In the instant Adversary Proceeding, Plaintiff asserts that the harm caused by the Sheriff's conduct has manifested itself in ways such as headaches and loss of sleep that should be compensated as emotional injuries. Compl. ¶ 64. Plaintiff seeks an award of compensatory and

punitive damages as well as attorney's fees and sanctions pursuant to Section 362(k)(1). Compl. ¶ 68. It is undisputed that Deputy Sheriff Taylor visited the property twice to effectuate service of Defendant Hassan's Writ of Possession. On those two occasions, when personal service could not be made, Deputy Taylor posted the notice she was attempting to serve, left a copy in the mail slot and sent a copy by mail. Even if it is assumed for purposes of the Motion for Summary Judgment that, in the light most favorable to the Plaintiff, this conduct may be considered tortious acts in Pennsylvania, they are not delineated in any of the strictly construed (*Mascaro*) exceptions to the grant of general immunity conferred upon the Sheriff by the state's Tort Claims Act. As such, this Court should find that the Sheriff is not liable for damages for emotional distress.

### 2.  Plaintiff is not entitled to recover emotional distress damages because the Sheriff has not willfully violated the stay under 11 U.S.C. § 362(k).

The undisputed facts in this case do not establish that the alleged actions of the Sheriff caused the Plaintiff emotional distress such that he could recover damages for emotional distress in this case. Plaintiff averred generally in his Complaint as to the nature of his emotional injuries, Compl. ¶ 64, but has not produced any medical evidence to corroborate the harm or to establish a causal connection to the Sheriff's actions.

It is only when the violations are truly egregious that testimony alone should suffice to award emotional distress damages. In *In re Lansaw*, 853 F.3d 657 (3rd Cir. 2017), the court focused on the egregious nature of the defendant landlord's violations as a justification for the award of emotional distress damages. In that case, the defendant personally intruded into the debtor-plaintiff's business, despite being denied permission to enter, and physically intimidated the debtor. 853 F.3d at 661. The defendant then entered the business after hours, chained and padlocked the doors, and threatened the debtors that he would not let them run their business the

17

next day. *Id.* Later that night, after the debtors had returned to their business to guard it against the defendant, the defendant returned to lock the debtors in from the outside, leaving debtors to call the police for rescue. *Id.* at 662. Lastly, when the debtors were in negotiations with a different landlord to try and relocate their business, the defendant harassed that landlord and threatened them with legal action. *Id.*

The court noted that, in the absence of "patently egregious" violations, "corroborating medical evidence may be required to prove emotional harm and causation." *Lansaw*, 853 F.3d at 669. Although the court did not define what facts would give rise to such a determination, the facts of the instant case are markedly different from the "patently egregious" fact pattern in *Lansaw*.

Here, the Sheriff was tasked with enforcing a facially valid court order for writ of possession. In an attempt to properly notify any potential occupants at the Property, attempt at personal service was made on two occasions. When personal service could not be had on those two occasions, notice was posted to the property, left in the mail slot and sent by mail. The Civil Enforcement Unit had no knowledge that there was a bankruptcy related to the eviction action. Further, the Sheriff in this context was not acting as a creditor, but rather as is as an arm of the judicial system, implementing court-related processes. These facts do not rise to a willful violation of the automatic stay, let alone the egregious nature that would absolve the Plaintiff from presenting corroborating information of their emotional distress. Yet Plaintiff has presented zero evidence to corroborate his averments of emotional distress, or to connect the specific actions of the Sheriff to the alleged harm suffered. In the absence of any factual support, this Court should dismiss Plaintiff's claim for emotional distress damages.

### D.  Plaintiff Is Not Entitled to Punitive Damages

Plaintiff, Lyndel Toppin, also seeks punitive damages against the Sheriff of the City of Philadelphia. Pursuant to 11 U.S.C. § 106(a)(3), a Court may not issue punitive damages against a governmental unit. The Bankruptcy Code provides:

> The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, **but not including an award of punitive damages**.

11 U.S.C. § 106(a)(3) (emphasis added).

The Sheriff is an elected official authorized and established by the Pennsylvania Constitution. Pa. Const. art. 9, § 4. The Complaint alleges no facts about the Sheriff individually, but rather makes allegations about the Sheriff acting in his official capacity. As such, this suit against the Sheriff in his official capacity should be treated as a suit against the Sheriff's Office. *Simpson v. Philadelphia Sheriff's Office*, 351 F.Supp.3d 919, 929 (E.D. Pa. 2019) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (2018). The Sheriff's Office is clearly a "governmental unit" as defined by 11 U.S.C. § 101 (27) ('The term "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of . . . a State, a Commonwealth, a District, a Territory, a municipality . . .; or other foreign or domestic government.'). As such, Plaintiff may not seek punitive damages against the Sheriff and this prayer for relief must be dismissed.

WHEREFORE, the City of Philadelphia respectfully requests that the Court grant summary judgment in the Sheriff's favor, dismiss the Complaint with prejudice and grant such other and further relief as this Court deems appropriate.

19

Respectfully submitted,

THE CITY OF PHILADELPHIA

Dated: December 26, 2019          By:     */s/ Megan N. Harper*
                                          MEGAN N. HARPER
                                          Deputy City Solicitor
                                          PA Attorney I.D. 81669
                                          Attorney for the City of Philadelphia
                                          City of Philadelphia Law Department
                                          Municipal Services Building
                                          1401 JFK Boulevard, 5th Floor
                                          Philadelphia, PA  19102-1595
                                          215-686-0503 (phone)
                                          Email: Megan.Harper@phila.gov

## The Philadelphia Courts
## Civil Docket Access

No Items in Cart    LOGOUT    jdomer

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 1504T0192 |
| **Case Caption:** | CITY OF PHILA VS ZALKIN ETAL |
| **Filing Date:** | Tuesday , April 14th, 2015 |
| **Court:** | REAL ESTATE TAX LIEN PETITION |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | REAL ESTATE TAX LIEN PETITION |
| **Status:** | ORDER AND DECREE - FINAL DISPO |
| **Cross Reference:** | TL 1959.67 |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | BAKER JR, GEORGE V |
| **Address:** GRB LAW 1425 SPRUCE STREET SUITE 100 PHILADELPHIA PA 19102 (215)735-1910 | | **Aliases:** *none* | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | CITY OF PHILADELPHIA |

| Address: | C/O GRB LAW 1425 SPRUCE ST SUITE 100 PHILADELPHIA PA 19102 | Aliases: | *none* | |
|---|---|---|---|---|

| 3 | | | DEFENDANT | ZALKIN, STANLEY |
|---|---|---|---|---|
| Address: | 146 SOUTH 62ND STREET PHILADELPHIA PA 19139 | Aliases: | *none* | |

| 4 | | | DEFENDANT | ZALKIN, ELEANOR |
|---|---|---|---|---|
| Address: | 146 SOUTH 62ND STREET PHILADELPHIA PA 19139 | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 14-APR-2015 02:21 PM | ACTIVE CASE | | | 14-APR-2015 02:43 PM |
| **Docket Entry:** | E-Filing Number: 1504027234 | | | |
| | | | | |
| 14-APR-2015 02:21 PM | COMMENCEMENT OF CIVIL ACTION | BAKER JR, GEORGE V | | 14-APR-2015 02:43 PM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 14-APR-2015 02:21 PM | AMENDED TAX CLAIM FILED | BAKER JR, GEORGE V | $1,959.67 | 14-APR-2015 02:43 PM |
| **Documents:** | 031193800 GRB Statement.pdf 031193800 PEtition.pdf 031193800 TIC.pdf | | | |

Civil Docket Report           https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_03.zp_dktrpt_frames

Case 08-00237-mdc 051 Doc 72-1 Document 12/26/19 Filed 12/46/21 26/19 18 24 of 242 Desc
Exhibit A  Page 3 of 5

| Docket Entry: | AMENDED CLAIM FILED. FOR RULE INFORMATION, SEE RECORD. | | | |
|---|---|---|---|---|
| | | | | |
| 14-APR-2015 02:21 PM | CITY CHARGE | BAKER JR, GEORGE V | | 14-APR-2015 02:43 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 28-APR-2015 03:01 PM | RULE ISSUED | CARPENTER, LINDA | | 28-APR-2015 12:00 AM |
| Documents: | RLFTX_5.pdf | | | |
| Docket Entry: | RULE ENTERED UPON ALL INTERESTED PARTIES TO SELL THE PREMISES 146 SOUTH 62ND STREET AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, BY THE SHERIFF OF PHILADELPHIA COUNTY BECAUSE OF DELINQUENT REAL ESTATE TAXES, FREE AND CLEAR OF ANY ENCUMBRANCES. EO-DIE PETITION FILED. ...BY THE COURT - CARPENTER, J., 04/27/15 | | | |
| | | | | |
| 22-JUN-2015 02:22 PM | AFFIDAVIT OF SERVICE FILED | BAKER JR, GEORGE V | | 22-JUN-2015 03:02 PM |
| Documents: | 031193800 Zalkin.pdf | | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF RULE TO FILE UPON STANLEY ZALKIN AND ELEANOR ZALKIN BY CERTIFIED MAIL,FIRST CLASS REGULAR MAIL ON 06/17/2015 FILED. (FILED ON BEHALF OF CITY OF PHILA) | | | |
| | | | | |
| 25-JUN-2015 10:04 AM | AFFIDAVIT OF SERVICE FILED | | | 25-JUN-2015 10:20 AM |
| Documents: | GRB_146 South 62nd Street_ Philadelp_06-25-2015.pdf | | | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON ELEANOR ZALKIN AND STANLEY ZALKIN BY POSTING OF PREMISES ON 06/20/2015 FILED. | | | |
| | | | | |
| 20-AUG-2015 02:03 PM | ORDER AND DECREE - FINAL DISPO | CARPENTER, LINDA | | 20-AUG-2015 12:00 AM |
| Documents: | ORDRT_8.pdf | | | |
| Docket Entry: | DECREE ENTERED. THE COURT ORDERS AND DECREES THAT THE PREMISES, TO WIT: 146 SOUTH 62ND STREET, AS FULLY DESCRIBED IN THE TAX INFORMATION CERTIFICATE, SHALL BE SOLD BY THE SHERIFF, | | | |

CLEAR OF ALL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES, TO THE HIGHEST BIDDER AT SUCH SALE; AND THE PROCEEDS REALIZED THEREFROM SHALL BE DISTRIBUTED IN ACCORDANCE WITH THE PRIORITY OF SUCH CLAIMS; AND THE PURCHASE AT SUCH SALE SHALL TAKE AND FOREVER THEREAFTER HAVE, AN ABSOLUTE TITLE TO THE PROPERTY SOLD, FREE AND DISCHARGED OF ALL TAX AND MUNICIPAL CLAIMS, LIENS, MORTGAGES, GROUND RENTS, CHARGES, AND ESTATES OF WHATSOEVER KIND, SUBJECT ONLY TO THE RIGHT OF REDEMPTION AS PROVIDED BY LAW. ...BY THE COURT - CARPENTER, J., 8/14/15

| 20-OCT-2015 02:58 PM | AFFIDAVIT OF SERVICE FILED | BAKER JR, GEORGE V | | 21-OCT-2015 10:26 AM |
|---|---|---|---|---|
| **Documents:** | 031193800.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF DECREE AND NOTICE OF SALE UPON STANLEY ZALKIN AND ELEANOR ZALKIN BY FIRST CLASS REGULAR MAIL ON 10/15/2015 FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 20-NOV-2015 02:49 PM | NOTICE - CONTINUED SALE DATE | BAKER JR, GEORGE V | | 20-NOV-2015 02:49 PM |
|---|---|---|---|---|
| **Documents:** | 031193800.pdf | | | |
| **Docket Entry:** | THE SHERIFF'S SALE SCHEDULED FOR 11/17/2015 HAS BEEN CONTINUED UNTIL 02/16/2016. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 19-FEB-2016 10:36 AM | WRIT RETURN FILED | | | 19-FEB-2016 11:32 AM |
|---|---|---|---|---|
| **Docket Entry:** | STAYED BY PLAINTIFF'S ATTORNEY - WRIT NUMBER 1511-4006 | | | |

| 11-MAY-2017 04:04 PM | AFFIDAVIT OF SERVICE FILED | BAKER JR, GEORGE V | | 12-MAY-2017 09:22 AM |
|---|---|---|---|---|
| **Documents:** | 031193800.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF DECREE AND NOTICE OF 7-6-2017 SHERIFF SALE UPON STANLEY ZALKIN AND ELEANOR ZALKIN BY FIRST CLASS REGULAR MAIL ON 05/09/2017 FILED. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |

| 07-JUL-2017 09:09 AM | NOTICE - CONTINUED SALE DATE | BAKER JR, GEORGE V | | 10-JUL-2017 10:41 AM |
|---|---|---|---|---|

| Documents: | 031193800.pdf | | | |
|---|---|---|---|---|
| Docket Entry: | THE SHERIFF'S SALE SCHEDULED FOR 07/06/2017 HAS BEEN CONTINUED UNTIL 09/07/2017. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |
| | | | | |
| 07-JUL-2017 09:34 AM | WRIT RETURN FILED | | | 07-JUL-2017 09:34 AM |
| Docket Entry: | SALE POSTPONED - WRIT NUMBER 1707-5002 | | | |
| | | | | |
| 08-SEP-2017 12:23 PM | NOTICE - CONTINUED SALE DATE | BAKER JR, GEORGE V | | 08-SEP-2017 01:09 PM |
| Documents: | 031193800.pdf | | | |
| Docket Entry: | THE SHERIFF'S SALE SCHEDULED FOR 09/07/2017 HAS BEEN CONTINUED UNTIL 10/05/2017. (FILED ON BEHALF OF CITY OF PHILADELPHIA) | | | |
| | | | | |
| 06-OCT-2017 08:32 AM | SHERIFF'S SALE (R.E. WRITS) | | | 06-OCT-2017 08:32 AM |
| Docket Entry: | PROPERTY SOLD TO ABDELDAYEM HASSAN FOR THE SUM OF $30,000.00 ON 10/05/2017. - WRIT NUMBER 1707-5002 | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

E-Filing System        Search Home

94

Receipt#: 17-121162                                      1707-5002
Records Department   Doc Code: DS
State RTT: $343.40   Local RTT: $1,064.54

# Know all Men by these Presents

*THAT I, Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for*

*and in consideration of the sum of THIRTY THOUSAND AND XX / 100 [$30,000.00] dollars, to me in*

*hand paid, do hereby grant and convey to ABDELDAYEM HASSAN .*

## DESCRIPTION

BRT#: **031193800**

Premises Being:   **146 S 62ND ST, PHILADELPHIA, PA 19139-2928**

SEE ATTACHED LEGAL DESCRIPTION

*The same having been sold, on the 5th day of October Anno Domini Two Thousand Seventeen, after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of Common Pleas as of*

*April Term, Two Thousand Fifteen Number T0192 as the suit of:*

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

**In witness whereof, I have hereunto affixed my signature this 9th day of November Anno Domini Two**

**Thousand Seventeen.**

**SEALED AND DELIVERED
IN THE PRESENCE OF:**

*Marilyn R Franks*
Marilyn R Franks (Nov 10, 2017)

Witness

**Jewell Williams, SHERIFF**

**BY**

*Richard Tyer*
Richard Tyer (Nov 10, 2017)

Witness

*Inspector Richard Verrecchio*
Inspector Richard Verrecchio (Nov 10, 2017)

Richard Verrecchio, Real Estate Inspector

Commonwealth of Pennsylvania  :

County of Philadelphia  :

On this, the 09 Nov 2017, before me, the undersigned Officer, personally appeared JEWELL WILLIAMS, BY HIS/HER REAL ESTATE INSPECTOR RICHARD VERRECCHIO, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

*Steven J. Wulko*
Steven J. Wulko (Nov 10, 2017)

*Office of Judicial Records*
*Steven  J.  Wulko, Deputy Director*

Book No.  _____  1707
Writ No.  _____  5002
Control No.  _____

# Deed = Poll

Jewell Williams, SHERIFF

TO

ABDELDAYEM HASSAN

CITY OF PHILADELPHIA

VS.

STANLEY ZALKIN AND ELEANOR ZALKIN

Apr. T. 2015

No. _____ T0192

Premises:
146 S 62ND ST
PHILADELPHIA, PA19139-2928

**Sheriff of the County of Philadelphia**
**Captain Richard Verrecchio**
**Witness**
**Real Estate/Settlement Dept.**
**Land Title Building**
**100 South Broad Street 5th Floor**
**Philadelphia, PA19110**

The Address of the within-named Grantee
**309 BARKER AVENUE**
**LANSDOWNE, PA19050**
On behalf of the Grantee
Jewell Williams, SHERIFF
Philadelphia Sheriff Office

97

Case 2:20-cr-00371-mdc Document 72-2 Filed 12/26/23 Page 99 of 143 RECORDER'S USE ONLY



**pennsylvania**
DEPARTMENT OF REVENUE

Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

| RECORDER'S USE ONLY |
|---|
| State Tax Paid |
| Book Number |
| Page Number |
| Date Recorded |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

### A. CORRESPONDENT - All inquiries may be directed to the following person:

| Name | Telephone Number |
|---|---|
| **Sheriff of the County of Philadelphia** | **(215) 686-3530** |

| Mailing Address | City | State | ZIP Code |
|---|---|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **Philadelphia** | **PA** | **19110** |

### B. TRANSFER DATA
Date of Acceptance of Document

| Grantor(s)/Lessor(s) | Grantee(s)/Lessee(s) |
|---|---|
| **Jewell Williams, Sheriff** | **ABDELDAYEM HASSAN** |

| Mailing Address | Mailing Address |
|---|---|
| **Land Title Building 100 South Broad Street 5th Floor** | **309 BARKER AVENUE** |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| **Philadelphia** | **PA** | **19110** | **LANSDOWNE** | **PA** | **19050** |

### C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| **146 S 62ND ST** | **PHILADELPHIA** |

| County | School District | Tax Parcel Number |
|---|---|---|
| **Philadelphia** | | **031193800** |

### D. VALUATION DATA

Was transaction part of an assignment or relocation? ☐ Y ☐ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| **$30,000.00** | **+ $0.00** | **= $30,000.00** |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| **$34,000.00** | **x 1.01** | **= $34,340.00** |

### E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | | |

**2. Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____
　　　　　　　　　　　　　　　　　　(Name of Descendant)　　　　　　　　(Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into trust _____

　　If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation orin lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| Tiffany Harrison | 11/09/2017 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

| | BOOK NO. | PAGE NO. |
|---|---|---|

**PHILADELPHIA REAL ESTATE TRANSFER TAX CERTIFICATION**

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

NAME
**Sheriff of the County of Philadelphia**

TELEPHONE NUMBER
**(215) 686-3530**

STREET ADDRESS
**Land Title Building100 South Broad Street 5th Floor**

CITY
**Philadelphia**

STATE
**PA**

ZIP CODE
**19110**

**B. TRANFER DATA**

DATE OF ACCEPTANCE OF DOCUMENT:

GRANTOR(S)/LESSOR(S)
**Jewell Williams, Sheriff**

GRANTEE(S)/LESSEE(S)
**ABDELDAYEM HASSAN**

STREET ADDRESS
**Land Title Building100 South Broad Street 5th Floor**

STREET ADDRESS
**309 BARKER AVENUE**

CITY
**Philadelphia**

STATE
**PA**

ZIP CODE
**19110**

CITY
**LANSDOWNE**

STATE
**PA**

ZIP CODE
**19050**

**C. PROPERTY LOCATION**

STREET ADDRESS
**146 S 62ND ST**

CITY, TOWNSHIP, BOROUGH
**PHILADELPHIA**

COUNTY
**PHILADELPHIA**

SCHOOL DISTRICT

TAX PARCEL NUMBER
**031193800**

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| **$30,000.00** | **+ $0.00** | **= $30,000.00** |

| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
|---|---|---|
| **$34,000.00** | **X 1.01** | **= $34,340.00** |

**E. EXEMPTION DATA**

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED | **Transfer Tax:  $1,407.94** |
|---|---|---|

**2. Check Appropriate Box Below for Exemption Claimed**

☐ Will or intestate succession _____ .
*(NAME OF DECEDENT)*          *(ESTATE FILE NUMBER)*

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____ .

☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number _____ , Page Number _____ . Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

_____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| **Tiffany Harrison** | **11/9/2017** |

1 170% - 5002

## Legal Description

BRT/OPA #:      031193800

Assessed Legal Description:         139' 3" S OF SANSOM   15' 4" X 94' 5"

Abbreviated Legal Description:      15' 4" X 94' 5-7/8"

146 S 62ND ST

Actual Legal Description for Premises:

ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.

SITUATE on the West side of 62nd Street at the distance of 138 feet 3 inches Southward from the South side of Sansom Street.

CONTAINING in front or breadth on 62nd Street 15 feet 4 inches and extending of that width in length or depth Westwardly at right angles with 62nd Street 94 feet 5-7/8 inches to a certain 3 feet wide alley leading Northward and Southward between Sansom Street and Walnut Street.

BEING the same premises which Patricia Roberts Harris, Secretary of Housing and Urban Development, of Washington, D.C. by Deed dated 02/01/1978 and recorded 03/08/1978 at Philadelphia in Deed Book DCC 1603 - 269 granted and conveyed unto Stanley Zalkin and Eleanor, h/w in fee.

Case ID: 1504T0192



A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 180103400 |
| **Case Caption:** | HASSAN VS UNKNOWN OCCUPANTS |
| **Filing Date:** | Monday , January 22nd, 2018 |
| **Court:** | RENT, LEASE & EJECTMENT |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | EJECTMENT |
| **Status:** | JUDGMENT BY DEFAULT/FINAL DISP |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | PLAINTIFF | HASSAN, ABDELDYEM |
| **Address:** | 309 BARKER AVE LANSDOWNE PA 19050 | **Aliases:** | *none* | |
| | | | | |
| 2 | | | DEFENDANT | UNKNOWN OCCUPANT |
| **Address:** | 146 S 62ND ST PHILADELPHIA PA 19139 | **Aliases:** | *none* | |
| | | | | |
| 3 | | | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
| **Address:** | 692 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 4 | | | JUDGE | ANDERS, DANIEL J |
| **Address:** | ROOM 292 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 22-JAN-2018 03:24 PM | ACTIVE CASE | | | 22-JAN-2018 03:24 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 22-JAN-2018 03:27 PM | COMPLAINT FILED NOTICE GIVEN | HASSAN, ABDELDYEM | | 22-JAN-2018 12:00 AM |
| **Documents:** | CMPLC_2.pdf CMPLC_2_001.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 23-JAN-2018 04:36 PM | WAITING TO LIST CASE MGMT CONF | | | 23-JAN-2018 04:36 PM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 29-JAN-2018 10:49 AM | AFFIDAVIT OF SERVICE FILED | HASSAN, ABDELDYEM | | 29-JAN-2018 12:00 AM |
| **Documents:** | AFDVT_4.pdf | | | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF COMPLAINT SERVED ON UNKNOWN OCCUPANTS 1/27/18, 6:00PM AT 146 S 62ND ST PHILA PA 19139. | | | |
| | | | | |
| 05-APR-2018 04:09 PM | JUDGMENT BY DEFAULT/FINAL DISP | HASSAN, ABDELDYEM | | 05-APR-2018 12:00 AM |
| **Documents:** | JDDFF_5.pdf | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 05-APR-2018 04:44 PM | MOTION FOR WRIT OF POSSESSION | HASSAN, ABDELDYEM | | 05-APR-2018 12:00 AM |
| **Documents:** | MTWPS_6.pdf | | | |
| **Docket Entry:** | 73-18045073 MOTION FOR WRIT OF POSSESSION FILED. RESPONSE DATE: 25-APR-2018. | | | |
| | | | | |

| 27-APR-2018 11:36 AM | MOTION ASSIGNED | | | 27-APR-2018 11:36 AM |
|---|---|---|---|---|
| Docket Entry: | 73-18045073 MOTION FOR WRIT OF POSSESSION ASSIGNED TO JUDGE: ANDERS, DANIEL J. ON DATE: APRIL 27, 2018 | | | |
| | | | | |
| 30-APR-2018 10:59 AM | ORDER ENTERED/236 NOTICE GIVEN | ANDERS, DANIEL J | | 30-APR-2018 10:59 AM |
| Documents: | ORDER_8.pdf | | | |
| Docket Entry: | 73-18045073 IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED. IT IS FURTHER ORDERED THAT THE OFFICE OF JUDICIAL RECORDS FOR THE FIRST JUDICIAL DISTRICT IS DIRECTED TO ISSUE A WRIT OF POSSESSION FOR THE REAL PROPERTY LOCATED AT 146 S. 62ND STREET, PHILA., PA 19139 UPON PRAECIPE OF PLAINTIFF. ...BY THE COURT':ANDERS , J., 4/27/2018 | | | |
| | | | | |
| 30-APR-2018 10:59 AM | NOTICE GIVEN UNDER RULE 236 | | | 30-APR-2018 01:16 PM |
| Docket Entry: | NOTICE GIVEN ON 30-APR-2018 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 30-APR-2018. | | | |
| | | | | |
| 07-MAY-2018 04:07 PM | PRAECIPE - WRIT OF POSSESSION | HASSAN, ABDELDYEM | | 07-MAY-2018 12:00 AM |
| Documents: | WRPOS_10.pdf | | | |
| Docket Entry: | PRAECIPE FOR WRIT OF POSSESSION (RE) FILED. WRIT OF POSSESSION (RE) ***. SUBJECT PREMISES: 146 S 62ND ST. PHILA., PA 19139. | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

[ E-Filing System ]   [ Search Home ]

## Commonwealth of Pennsylvania
### COUNTY OF PHILADELPHIA

_HASSAN_
Plaintiff

COURT OF COMMON PLEAS

vs.

_____ Term, 20____

NO. 180103400

_UNKOWN OCCUPANTS_
Defendant

## Praecipe for Writ of Possession

***TO THE OFFICE OF JUDICIAL RECORDS:***

Issue Writ of Possession in the above matter, for possession of: *(describe property)*

146 S 62nd ST

Phila PA 19139

_Attorney(s) for Plaintiff(s)_

2018 MAY -7 PH 4: 05
OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PA

Hassan Vs Unknown Occupants-WRPOS

Ejectment Quiet Title

5-116 (Rev. 8/2014)

18010340000010

104

Form C.P. 109

*Ejectment*
*Quiet Title*

# Commonwealth of Pennsylvania
# County of Philadelphia

HASSAN

COURT OF COMMON PLEAS

*vs.* UNKOWN
OCCPANTS

_____ Term, 20_____

No. 180103400 _____

# **Writ of Possession**

To the Sheriff of Philadelphia County:

(1)  To satisfy the judgment for possession in the above matter you are directed to deliver possession of the following described property to:

HASSAN Abdullah

(2)  To satisfy the costs against

UNKOWN OCCUPCCANTS

you are

directed to levy upon any property of

146 S. 62nd St
PHila PA 19139

and sell

interest therein.



ERIC FEDER
Director, Office of Judicial Records

By _____
                            *Clerk*

Date May 7, 2018 _____

10-207 (Rev. 1/01)

# Court of Common Pleas

_____ Term, 20____

No. 180103400

HASSAN    vs. UNKNOWN occupANTS

WRIT OF POSSESSION

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| HASAN | Case No.  180103400 |
| v. | Control No.  18045073 |
| UNKNOWN OCCUPANTS | |

ORDER

AND NOW, this 27th day of April, 2018, upon consideration of Plaintiff's Motion for

Writ of Possession, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that the Office of Judicial Records for the First Judicial District is

directed to issue a Writ of Possession for the real property located at 146 S. 62nd Street,

Philadelphia, PA 19139 upon Praecipe of Plaintiff.

BY THE COURT:

_____ J.

RECEIVED

APR 3 0 2018

OFFICE OF JUDICIAL
RECORDS

Hassan Vs Unknown Occup-ORDER

18010340000008

107

300
25
$ 325. co

Bank copy Filed
6/7/18
Inspection Cover

Court of Common Pleas

_____ Term, 20 ___

No. 180103400

HASSAN    vs. UNKOWN OCCUPANTS

146 S. 62ND ST
PHILA.    PA. 19139

WRIT OF POSSESSION

HASAN
484-557-1737

Case 18-00137-mdc   Doc 72-5   Filed 12/26/19   Entered 12/26/19 18:48:20   Desc
Exhibit E   Page 1 of 1

SH# 23/566

NOTICE Rec'd
ON 5-8-18

2018 MAY -8 PM 3: 52
SHERIFF'S OFFICE-MAIN DESK
PHILADELPHIA

# FAX COVER SHEET

| TO | Sheriff |
|---|---|
| COMPANY | Sheriff |
| FAX NUMBER | 12156863971 |
| FROM | Stephen Dunne |
| DATE | 2018-05-08 22:25:14 GMT |
| RE | Notice of Bankruptcy Case Filing - Book/Writ 1707-5002 |

## COVER MESSAGE

Please see Notice of Bankruptcy Case Filing for Lyndel Toppin, who resides at 146 S. 62nd Street, Philadelphia, PA 19145.

Book/Writ 1707-5002

Thank you.

Stephen M. Dunne, Esq.

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.

Lyndel Toppin
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550



The case was filed by the debtor's attorney:

STEPHEN MATTHEW DUNNE
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**

file://S:/ECF/Toppin,%20Lyndel/Filed%7BEmergency%7D/Ecf%20NoticeOfFiling%2020...    5/8/2018

# SHERIFF'S OFFICE OF PHILADELPHIA COUNTY

**Jewell Williams**
*Sheriff*

**Richard Verrecchio**
*Chief Inspector*

**Kevin Lamb**
*Chief Deputy*

**Robert Jackson**
*Chief of Staff*

| CITY OF PHILADELPHIA | Case Number |
|---|---|
| vs. | 1504T0192 |
| STANLEY ZALKIN AND ELEANOR ZALKIN | (1707-5002) |

## SHERIFF'S RETURN OF SERVICE

| | |
|---|---|
| 04/27/2017 | COURT DECREE, HANDBILL, LEGAL DESCRIPTION |
| 04/27/2017 | WRIT DATA VERIFIED BY TOMIKO VAUGHON |
| 07/06/2017 | AS DIRECTED BY GRB LAW, ATTORNEY FOR THE PLAINTIFF, SHERIFF'S SALE CONTINUED TO 9/7/2017 |
| 09/07/2017 | AS DIRECTED BY GRB LAW, ATTORNEY FOR THE PLAINTIFF, SHERIFF'S SALE CONTINUED TO 10/5/2017 |
| 10/05/2017 | REAL ESTATE SOLD AT SHERIFF'S SALE |
| 10/05/2017 | SALES RECEIPT DATA VERIFIED BY TOMIKO VAUGHON |
| 10/05/2017 | AUTOMATED DEED ASSIGNMENT PATRIOT LAND TRANSFER, LLC |
| 10/06/2017 | BUYER'S ACKNOWLEDGEMENT |
| 11/03/2017 | SHERIFF'S SETTLEMENT |
| 11/03/2017 | PRINTED ON NOVEMBER 03, 2017 BY MARK WILSON WITH TRACKING ID: 1509726459 |
| 11/09/2017 | REAL ESTATE: |
| | ABDELDAYEM HASSAN |
| | 309 BARKER AVENUE |
| | LANSDOWNE, PA 19050 |
| 05/08/2018 | DEFENDANT ATTORNEY |
| 05/09/2018 | BANKRUPTCY FILED IN SHERIFF'S OFFICE |
| 07/26/2018 | DART DISTRIBUTION POLICY REQUESTED FROM PATRIOT LAND TRANSFER, LLC (NOTED BY BADIA BEASLE) |
| 11/07/2018 | DISTRIBUTION POLICY RECECIVED FROM PATRIOT LAND TRANSFER, LLC (NOTED BY RICHARD VERRECCHIO) |

SHERIFF COST: $2,931.71

SO ANSWERS,

JEWELL WILLIAMS, SHERIFF

August 20, 2019

Page 1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CASE NO. 18-13098-MDC

_____

LYNDEL TOPPIN,

           Debtor/Plaintiff,

     vs.

JEWELL WILLIAMS and
ABDELDAYEM HASSAN
a/k/a ABDELDYEM
HASSAN,

           Defendants.

_____

          *      *      *      *

          THURSDAY, DECEMBER 12, 2019

               *      *      *      *


     Oral deposition of LIEUTENANT SEAN
THORNTON, taken pursuant to notice, was
held at the Municipal Services Building,
1401 John F. Kennedy Boulevard, Philadelphia,
Pennsylvania, commencing at 12:00 p.m.,
on the above date, before Lori A. Porto,
a Certified Court Reporter.

               KAPLAN, LEAMAN & WOLFE
          230 SOUTH BROAD STREET, SUITE 1303
           PHILADELPHIA, PENNSYLVANIA 19102
                    (215) 922-7112
                 www.klwreporters.com

Page 8

1   purposes of today's questioning, I need your answers

2   to be verbal, so the court reporter can jot them down

3   for the record.

4              Is that understood?

5       A.    Yes (indicating).

6       Q.    I saw you nodding your head.

7       A.    Yes.

8       Q.    I'll also give you this instruction and

9   it's just going to be a question, but please don't

10  think anything by it.  We ask every deponent, every

11  single deponent.

12             Are you under the effects of drugs or

13  alcohol today that would prevent you from providing

14  truthful testimony?

15      A.    No.

16      Q.    Please state your full name for the

17  record.

18      A.    Sean Thornton.

19      Q.    What is your occupation, Mr. Thornton?

20      A.    Deputy Sheriff Lieutenant with the

21  Philadelphia Sheriff's Office, assigned to the Civil

22  Enforcement Unit.

23      Q.    Lieutenant Thornton, how long have you

24  been with the sheriff's office?

25      A.    In total, 11 years.

Page 9

1       Q.      Can you describe your duties, your

2    general duties, in your current position?

3       A.      Civil Enforcement Unit.

4               We enforce civil complaints, which

5    include writ possessions, whether they are

6    executions, injunctions.

7       Q.      Is this the position that you held

8    between April and August of 2018?

9               Is it the same position that you have

10   now?

11      A.      No, I was assigned to another unit at

12   that time.

13      Q.      Okay.

14              So, at the time that we are here

15   inquiring about, what was your job then?

16      A.      I was assigned to the Fugitive Warrant

17   Unit.

18      Q.      So, between April and August of 2018,

19   you really had nothing to do with Civil Enforcement,

20   is that correct?

21      A.      I was not assigned -- yeah, I was not

22   assigned to Civil Enforcement, that is correct.

23      Q.      Do you know who was with the Civil

24   Enforcement Unit at the time?

25      A.      Are you --

Page 10

```
 1        Q.      Which deputy or lieutenant?

 2               MR. DOMER:  Could you clarify what

 3   level?

 4               MR. FILIPOVIC:  Okay.

 5               The job that you are doing now for

 6   Civil Enforcement, do you know who did that job for

 7   Civil Enforcement, that same job, same level, in the

 8   time frame that I've specified?

 9               THE WITNESS:  We had Inspector Monte

10   Guess and Inspector Al Innaurato.

11               I can spell that.

12               It's I-n-n-a-u-r-a-t-o.

13               MR. FILIPOVIC:  Just one second.

14               I would like to confer with counsel and

15   step out.

16               Off the record.

17               (OFF-THE-RECORD DISCUSSION)

18               (BRIEF RECESS)

19   BY MR. FILIPOVIC:

20        Q.      Lieutenant Thornton, when did you become

21   assigned to the Civil Enforcement Unit?

22               Do you know the exact date?

23        A.      January of 2015.

24        Q.      January of 2015?

25        A.      Correct.
```

Sean Thornton

Page 11

1          Q.     So how long were you with the Civil

2    Enforcement Unit prior to getting reassigned to

3    Warrants?

4          A.     I was reassigned September -- excuse me,

5    October of 2017, and I returned to the Civil

6    Enforcement Unit in December of 2018.

7          Q.     When you returned to the Civil

8    Enforcement Unit in September of 2018, did any

9    policies and procedures change from the time that you

10   would have been there until October of 2017?

11         A.     No.

12         Q.     Excuse my unfamiliarity with the ranks

13   in your office, but, you're a lieutenant, so is there

14   anybody that you reported to within the Civil

15   Enforcement Unit at the time that you were there

16   higher than you?

17              MS. HARPER:  Can you narrow that down,

18   maybe break it down to the time frames --

19              MR. FILIPOVIC:  Well, I'm only

20   interested in his time with the Civil Enforcement

21   Unit.

22              So who did you report to?

23              THE WITNESS:  At what time?

24              MR. FILIPOVIC:  September.

25              THE WITNESS:  September of 2018?

Page 12

1              MR. FILIPOVIC:  Yes.

2              THE WITNESS:  Inspector Monte Guess.

3    BY MR. FILIPOVIC:

4        Q.    Until October of 2017?

5        A.    I'm sorry?

6        Q.    Until October of 2017, prior to getting

7    reassigned, who did you report to until then?

8        A.    Inspector Innaurato.

9        Q.    Do you know if Inspector -- do you know

10   when Inspector Monte Guess took over for Inspector

11   Innaurato?

12       A.    September of 2018.

13       Q.    So the same time you got reassigned?

14       A.    Yes.

15              It was simultaneous.

16              Inspector Innaurato retired and

17   Inspector Monte Guess assumed command of the unit.

18       Q.    Okay.

19              Sir, in your time with the -- I'm

20   asking about the entire time with the sheriff's

21   office.

22              To your knowledge, do you know what

23   generally happens when the sheriff finds out or gets

24   notice that a debtor has filed for bankruptcy?

25       A.    Generally speaking?

Page 13

1          Q.      Yes.

2          A.      When we get notice, we cease operations,

3    cease action on any, I guess, complaints or writ

4    possessions or writ executions.

5          Q.      Within the sheriff's office, is there

6    any specific phone line or toll-free number or, maybe

7    not a toll-free number, but a number that is

8    designated specifically for debtors to call in and

9    notify the sheriff of, hey, we filed bankruptcy?

10                 Is there any such number?

11         A.      There are several numbers, but it all

12   depends on what unit -- well, the sheriff's office,

13   we enforce court orders, so a court order could come

14   from different areas of the office, so it all depends

15   on who files the bankruptcy and what unit -- where

16   the enforcement is needed, so -- a general number are

17   you asking?

18         Q.      No.

19                 I'm asking if there is a specific

20   number that says to the public, hey, if you file

21   bankruptcy and you want to notify the sheriff, this

22   is the number to call.

23                 Is there any such number that is only

24   for that?

25         A.      Only for that, there is no such number.

Page 14

1          Q.     Okay, that's fine.

2                 Do you know -- same question for a fax

3    number, where it says to the public, a fax line that

4    says to the public, hey, if you filed for bankruptcy

5    and you want to notify the sheriff, this is the fax

6    number to send that notice to?

7          A.     No.

8          Q.     The same question for e-mail address.

9          A.     No.

10         Q.     Now, you've answered my question about

11   what generally happens, you know, with respect to

12   enforcement efforts once there is a notice of

13   bankruptcy, and thank you for that, but did you

14   receive any training on that from the sheriff's

15   office at any point?

16         A.     Training for --

17         Q.     Training in regards to how bankruptcy

18   affects actions of the sheriff.

19         A.     Yeah.

20                It's actually -- we speak with our

21   superiors and they explain during the training

22   process before you are, sort of, for lack of a better

23   word, on your own to enforce court orders.

24         Q.     So it's something that you were trained

25   on as a part of your initial training process?

Page 15

1          A.      Yes.

2          Q.      Is there any written material that you

3    were provided, like a PowerPoint to that effect, or

4    anything like that?

5          A.      Yes.

6                  We do have a training manual, so to

7    speak.

8          Q.      And it's in the training manual?

9          A.      Yes.

10   (REQUEST)    MR. FILIPOVIC:  I would like to make a

11   request on the record for production of the said

12   training manual, as it was requested in discovery and

13   we have not received it.

14                 That is a household matter between

15   counsel, but nothing to do with your questioning.

16                 Thank you.

17                 To the best of your recollection, does

18   the training manual say that, once the notice is

19   given to the sheriff of the bankruptcy, you are to

20   cease enforcement of any pending writs, complaints,

21   so forth?

22                 THE WITNESS:  Yes.

23   BY MR. FILIPOVIC:

24         Q.      You said, sir, that your office

25   generally enforces court orders.

Page 16

1                    Do you know -- how many court orders

2     have you seen in your time with the sheriff's office?

3                    And, this could be a large number or a

4     small number, but how many actual court orders have

5     you seen with your own eyes, where the judges in

6     Philadelphia have signed an order that directs the

7     sheriff or litigant to do one thing or another?

8          A.    A couple hundred.

9          Q.    A couple hundred, okay, fair enough.

10                   In your experience, from having seen a

11    couple hundred of these, do you know what the court

12    in Philadelphia considers to be a proper fax number

13    for notifying the sheriff of real estate-related

14    executions?

15         A.    Can you repeat that?

16         Q.    In your experience, having seen a couple

17    hundred of these, do you know, has it come to your

18    attention, what fax number may appear on these court

19    orders as the fax number for judges to rely on for

20    notices to the sheriff's office with respect to real

21    estate-related executions?

22         A.    I'm not sure if I understand your

23    question.

24                   MR. FILIPOVIC:  We will mark this PS-1.

25                   (Exhibit PS-1, Order dated 9-10-19, is

Sean Thornton

Page 56

1              She posted the property, meaning Deputy

2       Taylor, she posted the property on this particular

3       date at this particular time.

4              Now, the next time that an entry would

5       have been made would have been the actual eviction

6       date, where we go out and evict an occupant from the

7       property.

8              Other than that, again, we --

9       Q.    I understand that.

10      A.    That would be the only entry that would

11      have been made.

12      Q.    We're only interested in entries that

13      were made that are associated with each action that

14      the sheriff took under that sheriff's number.

15      A.    Okay.

16      Q.    And Jewell would have that, correct?

17      A.    Yes.

18      Q.    An entry for each action the sheriff

19      took on a given sheriff's number?

20      A.    Yes, but you also have to understand

21      that we do -- for writ possessions, there are only

22      two attempts or two times you go to the property.

23              Actually, if you include the eviction,

24      it will be three, total.

25              I wasn't clear on that, I apologize.

Page 57

1              The first time is to give initial

2     notice, the second time is to give the eviction date,

3     and the third time is to do the eviction.

4              The only time -- of those three times

5     there, there would be two entries in the Jewell

6     system, the first initial time to give notice and the

7     actual eviction date.

8              The second time, to give the eviction

9     date, there is not a log in the Jewell system.

10         Q.     And that was my question earlier that

11    was, maybe, misunderstood.

12              There could be times that the sheriff

13    takes action to either evict or serve that is not

14    noted in the Jewell system?

15         A.     Correct.

16         MR. FILIPOVIC:  No further questions.

17    (EXAMINATION OF LT. THORNE BY MS. HARPER:)

18         Q.     If notice is mailed, would that be

19    logged into the Jewell system?

20         A.     No.

21         Q.     In general, when you are serving a

22    notice to vacate, is it not only customary to post it

23    on the property, but also to mail it to the property?

24         MR. FILIPOVIC:  Objection to form,

25    compound question.

Sean Thornton

Page 58

1              MS. HARPER:  You can answer, if you

2     understand.

3              I can clarify it.

4              THE WITNESS:  What deputies -- when we

5     post the property, if we have to post a property,

6     that means we did not make contact with the occupant.

7     Therefore, to ensure that the occupant has notice, we

8     leave multiple notices.  One would be posted and the

9     other would be left in the mail slot and the other

10    would be mailed out, just to ensure the occupant has

11    notice, if we do not make contact with the occupant.

12    BY MS. HARPER:

13         Q.    But that mailing is not something that

14    is generally recorded in Jewell?

15         A.    That is correct.

16         Q.    I am going to ask you a question.

17              This is something that was produced in

18    discovery by the sheriff's office or on behalf of the

19    sheriff's office.

20              Does this record represent to your

21    knowledge the complete record in the Jewell system

22    for the Civil Enforcement Unit with respect to

23    execution of the sheriff's number 231566?

24         A.    Correct.

25              MS. HARPER:  Thank you.

Sean Thornton

Page 59

1              MR. FILIPOVIC:  Nothing further, sir.

2          Thank you.

3          (WITNESS EXCUSED)

4          (DEPOSITION CONCLUDED AT 1:30 P.M.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 60

1                    C E R T I F I C A T E

2

3

4        I, Lori A. Porto, a Notary Public and Certified

5   Court Reporter do hereby certify that the foregoing

6   is a true and accurate transcript of the testimony as

7   taken stenographically by and before me at the time,

8   place, and on the date hereinbefore set forth, to the

9   best of my ability.

10        I do further certify that I am neither a

11   relative nor employee nor attorney nor counsel of any

12   of the parties to this action, and that I am neither

13   a relative nor employee of such attorney or counsel,

14   and that I am not financially interested in the

15   action.

16

17

18

19

20

21

22

23                   _____

                     Lori A. Porto, CCR
24                   Notary Public, State of New Jersey
                     Certificate No. XI01577
25

## Page 1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CASE NO. 18-13098-MDC
_____

LYNDEL TOPPIN,

    Debtor/Plaintiff,

vs.

JEWELL WILLIAMS and
ABDELDAYEM HASSAN
a/k/a ABDELDYEM
HASSAN,
    Defendants.
_____

*   *   *   *

THURSDAY, DECEMBER 12, 2019

*   *   *   *

    Oral deposition of DEPUTY JETARIA
TAYLOR, taken pursuant to notice, was
held at the Municipal Services Building,
1401 John F. Kennedy Boulevard, Philadelphia,
Pennsylvania, commencing at 1:30 a.m.,
on the above date, before Lori A. Porto,
a Certified Court Reporter.
    KAPLAN, LEAMAN & WOLFE
  230 SOUTH BROAD STREET, SUITE 1303
   PHILADELPHIA, PENNSYLVANIA 19102
      (215) 922-7112
     www.klwreporters.com

## Page 2

```
 1   A P P E A R A N C E S:
 2
 3      DUNNE LAW OFFICES, P.C.
        BY:  STEPHEN M. DUNNE, ESQUIRE
 4           - and
        PREDRAG FILIPOVIC, ESQUIRE
 5      1515 Market Street
        Suite 1200
 6      Philadelphia, PA 19109
        215.551.7109
 7      stephen@dunnelawoffices.com
        pfesq@ifight4justice.com
 8      Counsel for the Debtor/Plaintiff
 9
        CITY OF PHILADELPHIA LAW DEPARTMENT
10      BY:  MEGAN N. HARPER, DEPUTY CITY SOLICITOR
             - and -
11         JOSHUA DOMER, ASSISTANT CITY SOLICITOR
        1401 John F. Kennedy Boulevard
12      Room 580
        Philadelphia, PA 19102
13      215.686.0503
        megan.harper@phila.gov
14      joshua.domer@phila.gov
        Counsel for the Defendant
15      Jewell Williams
16
17
18
19
20
21
22
23
24
25
```

## Page 3

```
 1              W I T N E S S   I N D E X
 2
 3      Examination of Deputy Taylor
 4
        By Mr. Filipovic:  Pages 6, 36
 5
 6      By Ms. Harper:  Pages 33, 35
 7
        By Mr. Domer:  Page 34
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## Page 4

```
 1              E X H I B I T S
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13          (NO EXHIBITS WERE MARKED)
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

1          D E P O S I T I O N   S U P P O R T
2
3      (REQUEST)....................................16
       (REQUEST)....................................29
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 6

```
1      (Jetaria Taylor, having been duly sworn, was examined
2      and testified as follows:)
3      (EXAMINATION OF DEPUTY TAYLOR BY MR. FILIPOVIC:)
4          Q.   Good afternoon, Ms. Taylor.
5              I'm Counsel Filipovic for Lyndel Toppin
6      and co-counsel is Stephen Dunne.  We're going to be
7      conducting this deposition.
8              The rules, I have to repeat them for
9      the record.
10             I will ask questions and I will try to
11     be succinct.
12             When you answer, please do so verbally,
13     so the court reporter can write the answers down for
14     the record, and, I can understand your gestures, but
15     it's difficult for her to write them down.
16             If you should, at any point, want me to
17     clarify a question, I will, to the best of my
18     ability, and we'll go from there.
19         A.   Okay.
20         MR. FILIPOVIC:  Usual stipulations in
21     this one, counsel?
22         MS. HARPER:  Sure.
23     BY MR. FILIPOVIC:
24         Q.   Ms. Taylor, again, I have to ask you,
25     are you under the influence of anything, any
```

Page 7

```
1      substance, that would prevent you from giving
2      truthful testimony today?
3          A.   No.
4          Q.   Could you say your name for the record,
5      please?
6          A.   Jetaria, J-e-t-a-r-i-a, Taylor,
7      T-a-y-l-o-r.
8          Q.   Ms. Taylor, what is your current
9      occupation?
10         A.   I am a deputy sheriff with the
11     Philadelphia Sheriff's Office assigned to the Civil
12     Enforcement Unit.
13         Q.   How long have you been in that position?
14         A.   For two years.
15         Q.   So you were there from May until, say,
16     July of 2018?
17         A.   Yes.
18         Q.   Ms. Taylor, are you familiar -- describe
19     your job duties that are associated with your
20     position.
21         A.   I am responsible for enforcing court
22     orders, I handle evictions, and that is really about
23     it.
24         Q.   Do you go to the field and do you go to
25     the properties for evictions, posting notices, and
```

Page 8

```
1      such?
2          A.   Yes.
3          Q.   Do you go alone or do you have a partner
4      or how does that work?
5          A.   I go alone as far as postings, but I
6      have a partner when I do the actual eviction.
7          Q.   Do you take a vehicle?
8          A.   Yes.
9          Q.   What type of vehicle?
10         A.   Ford Taurus.
11         Q.   Ford Taurus?
12         A.   Uh-huh, personal vehicle.
13         Q.   Personal vehicle?
14         A.   Yes.
15         Q.   It does not have sheriff's indications
16     on there?
17         A.   No.
18         Q.   Are you generally wearing a uniform?
19         A.   No.
20         Q.   I notice you have a gun here on you
21     today.
22             Do you usually have a gun when you are
23     in the field serving evictions and posting notices?
24         A.   I have a gun every time I am at work.
25         Q.   So is that a yes?
```

2  (Pages 5 to 8)

Jetaria Taylor

| Page 9 | Page 11 |
|---|---|
| 1    A.   Yes. | 1   of that is? |

Page 9

1    A.    Yes.
2    Q.    Now, when you have a partner, do you
3   then travel in a marked vehicle or is it still
4   unmarked?
5    A.    No, still personal vehicles.
6    Q.    Two personal vehicles?
7    A.    Uh-huh, yes.
8    Q.    Is that the same practice that was
9   employed between May and June of last year?
10    A.    Yes.
11    Q.    Do you have a badge on you if you are
12   asked to show it?
13    A.    Yes.
14    Q.    How do you post a notice of eviction?
15    A.    So I would knock first to personally
16   serve.
17         If I don't get an answer, I post one to
18   the door and another copy I would put in the mailbox.
19    Q.    The one that you post on the door, how
20   do you affix it to the door?
21    A.    Just with some tape (indicating).
22    Q.    How long does that usually take?
23    A.    Two minutes, if that.
24    Q.    Do you use any color-coding?
25    A.    No.

Page 10

1    Q.    Are they preprinted -- what are the
2   colors that are on these notices?
3         Are they noticeable, bright colors?
4    A.    It depends.
5         We were using -- I think it was red,
6   the notice to vacate, but we didn't have anymore, so
7   it would just be a photocopy of that.
8         We didn't have color.
9    Q.    If you run out?
10    A.    Yes.
11    Q.    But they are supposed to be red?
12    A.    I'm not going to say supposed to be.
13    Q.    But they were?
14    A.    Yes.
15    Q.    Red?
16    A.    Uh-huh.
17    Q.    Why do you think that they were in red?
18    A.    No particular reason.
19    Q.    We're here for the case of Lyndel Toppin
20   and the particular property is at 146 South 62nd
21   Street.
22         Do you know what this case is about and
23   why you are here getting deposed today?
24    A.    Yes.
25    Q.    Can you tell us what your understanding

Page 11

1   of that is?
2    A.    That we continued after he filed for
3   bankruptcy.
4    Q.    Continued to -- continued what?
5    A.    I guess continued service on this
6   particular address after bankruptcy.
7    Q.    Were you one of the deputies in charge
8   of servicing this writ?
9    A.    Yes.
10    Q.    Mr. Lyndel Toppin's writ?
11    A.    Yes.
12    Q.    My question to you, Ms. Taylor -- if you
13   could, take a look at Exhibits PS-3 through 8.
14         These are the copies of all the notices
15   and there should be six of them.
16         Ms. Taylor, do you know what these
17   documents represent?
18    A.    Yes.
19    Q.    What are they?
20    A.    They are the initial notice to vacate
21   and then the eviction notice that gives the actual
22   eviction date.
23    Q.    Could you be specific and refer to them
24   by the numbers that they are identified as?
25    A.    One-by-one or --

Page 12

1    Q.    If you don't mind, yeah, one-by-one.
2    A.    PS-3 is the initial notice to vacate,
3   PS-4 is the initial notice to vacate, PS-5 is the
4   initial notice to vacate. Basically, it is a 21-day
5   notice.
6         Then, you have PS-6, which is the
7   actual eviction notice, attached with the writ.
8         PS-8 is an envelope with the annual
9   eviction notice with the date of the eviction and
10   then PS-7 is the final eviction notice with a copy of
11   the writ.
12    Q.    Okay, thank you.
13         Do you see the entry on all of them,
14   the sheriff's number?
15    A.    Yes.
16    Q.    That sheriff's number, do you know it to
17   be associated with Mr. Lyndel Toppin and the property
18   at 146 South 62nd Street?
19    A.    I'm not sure.
20    Q.    You testified that you were in charge of
21   servicing the Lyndel Toppin evictions and notices to
22   vacate, correct?
23    A.    Yes.
24         MS. HARPER:  Objection.
25         I don't think she testified to that.

3  (Pages 9 to 12)

Page 13

1    MR. FILIPOVIC: Counsel, I think she
2  did.
3    Do you want to see the record --
4    MS. HARPER: That's fine.
5    MR. FILIPOVIC: Court Reporter, could
6  you go back and read my question about were you the
7  deputy in charge of servicing the address?
8    (DESIGNATED QUESTION AND ANSWER WERE
9  READ)
10  BY MR. FILIPOVIC:
11    Q.   Do you know if that sheriff's number on
12  these several notices pertain to Mr. Toppin and that
13  particular property?
14    A.   Yes.
15    Q.   It does?
16    A.   Yes.
17    Q.   Did you personally serve these?
18    A.   Personally serve them, no.
19    I posted them.
20    Oh, right, I'm sorry.
21    You were the deputy that posted these
22  on the premises?
23    A.   Yes.
24    Q.   At 146 South 62nd Street?
25    A.   Yes.

Page 14

1    Q.   How many dates are we talking about
2  here, for you to have posted these?
3    A.   I would have only went out twice.
4    Once was for the initial notice and
5  once was for the final notice.
6    Q.   What about the letter?
7    A.   Every time we do a posting, you mail one
8  out, you post one to the door, and then you put one
9  in the mailbox.
10    So, essentially, each time, you give
11  three notices.
12    Q.   Three notices or three attempts to
13  notify, right, whatever you want to call it?
14    A.   Yes.
15    Q.   But there was three each time you went
16  out?
17    A.   Yes.
18    Q.   Now, let's go with PS-3.
19    Do you see the date that is in the
20  bottom corner there?
21    A.   Yes.
22    Q.   Does that sound accurate, that that was
23  the first time you went out?
24    A.   That doesn't look like my handwriting.
25    Q.   I didn't say it was your handwriting.

Page 15

1    Did I say it was your handwriting?
2    A.   You're asking me about a date.
3    MS. HARPER: Counsel, you're getting
4  argumentative with her.
5    I think it is unnecessary.
6    MR. FILIPOVIC: It is certainly not
7  necessary, but I'm just asking for an answer to my
8  question.
9    My question is -- I didn't even ask
10  that, but the date that you see on the earliest
11  notice, what is the date?
12    It's in the bottom left-hand corner.
13    THE WITNESS: It says May 18th, 2018.
14  BY MR. FILIPOVIC:
15    Q.   Does that sound correct to you as the
16  first date you went out?
17    A.   No.
18    Q.   No?
19    A.   No.
20    Q.   So you would have done -- whenever you
21  had gone out, you would have done it in a personal
22  vehicle?
23    A.   Yes.
24    Q.   Do you get reimbursed for mileage for
25  these trips?

Page 16

1    A.   Yes.
2    Q.   To get reimbursed for mileage, you
3  submit a log of times and dates when you traveled?
4    A.   It's not a log, it's the date and then
5  the mileage.
6    Q.   Uh-huh.
7    Is this in a document?
8    A.   Yes.
9    Q.   And you filled out a document of some
10  sort to get reimbursed?
11    A.   Yes.
12  (REQUEST)    MR. FILIPOVIC: Counsel, we're going to
13  be requesting that document because there is an issue
14  about, you know, she doesn't agree to that date and
15  we contend there is an issue.
16    MS. HARPER: I will ask a follow-up
17  question, but that's fine.
18  BY MR. FILIPOVIC:
19    Q.   Do you call them expense reports or how
20  do you refer to them?
21    A.   Mileage form.
22    MS. HARPER: You're going to ask for
23  that today, at this deposition?
24    MR. FILIPOVIC: Correct.
25    MS. HARPER: That's fine.

4  (Pages 13 to 16)

| Page 17 | Page 19 |
|---|---|
| 1 BY MR. FILIPOVIC: | 1 that particular posting such as the one that we see |
| 2 Q. So the mileage form would have notations | 2 in PS-11 that you just read from? |
| 3 of the times and dates that you went out. | 3 A. No. |
| 4 Does it have the address? | 4 Q. Are there any other times that you went |
| 5 A. No. | 5 to the property that you did not enter into the |
| 6 Q. What does it have? | 6 Jewell system? |
| 7 A. It has the date and how many miles I did | 7 A. No. |
| 8 for the day. | 8 Q. Now, the notice to vacate that you |
| 9 Q. Is there a sheriff's number or -- | 9 served or posted on the property on May 10th, can you |
| 10 A. No. | 10 find it or do you see it in front of you in any of |
| 11 Q. No? | 11 these documents? |
| 12 A. No. | 12 A. It would be one of these (indicating). |
| 13 Q. How do you -- just a date and how many | 13 Q. Well, can you tell me which one |
| 14 miles you did for the day? | 14 according to its number? |
| 15 A. Yes. | 15 The one you are holding up now, what is |
| 16 MS. HARPER: Do you still need that | 16 the number? |
| 17 document? | 17 A. PS-4. |
| 18 MR. FILIPOVIC: Yes. | 18 Q. PS-4? |
| 19 MS. HARPER: We'll see if it was | 19 A. Uh-huh. |
| 20 requested in discovery. | 20 Q. Thank you. |
| 21 MR. FILIPOVIC: We can argue about | 21 What about the eviction notice on the |
| 22 that. | 22 property that you served in June, do you see it in |
| 23 When would you say was the first time | 23 front of you there? |
| 24 you went out? | 24 A. Let me just clarify, because, going back |
| 25 THE WITNESS: I'm not sure. | 25 to the initial ones you asked me about, I can't tell |

| Page 18 | Page 20 |
|---|---|
| 1 BY MR. FILIPOVIC: | 1 you which one was posted, because these have two |
| 2 Q. Can we agree that you went out on | 2 different dates on it, but it would have been any one |
| 3 5-10-2018? | 3 of these that say notice to vacate (indicating). |
| 4 A. If that is what is in the log, then yes. | 4 Q. Right, okay. |
| 5 Q. Let's go to PS-11. | 5 A. And then, for the final posting, it |
| 6 The middle of the page, it has a date | 6 would have been any one of these -- well, not this |
| 7 of May 10th, 2018, correct? | 7 one, because that has an envelope, so that was mailed |
| 8 A. Yes. | 8 out (indicating). |
| 9 Q. There is a note there. | 9 Q. When you say this one -- |
| 10 Could you read it for the record? | 10 A. I'm sorry, PS-6 or PS-7. |
| 11 A. Deputy Jetaria Taylor, being duly sworn | 11 Q. It could be one of those? |
| 12 according to law, posted one true and attested copy | 12 A. It's either one of these, yes |
| 13 of the within writ of possession upon real estate | 13 (indicating). |
| 14 located at 146 South 62nd Street, Philadelphia, PA | 14 Q. It's either one of those that you |
| 15 19139, and the next one says 21-day notice posted. | 15 posted? |
| 16 Q. Did you enter this note? | 16 A. Yes. |
| 17 A. Yes. | 17 Q. Which one is not the one that was |
| 18 Q. It sounds like you went out earlier than | 18 posted? |
| 19 May 18th if this is dated May 10th. | 19 A. PS-8 was mailed out. |
| 20 A. Yes. | 20 Q. Okay, thank you. |
| 21 Q. What about, on June 1st, did you post an | 21 What is the date on PS-8? |
| 22 eviction notice on the property at 146 South 62nd | 22 A. Are you asking about the envelope? |
| 23 Street? | 23 Q. Yes. |
| 24 A. Yes. | 24 A. June 7th. |
| 25 Q. Did you enter a note in the system about | 25 Q. Did you report to Inspector Guess at |

| Page 29 | Page 31 |
|---|---|

**Page 29**

1  A.  Let me clarify.
2      According to the document I put into
3  the Jewell system, the one time I went out, it was
4  9:45 a.m.
5  Q.  You are talking about --
6  A.  PS-11.
7  Q.  You gathered that from time out, 9:45?
8  A.  Yes.
9  Q.  It says here, mileage, zero?
10  A.  We don't insert our mileage into the
11  computer.
12  Q.  I'm reading what it says here.
13  A.  Okay.
14  (REQUEST)  MR. FILIPOVIC:  In addition to the
15  mileage form, we would also like to request the
16  employee sign-in sheet between May 8th and June 25th
17  of 2018.
18      MS. HARPER:  Uh-huh.
19  BY MR. FILIPOVIC:
20  Q.  Have you ever seen Mr. Toppin?
21  A.  No.
22  Q.  What about anybody else at that home?
23  A.  No.
24  Q.  In your conversations with your
25  supervisors, did you ever discuss this case with your

**Page 30**

1  supervisors?
2      To be clear, I'm not talking about this
3  litigation now, I'm talking about the case of service
4  of this paperwork with your supervisors.
5  A.  No.
6  Q.  Did any one of them ever tell you that
7  the bankruptcy was filed?
8  A.  No.
9      Let me clarify.
10  I only got that information after we
11  were informed about the litigation, but, prior to
12  that, I didn't know about the bankruptcy.
13  Q.  When you say you only got the
14  information, what information did you get?
15  A.  In terms of a bankruptcy was filed.
16  Q.  If you refer to PS-10, this document, it
17  says Sheriff's Return of Service on it?
18  A.  Yes.
19  Q.  And, the gentleman here, Lieutenant
20  Thornton, I believe, testified that this is in the
21  Jewell system, and I will direct you to this entry of
22  May 9th, 2018.
23      Would this have been available to your
24  supervisor, the information that is on this document?
25  A.  We don't have access to this

**Page 31**

1  information.
2  Q.  You don't have access?
3  A.  No.
4  Q.  Who is we?
5  A.  Civil Enforcement Unit.
6  I'm not able to go into my system and
7  pull this up.
8  This isn't Civil Enforcement Unit
9  stuff.
10  This looks like real estate stuff.
11  Q.  But it's the Sheriff's Office of
12  Philadelphia County?
13  A.  We still don't -- I can't see into
14  somebody else's system.
15  Q.  Would it have been helpful for you to be
16  able to see that there was a bankruptcy filed?
17  A.  Typically, if it's a bankruptcy, we
18  receive the information.
19  Q.  But you didn't in this case?
20  A.  No.
21  Q.  Who do you receive it from?
22  A.  It depends.
23  Sometimes the defendant will fax over
24  something or they will bring us something.  If they
25  get something in another division, they'll give it to

**Page 32**

1  us.
2  Q.  Another division will give it to you?
3  A.  Yes.
4  Q.  And you didn't get anything from anybody
5  in this case?
6  A.  No.
7  Q.  At the time?
8  A.  No, and we would only get something from
9  another division if they knew it was an eviction.
10  This here looks like all sheriff's sale
11  stuff, which are two different things (indicating).
12  Q.  Do you know the bankruptcy law within
13  your own right?
14  Do you know what happens to the
15  effective bankruptcy?
16  It's the same question I asked
17  Lieutenant Thornton.
18  A.  If they file?
19  Q.  Yes.
20  A.  Yes.
21  Q.  What is it?
22  A.  We are to stop all action unless there
23  is a bar order.
24  Q.  All action?
25  A.  Yes.

8  (Pages 29 to 32)

| Page 33 | Page 35 |
|---|---|

**Page 33**

1    Q.   All action, to you, does that mean
2  eviction?
3    A.   Yes.
4    Q.   Posting notices of vacate, does that
5  fall within all action?
6    A.   Yes.
7    Q.   Executing, garnishing writs, is that all
8  action?
9    A.   Yes.
10    MR. FILIPOVIC:  Ma'am, I don't think I
11  have any other questions for you.
12    Thank you, Deputy Taylor.
13  (EXAMINATION OF DEPUTY TAYLOR BY MS. HARPER:)
14    Q.   Deputy Taylor, if you could, just look
15  at what is marked PS-8.
16    Do you have that in front of you?
17    A.   Yes.
18    Q.   You were asked a question about the date
19  that appears on the envelope.
20    Do you see that?
21    A.   Yes.
22    Q.   Is that your handwriting, the date that
23  says 6-7-18?
24    A.   No.
25    Q.   Do you know who wrote that?

**Page 34**

1    A.   No.
2    MS. HARPER:  I don't think I have
3  anything else.
4  (EXAMINATION OF DEPUTY TAYLOR BY MR. DOMER:)
5    Q.   You were asked about this.
6    Correct me if I'm wrong, PS-11, you
7  said that you wrote in the notes?
8    A.   Yes.
9    Q.   Did you write in all the notes on there?
10    A.   No.
11    Q.   What notes did you write?
12    A.   Well, technically, I only wrote -- I
13  didn't really have to write anything.
14    So, this is already pre-done, so this
15  is --
16    Q.   Can you talk in words, so the court
17  reporter can take it down?
18    A.   Deputy Jetaria Taylor, being duly sworn
19  according to law, that whole sentence is already
20  pre-recorded in the system, I guess, so the only
21  thing I have to do is put my name into the drop-down
22  box, and, once I put in my name, it goes to the sign
23  field, and then, as far as the possession date, when
24  I entered the 21-day notice on May 10th, we didn't
25  have a possession date at that time, so that spot was

**Page 35**

1  blank, and then this information about cancelled per
2  defendant filed bankruptcy, that information wasn't
3  in the system, either.
4    Q.   When you put this note?
5    A.   On May 10th, yes, neither one of those
6  were in there.
7    Q.   Is it your statement that you didn't put
8  that in there?
9    A.   Yes.
10    Q.   Do you know who did?
11    A.   I'm not sure.
12    As far as the possession dates,
13  typically a supervisor would do that, and, if
14  somebody received a bankruptcy, they would put the
15  information in, but this was after the May 10th date
16  and I don't know what date that is.
17    MR. DOMER:  I don't have anything else.
18  (EXAMINATION OF DEPUTY TAYLOR BY MS. HARPER:)
19    Q.   We talked about two instances where you
20  went to the property at 146 South 62nd Street.
21    One of them was June 1st to post the
22  eviction notice, correct?
23    A.   Yes.
24    Q.   That date is not reflected on this
25  record that is marked PS-11, is that correct?

**Page 36**

1    A.   Yes.
2    Q.   Did you have any other records that you
3  kept with respect to that activity?
4    A.   Yes.
5    Q.   What other records did you keep?
6    A.   I would use a form that we have to fill
7  out and you have to put down the first time you go
8  out and the second time you go out.
9    You list the dates and the times.
10    Q.   I know you haven't seen it in front of
11  you here today, but do you believe you did fill out
12  that form?
13    A.   Yes.
14    Q.   Any other means by which you personally
15  keep a record of times you go to a property?
16    A.   Yes.
17    I keep a record in my phone.
18    MS. HARPER:  I have nothing further.
19  (EXAMINATION OF DEPUTY TAYLOR BY MR. FILIPOVIC:)
20    Q.   Just limited questions based only on
21  what was now discussed.
22    You keep it in your personal phone
23  or --
24    A.   My personal phone.
25    Q.   As far as PS-11, did you review both --

9  (Pages 33 to 36)

Page 37

```
 1   you testified that there was some information here
 2   such as your name and being duly sworn according to
 3   law.
 4            That was pre-typed when you went
 5   inside?
 6        A.   Uh-huh.
 7        Q.   And you only entered the remainder, up
 8   to 21, where it is posted?
 9        A.   Yes.
10            I noted 21, they noted posted.
11        Q.   Thanks.
12            Do you review the entire entry, both
13   the one that you printed and what was preprinted
14   before you entered it?
15            Do you read it?
16        A.   Maybe I explained it wrong.
17            If you look, it says category, and it
18   says posted --
19        Q.   Ma'am, if you could just answer the
20   question.
21            I understand what you are trying to
22   say.
23            We'll get through this quicker if you
24   answer my questions.
25            Did you read the entire entry, the
```

Page 38

```
 1   portion that was preprinted and the portion you put
 2   in, prior to clicking approve or enter?
 3        A.   Yes.
 4        Q.   That's all.
 5            Your testimony is that somebody else
 6   wrote in the possession date, 6-25-18?
 7        A.   Yes.
 8        Q.   And your testimony is that somebody else
 9   wrote in cancelled per defendant filed bankruptcy?
10        A.   Yes.
11        Q.   Would the Jewell system be able to
12   identify who that person is by sign-in credentials,
13   let's say?
14        A.   No.
15        Q.   Does anybody outside of the Philadelphia
16   Sheriff's Office have access to this system?
17        A.   Outside the sheriff's office?
18        Q.   Yes.
19        A.   Not to my knowledge.
20            MR. FILIPOVIC:  Thanks.
21            No further questions.
22            (WITNESS EXCUSED)
23            (DEPOSITION CONCLUDED AT 2:21 P.M.)
24
25
```

Page 39

```
 1            C E R T I F I C A T E
 2
 3
 4        I, Lori A. Porto, a Notary Public and Certified
 5   Court Reporter do hereby certify that the foregoing
 6   is a true and accurate transcript of the testimony as
 7   taken stenographically by and before me at the time,
 8   place, and on the date hereinbefore set forth, to the
 9   best of my ability.
10        I do further certify that I am neither a
11   relative nor employee nor attorney nor counsel of any
12   of the parties to this action, and that I am neither
13   a relative nor employee of such attorney or counsel,
14   and that I am not financially interested in the
15   action.
16
17
18
19
20
21
22
23
            _____
            Lori A. Porto, CCR
24          Notary Public, State of New Jersey
            Certificate No. XI01577
25
```

10  (Pages 37 to 39)

HASSAN
vs.
UNKOWN OCCUPANTS

**Case Number**
180103400
(231566)

# SERVICE EVENT REPORT
## ( Posted )

### Service Details:

| | | | |
|---|---|---|---|
| *Category:* | Writ of Possession - Common Pleas - Possession | *Expires:* | 08/07/2018 |
| *Manner:* | < Not Specified > | *Warrant:* | |

*Notes:* MAIN DESK CLERK: LIONEL COOK

### Serve To:

| | | | |
|---|---|---|---|
| *Name:* | UNKOWN OCCUPANTS | *Mobile:* | |
| *Primary Address:* | 146 S. 62ND ST PHILADELPHIA, PA 19139 | *Notes:* | |
| *Phone:* | | | |

### Service Event Details:

| | | |
|---|---|---|
| *Date:* | 05/10/2018 | *Category:* Posted |

*Notes:* DEPUTY JETARIA TAYLOR, BEING DULY SWORN ACCORDING TO LAW, POSTED ONE TRUE AND ATTESTED COPY OF THE WITHIN WRIT OF POSSESSION UPON REAL ESTATE LOCATED AT 146 S. 62ND ST, PHILADELPHIA, PA 19139. 21 DAY NOTICE POSTED

POSSESSION DATE 6/25/18 @9AM

CANCELED PER DEFT FILED BANKRUPTCY

### Delivery Details:

| | | | | | |
|---|---|---|---|---|---|
| *Time In:* | | *Time Out:* | 9:45 AM | *Deputy 1:* | Jetaria Taylor |
| *Mileage:* | 0 | | | *Deputy 2:* | |
| *Accepted:* | | | | | |
| *Notes:* | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| *Entered By:* | Joshua Wigfall | *Print Date:* | 02/21/2019 | *Print Time:* | 10:16 AM |

United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 18-13098-mdc
Lyndel Toppin                                                         Chapter 13
            Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: dlv          Page 1 of 1          Date Rcvd: May 29, 2018
                             Form ID: 309I       Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 31, 2018.
```
db            +Lyndel Toppin,    146 S. 62nd Street,    Philadelphia, PA 19139-2928
14104029      +Abdeldayem Hassan,    309 Barker Avenue,    Lansdowne, PA 19050-1215
14104033      +City of Philadelphia,    Lockbox # 1087,    PO BOX 8500,   Philadelphia, PA 19178-8500
14104035      +FIRST FEDERAL CREDIT & COLLECTIONS,    24700 CHAGRIN BLVD,   SUITE 205,
               CLEVELAND, OH 44122-5662
14104036      +FIRST FEDERAL CREDIT & COLLECTIONS,    24700 CHAGRIN BLVD STE 2,   CLEVELAND, OH 44122-5662
14104037      +GRB Law,    1425 Spruce Street,    Suite 100,    Philadelphia, PA 19102-4578
14104038       Philadelphia Court of Common Pleas,    Philadelphia City Hall,   Philadelphia, PA 19107
14104039      +Philadelphia Department of Revenue,    1401 John K. Kennedy Blvd.,   Concourse Level,
               Philadelphia, PA 19102-1613
14104041      +Philadelphia Sheriff's Office,    100 S. Broad Street,    5th Floor,
               Philadelphia, PA 19110-1023

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty            E-mail/Text: bestcasestephen@gmail.com May 30 2018 02:05:47     STEPHEN MATTHEW DUNNE,
               Dunne Law Offices, P.C.,    1515 Market Street,    Suite 1200,   Philadelphia, PA 19102,
               U.S.A.
tr            +E-mail/Text: bncnotice@ph13trustee.com May 30 2018 02:06:51     WILLIAM C. MILLER, Esq.,
               Chapter 13 Trustee,    P.O. Box 1229,    Philadelphia, PA 19105-1229
smg            E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 30 2018 02:06:09
               Pennsylvania Department of Revenue,    Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 30 2018 02:06:23     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
ust           +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov May 30 2018 02:06:15     United States Trustee,
               Office of the U.S. Trustee,    833 Chestnut Street,   Suite 500,   Philadelphia, PA 19107-4405
14104031       EDI: CAPITALONE.COM May 30 2018 06:03:00     CAPITAL ONE,   15000 CAPITAL ONE DR,
               RICHMOND, VA 23238
14104030      +EDI: CAPITALONE.COM May 30 2018 06:03:00     CAPITAL ONE,    ATTN: BANKRUPTCY,   PO BOX 30285,
               SALT LAKE CITY, UT 84130-0285
14104032       E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
               1515 Arch Street,    Law Department, 15th Floor,   Philadelphia, PA 19102
14104034       E-mail/Text: bankruptcy@phila.gov May 30 2018 02:06:35     City of Philadelphia,
               Attn: James Zwolak,    1401 JFK Blvd., 5th Floor,   Philadelphia, PA 19102
                                                                                         TOTAL: 10


              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14104040*     +Philadelphia Department of Revenue,    1401 John K. Kennedy Blvd.,   Concourse Level,
               Philadelphia, PA 19102-1613
                                                                            TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 31, 2018                         Signature:   /s/Joseph Speetjens


# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 21, 2018 at the address(es) listed below:
```
              STEPHEN MATTHEW DUNNE    on behalf of Debtor Lyndel  Toppin bestcasestephen@gmail.com,
              dunnesr74587@notify.bestcase.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                              TOTAL: 3
```

**Information to identify the case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Lyndel Toppin** | | | Social Security number or ITIN  **xxx–xx–2550** |
| | First Name | Middle Name | Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | Social Security number or ITIN  _ _ _ _ |
| | | | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | | | Date case filed for chapter  **13    5/8/18** |
| Case number:  **18–13098–mdc** | | | | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

**\*\*Debtor's Photo ID &Social Security Card Must Be Presented at 341 Hearing\*\***                    12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Lyndel Toppin | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 146 S. 62nd Street Philadelphia, PA 19145 | |
| 4. | **Debtor's attorney** Name and address | STEPHEN MATTHEW DUNNE Dunne Law Offices, P.C. 1515 Market Street Suite 1200 Philadelphia, PA 19102 U.S.A. | Contact phone 215–551–7109 Email:  bestcasestephen@gmail.com |
| 5. | **Bankruptcy trustee** Name and address | WILLIAM C. MILLER, Esq. Chapter 13 Trustee P.O. Box 1229 Philadelphia, PA 19105 | Contact phone 215–627–1377 Email:  ecfemails@ph13trustee.com |
| 6. | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.gov. | 900 Market Street Suite 400 Philadelphia, PA 19107 | Hours open: Philadelphia Office –– 8:30 A.M. to 5:00 P.M Reading Office –– 8:00 A.M. to 4:30 P.M. Contact phone (215)408–2800 Date: 5/29/18 |

**For more information, see page 2**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **July 11, 2018 at 1:30 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>Suite 18–341, 1234 Market Street, Philadelphia, PA 19107 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** | **Filing deadline: 9/9/18** |
| | **You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br><br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 7/17/18** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 11/4/18** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. This plan proposes payment to the trustee of 200.00 per month for 60 months. The plan or a summary of the plan is enclosed. The hearing on confirmation will be held on:<br>8/2/18 at 9:30 AM , Location: **Courtroom #2, 900 Market Street, Philadelphia, PA 19107** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |

# FAX COVER SHEET

| TO | Sheriff'sOffice |
| COMPANY | Sheriff'sOffice |
| FAX NUMBER | 12156863555 |
| FROM | Stephen Dunne |
| DATE | 2018-06-07 20:01:07 GMT |
| RE | Notice of Bankruptcy Case Filing - 146 S. 62nd Street, Phila, |
| PA 19145 | |

## COVER MESSAGE

Please be advised that Lyndel Toppin filed a Chapter 13 bankruptcy case on 05/08/2018.

Name: Lyndel Toppin

Address: 146 S. 62nd Street, Philadelphia, PA 19145

231566

United States Bankruptcy Court
Eastern District of Pennsylvania

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s)
listed below was filed under Chapter 13 of the
United States Bankruptcy Code, entered on
05/08/2018 at 6:04 PM and filed on 05/08/2018.

**Lyndel Toppin**
146 S. 62nd Street
Philadelphia, PA 19145
SSN / ITIN: xxx-xx-2550



The case was filed by the debtor's attorney:

**STEPHEN MATTHEW DUNNE**
Dunne Law Offices, P.C.
1515 Market Street
Suite 1200
Philadelphia, PA 19102
U.S.A.
215-551-7109

The case was assigned case number 18-13098-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market
Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Timothy B McGrath**

file:///S:/ECF/Toppin,%20Lyndel/Filed%7BEmergency%7D/Ecf%20NoticeOfFiling%2020...    5/8/2018

June 25

| | | | | |
|---|---|---|---|---|
| 230615 12:00pm | Metropolitian Contracting LLC 223-225 Market St. | France Bowens 215-237-2633 | 228267 12:00pm | |
| 231936 9AM | ANNYAH McCORB 5367 MORRIS ST | KML 215825 6454 | 231609 9AM | |
| 231900 9:00 | FATMATA BANGURA 6709 WOOLSTON | Cancelled KRISTA LITTLE 610 278 6800 | 231583 9AM | |
| 231566 9AM | UNKNOWN OCCUPANTS 146 S 62ND Bankruptcy filed | JASAN 484 557 1737 | 231777 9AM | |
| 231718 9AM | DAWN CYRUS (PD) 2443 So EDGEWOOD | (VM) Tyshaan Hargrove 215 791 5751 | 232064 Lockout 10 | |
| 231897 Lockout 10AM | TARA KENNEDY 3645 N 19th | SUNIL NUNET 973 953 7345 *973 986 9282 | 231904 Lockout 10 | |
| | | | 228587 10:00 | |

HASSAN
vs.
UNKOWN OCCUPANTS

**Case Number**
180103400
(231566)

# SERVICE EVENT REPORT
## ( Other )

### Service Details:

| | | | |
|---|---|---|---|
| *Category:* | Writ of Possession - Common Pleas - Possession | *Expires:* | 08/07/2018 |
| *Manner:* | < Not Specified > | *Warrant:* | |
| *Notes:* | MAIN DESK CLERK: LIONEL COOK | | |

### Serve To:

| | | | |
|---|---|---|---|
| *Name:* | UNKOWN OCCUPANTS | *Mobile:* | |
| *Primary Address:* | 146 S. 62ND ST<br>PHILADELPHIA, PA 19139 | *Notes:* | |
| *Phone:* | | | |

### Service Event Details:

| | | | |
|---|---|---|---|
| *Date:* | 06/25/2018 | *Category:* | Other |

*Notes:* **letter from bankruptcy court sent to the office. Defendant claims eviction proceedings continued after notifying the sheriff's office that bankruptcy was filed. Inspector Guess received bankruptcy fax on June 6th 2018. Bankruptcy notice was logged in possession book and on Jewell system. No other eviction actions were taken by the civil enforcement unit as of that date.**
**Letter and supporting documents are being forwarded to undersheriff vignola.**

**Inspector Guess**

### Delivery Details:

| | | | |
|---|---|---|---|
| *Time In:* | | *Time Out:* | | *Deputy 1:* | Monte Guess |
| *Mileage:* | 0 | | *Deputy 2:* | |
| *Accepted:* | | | | |
| *Notes:* | | | | |

| | | | | | |
|---|---|---|---|---|---|
| *Entered By:* | Monte Guess | *Print Date:* | 02/21/2019 | *Print Time:* | 10:15 AM |